TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

**04-3789**

Ann Mitchell ........................, Plaintiff(s)

v.

Hallmark Health Systems/Lawrence Memorial Hospital
Julie Chase Shaughnessy, Defendant(s)

A TRUE COPY ATTEST

_[signature]_
DEPUTY SHERIFF
Middlesex County

10/1/04
DATE OF SERVICE

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...Alice Whitehill Wiseberg, Esq............

.................................... plaintiff's attorney, whose address is 65A Atlantic Avenue, Boston, MA 02110................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at **Middlesex Superior Court 40 Thorndike St., Cambridge, MA 02141** either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at Cambridge, Massachusetts...............................
the ..........28th.......... day of ..........September..........
................., in the year of our Lord ....2004............................

_[signature]_
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Middlesex | Docket Number 04-3788 |
|---|---|---|

PLAINTIFF(S) Ann Mitchell

DEFENDANT(S) Hallmark Health Systems/Memorial, Lawrence Memorial Hospital

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Alice Whitehill Wiseberg 781 662 4298
15 Atlantic Ave, Boston 02110
Board of Bar Overseers number: 568027

ATTORNEY (if known) Julie Chase Shaughn, Stoneman Chandler + Miller LLP
99 High St Boston 02110  617 542 6

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint.
[ ] 2. F02 Removal to Sup.Ct. c.231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment/FMLA | ( ) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................. $ ?
2. Total Doctor expenses ............................................................. $ ?
3. Total chiropractic expenses ...................................................... $
4. Total physical therapy expenses ................................................ $
5. Total other expenses (describe) Emotional Distress ................... $ ?
   Subtotal $
B. Documented lost wages and compensation to date ................ $100,000+
C. Documented property damages to date ................................... $ ?
D. Reasonably anticipated future medical and hospital expenses ... $ ?
E. Reasonably anticipated lost wages .......................................... $ ?
F. Other documented items of damages (describe)
   $ ?
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Extensive Emotional Distress, Tachycardia, Severe anxiety + depression

estimate TOTAL $500,000
Still accruing

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):
Breach of Covenant of Good Faith + Fair Dealing    TOTAL  $ ?

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____[signature]_____  DATE: 7/27/04

A.O.S.C. 2003

[Filed stamp: FILED IN THE OFFICE OF THE CLERK OF COURTS FOR THE COUNTY OF MIDDLESEX SEP 27 2004]

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT DEPT.
                                                    DOCKET NO. 04-3788

```
*****************************
ANN MITCHELL,                *
     Plaintiff              *
                             *
v.                           *
                             *
HALLMARK HEALTH SYSTEMS/     *
LAWRENCE MEMORIAL HOSPITAL   *
JULIE CHASE SHAUGHNESSY      *
     Defendants             *
*****************************
```

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for damages and equitable relief for age discrimination, disability discrimination, violation of the Family Medical Leave Act, infliction of emotional distress, and other unlawful conduct.

### PARTIES

2. The Plaintiff, Ann Mitchell ("Ms. Mitchell"), is a 62 year old female residing in Middlesex County, Massachusetts.

3. Defendant Hallmark Health Systems -- Lawrence Memorial Hospital is and was at all times relevant hereto a corporation with a principal place of business in Melrose (Hallmark Health Systems) and Medford (Lawrence Memorial Hospital), Middlesex County, Massachusetts.

4. Defendant Julie Chase Shaughnessy ("Defendant Chase"), upon information and belief, is 33 years old and resides in Middlesex County, Massachusetts. At all times relevant hereto, Defendant Chase was an employee of Defendant Hallmark Health Systems/Lawrence Memorial Hospital.

### FACTS

5. Ms. Mitchell, who is currently 62 years old (d.o.b. 3/23/42), began working in the Department of Radiology at Lawrence Memorial Hospital in 1959 at the age of 17.

6. In 1971 Ms. Mitchell became a permanent full-time employee of Defendant Lawrence Memorial Hospital working as a Radiological Technologist.

7. Beginning in 2001, a series of serious health conditions rendered Ms. Mitchell unable to work at various points in time without reasonable accommodation.

8. Prior to 2001 Ms. Mitchell was described as an "excellent technologist," who was "excellent with patients."

9. Ms. Mitchell's annual reviews repeatedly found that she "exceeds standards" in most categories.

10. Her 2000 Annual Review found that Ms. Mitchell "exceeds standard" in 3 of 5 areas of technical competence and "meets standard" in the remaining two areas of technical competence:

11. In her 2000 annual review Ms. Mitchell was found to be "a very competent and dependable employee for many years."

12. Ms. Mitchell's Overall Performance/Competency Rating in her May 2001 Annual Review was "Exceeds standard."

13. Prior to being stricken by illness in September 2001, Ms. Mitchell's attendance record was excellent.

14. As a result of her outstanding attendance, Ms. Mitchell was eligible for the Personal Leave Program, granted to employees with outstanding attendance records.

15. Between September 2001 and June 2003, a series of serious health conditions necessitated Ms. Mitchell take medical leave at various points for varying amount of time.

16. Ms. Mitchell provided Defendant Lawrence Memorial Hospital with medical documentation of her need for her medical leaves.

17. Defendants took adverse employment actions against Ms. Mitchell because of her need to take medical leave, including but not limited to claiming that her work quality was poor.

18. During a medical leave in 2002, although Defendant Lawrence Memorial Hospital classified Ms. Mitchell's medical leave as intermittent leave pursuant to the FMLA, it failed to pay Ms. Mitchell for this leave even though Ms. Mitchell had more than sufficient hours in her EIB (extended illness bank) to allow her to be paid during the medical leave.

19. After Ms. Mitchell returned to full-time work from intermittent leave in 2002, Defendant Chase gave Ms. Mitchell "verbal notice," which was written up, accusing her of taking "an excessive amount of unscheduled PTO" (paid time off) in 2002 and 2001.

20. Ms. Mitchell contacted Human Resources regarding Defendants' discriminatory and retaliatory actions.

21. A Human Resources representative informed Defendant Chase that Ms. Mitchell's illnesses were "connected and legitimate" and that she "has been dependable with good attendance and therefore has a ton of EIB (Extended Illness Bank)."

22. Despite having been informed that Ms. Mitchell's absences were "connected and legitimate," Defendants continued to take punitive and retaliatory action against Ms. Mitchell for taking medical leave.

23. In 2003, Defendant Chase sent an e-mail to Human Resources stating that she had to get "rid of" Ms. Mitchell due to her "excessive absenteeism."

24. Ms. Morganto told Ms. Mitchell she should retire.

25. In or about late May or early June 2003, without Ms. Mitchell's or Ms. Mitchell's doctor's authorization, Defendant Chase changed the return date on Ms. Mitchell's FMLA leave forms from 6/2/03 to 6/1/03, despite Ms. Mitchell having informed Defendant Chase that her doctor had not authorized her to return to work until June 2, 2003.

26. On June 3, 2003, the day after Ms. Mitchell returned from Medical/FMLA leave, Defendant Chase completed a "Notice of Discussion and Corrective Action Report" (hereinafter "the Notice") in which she accused Ms. Mitchell of poor work quality and poor attendance.

27. In the Notice, Defendant Chase informed Ms. Mitchell that if her "attendance and quality of work does not improve, suspension will occur."

28. Defendant Chase left the Notice on a chair in the staff lounge.

29. Other employees found the Notice and read it.

30. Ms. Mitchell was extremely humiliated and distraught that the Notice, accusing her of poor work quality and excessive absenteeism, and threatening her with suspension, was left in the staff lounge where others could and did read it.

31. Defendants' harassment of Ms. Mitchell continued unabated, including but not limited to nearly daily e-mails criticizing Ms. Mitchell's work and falsely accusing her of things she did not do.

32. Defendants did not treat younger and or healthier employees as harshly as they did Ms. Mitchell.

33. On July 3, 204 Defendant Chase accused Ms. Mitchell of taking a break when a patient was waiting and again threatened her with suspension for allegedly ongoing poor work quality.

34. Ms. Mitchell was extremely distraught by Defendants' unrelenting harassment and discriminatory treatment.

35. As a result of the severe negative physical and emotional effects Defendants' harassment and discriminatory treatment was having on her health, including but not limited to tachycardia, anxiety, and depression, on Monday, July 7, 2003, Ms. Mitchell informed Defendant Lawrence Memorial Hospital that she could not return to the work.

36. The Employee Activity Form dated July 10, 2003 confirms that Ms. Mitchell left work due to "stress from supervisor."

37. Defendant Lawrence Memorial Hospital's failure to exercise reasonable care to prevent and promptly correct the harassment and discrimination, Defendant Lawrence Memorial Hospital constructively discharged Ms. Mitchell from her position.

38. The Hallmark Health Action Form, dated August 1, 2003, confirms that Ms. Mitchell was a "terminated employee."

## COUNT I
## FAMILY MEDICAL LEAVE ACT – 29 U.S.C. § 2601 et seq.

40. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

41. Since 2001 Ms. Mitchell has suffered from serious health conditions.

42. These health conditions required that Ms. Mitchell take leave pursuant to the FMLA.

43. Ms. Mitchell notified Defendant of her need for medical leave.

44. Ms. Mitchell provided Defendants with documentation of her need for medical leave.

45. Defendants failed to designate some of Ms. Mitchell's leave as FMLA leave within the time required under the statute.

46. Defendants failed to pay Ms. Mitchell for some of her leave despite Ms. Mitchell having more than enough hours in her Extended Illness Bank.

47. Defendants interfered with, restrained, or denied Ms. Mitchell's exercise of or attempt to exercise rights provided for under the FMLA.

48. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under the FMLA.

49. Defendants discriminated against Ms. Mitchell for opposing their unlawful practices.

50. Defendants' actions were willful, in that Defendants either knew or showed reckless disregard for the matter of whether its/her conduct was prohibited by the FMLA.

45. As a direct and proximate result of Defendants' actions, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT II
## DISABILITY DISCRIMINATION -- MASS. GEN. LAWS CH. 151B, § 4

46. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

51. Plaintiff has met the administrative prerequisites of Mass. Gen. Laws ch. 151B.

52. Plaintiff Ann Mitchell was disabled or was perceived by Defendants as being disabled.

53. Despite her actual or perceived disability, Ms. Mitchell was able to perform the essential functions of the job.

54. Defendants failed to reasonably accommodate Plaintiff Ann Mitchell's actual or perceived disability.

55. Defendants discriminated against Plaintiff Ann Mitchell based upon her actual or perceived disability.

56. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under G.L. c. 151B.

57. Defendants discharged Ms. Mitchell because of her actual or perceived disability.

58. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT III
## AGE DISCRIMINATION -- MASS. GEN. L. CH. 151B § 4

59. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

60. Ms. Mitchell, who is 62 years old, was the oldest radiology technician employed by Defendant Hallmark Health Systems.

61. Due to her age and length of service, Ms. Mitchell was at the top of the applicable pay scale.

62. Defendants treated younger employees more favorably than they did Ms. Mitchell.

63. Defendants made job related decisions about Ms. Mitchell on the basis of inaccurate and stigmatizing stereotypes related to age.

64. Defendants discriminated against Ms. Mitchell and forced her from her job due to her age.

65. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for by law.

66. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IV
## RETALIATION -- MASS. GEN. LAWS CH. 151B, § 4(4)

56. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

57. Plaintiff Ann Mitchell reasonably and in good faith believed that Defendants engaged in discriminatory conduct.

58. Plaintiff Ann Mitchell notified Defendants of the discriminatory conduct by opposing the conduct and by complaining about the ongoing discriminatory and retaliatory conduct forbidden under G.L. c. 151B.

59. Defendants retaliated against Ms. Mitchell for her attempts to secure her rights guaranteed by law.

60. As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT V
## INTERFERENCE WITH PROTECTED RIGHTS-MASS. GEN. LAWS CH. 151B, § 4(4A)

61. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

62. Defendants coerced, intimidated, threatened or interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by Mass. Gen. Laws ch. 151B.

63. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VI
## CIVIL RIGHTS ACT -- MASS. GEN. LAWS CH. 12, §§ 11H, 11I

64. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

65. Defendants interfered and or attempted to interfere by threats, intimidation and or coercion with Plaintiff Ann Mitchell's exercise or enjoyment of rights granted or protected by the constitution or laws of the United States and or Commonwealth of Massachusetts.

66. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VII
## MASSACHUSETTS EQUAL RIGHTS ACT -- MASS. GEN. LAWS CH. 93, § 102-103

71. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

72. By their actions or inaction, Defendants interfered with Plaintiff's right to full and equal benefit of all laws and proceedings for the security of persons and property.

73. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VIII
## BREACH OF CONTRACT

74. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

75. Defendants owed Plaintiff a duty of good faith and fair dealing.

76. In its conduct towards Plaintiff, Defendants breached the Covenant of Good Faith and Fair Dealing.

77. As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IX
### INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

77. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

78. Plaintiff had an advantageous business relationship with Defendant Hallmark Health/Lawrence Memorial Hospital through the course of her employment, of which Defendant Chase was aware.

79. Defendant Chase, with improper motive and or through the use of improper means, intentionally interfered with Plaintiff's employment making it impossible for her to continue to perform the requirements of her job and thereby forcing her resignation.

80. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

79. Defendant Chase acted in an extreme or outrageous manner.

80. By her conduct, Defendant Chase intended to cause Ms. Mitchell emotional distress or knew or should have know that emotional distress was likely to occur.

81. Defendant Chase's conduct directly caused Plaintiff to suffer emotional distress so severe and of a nature that no reasonable person could be expected to endure.

82. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

84. Defendants acted negligently in failing to provide Plaintiff with a workplace free of unlawful discrimination and harassment.

85. Defendants' negligence caused Plaintiff's emotional distress.

86. The emotional distress caused Plaintiff to suffer physical harm or injury.

87. Plaintiff's emotional distress was foreseeable.

88. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## PRAYERS OF RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

1. Find Defendants liable on all counts and enter judgment against Defendants in favor of Plaintiff in an amount determined at trial;

2. Order the award of punitive damages to Plaintiff in the amount to be determined at trial;

3. Order the award of attorneys' fees and costs to Plaintiff;

4. Order the award of interest to Plaintiff on any judgment entered from the time of filing of this Complaint;

5. Grant such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

September 26, 2004

Respectfully submitted,
ANN MITCHELL
By Her Attorney,

Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027