UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 22  P 1: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANN MITCHELL,                                     )
                                                  )
            Plaintiff,                            )
                                                  )
v.                                                ) Civil Action No. 04-cv-12169-REK
                                                  )
HALLMARK HEALTH SYSTEM, INC./                     )
LAWRENCE MEMORIAL HOSPITAL                        )
and JULIE CHASE SHAUGHNESSY,                      )
                                                  )
            Defendants.                           )
                                                  )

## ANSWER

The Defendants, Hallmark Health System, Inc./Lawrence Memorial Hospital and Julie

Chase Shaughnessy, hereby answer the correspondingly titled sections and numbered

paragraphs[1] of the Complaint as follows:

### Introduction

1.      The allegations of paragraph 1 are introductory and/or state conclusions of law to

which no response are required.  To the extent that a response are required, the Defendants deny

the allegations of paragraph 1.

### Parties

2.      The Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations of paragraph 2 and leave the Plaintiff to her proof in this regard.

3.      The Defendants admit the allegations paragraph 3.  Further answering the

---

[1]Because the Complaint's paragraph numbering is riddled with errors (i.e., skipping numbers and repeating numbers throughout), the Defendants, for ease of reference, will respond to the Complaint's allegations seriatim, using the paragraph numbers designated by the Plaintiff, incorrect though they may be.

Defendants state that Hallmark Health System, Inc. is the Plaintiff's employer.

4.      The Defendants deny the allegations of paragraph 4.

Facts

5.      The Defendants admit the allegations of paragraph 5.

6.      The Defendants admit that the Plaintiff was a full-time employee and deny the remaining allegations of paragraph 6.

7.      The Defendants deny the allegations of paragraph 7.

8.      The annual reviews referenced in paragraph 8 are documents that speak for themselves and are their own best evidence of their content and import.  As such, the Defendants deny the allegations of paragraph 8.

9.      The annual reviews referenced in paragraph 9 are documents that speak for themselves and are their own best evidence of their content and import.  As such, the Defendants deny the allegations of paragraph 9.

10.     The annual review referenced in paragraph 10 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 10.

11.     The annual review referenced in paragraph 11 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 11.

12.     The annual review referenced in paragraph 12 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 12.

13.     The Defendants deny the allegations of paragraph 13.

14.     The Defendants deny the allegations of paragraph 14.

15.     The Defendants deny the allegations of paragraph 15.

16.     The Defendants deny the allegations of paragraph 16.

17.     The Defendants deny the allegations of paragraph 17.

18.     The Defendants deny the allegations of paragraph 18.

19.     The notice referenced in paragraph 19 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 19.

20.     The Defendants deny the allegations of paragraph 20.

21.     The communication referenced in paragraph 21 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 21.

22.     The Defendants deny the allegations of paragraph 22.

23.     The email referenced in paragraph 23 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 23.

24.     The Defendants deny the allegations of paragraph 24.

25.     The Defendants deny the allegations of paragraph 25.

26.     The notice referenced in paragraph 26 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of paragraph 26.

27.     The notice referenced in paragraph 27 is a document that speaks for itself and is its own best evidence of its content and import.  As such, the Defendants deny the allegations of

paragraph 27.

28.    The Defendants deny the allegations of paragraph 28.

29.    The Defendants deny the allegations of paragraph 29.

30.    The Defendants deny the allegations of paragraph 30.

31.    The Defendants deny the allegations of paragraph 31. Further answering the Defendants state that the emails referenced in paragraph 31 are documents that speak for themselves and are their own best evidence of their content and import.

32.    The Defendants deny the allegations of paragraph 32.

33.    The Defendants deny the allegations of paragraph 33.

34.    The Defendants deny the allegations of paragraph 34.

35.    The Defendants admit that the Plaintiff quit her employment with Lawrence Memorial Hospital on or about July 7, 2003. The Plaintiffs deny the remaining allegations of paragraph 35.

36.    The notice referenced in paragraph 36 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 36.

37.    The Defendants deny the allegations of paragraph 37.

38.    The form referenced in paragraph 38 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 38.

## COUNT I
Family and Medical Leave Act – 29 U.S.C. § 2601 et seq.

40.[sic] The Defendants incorporate and adopt as a response to paragraph 40 their

responses to the preceding paragraphs realleged herein.

41.     The Defendants deny the allegations of paragraph 41.

42.     The Defendants deny the allegations of paragraph 42.

43.     The Defendants deny the allegations of paragraph 43.

44.     The Defendants deny the allegations of paragraph 44.

45.     The Defendants deny the allegations of paragraph 45.

46.     The Defendants deny the allegations of paragraph 46.

47.     The Defendants deny the allegations of paragraph 47.

48.     The Defendants deny the allegations of paragraph 48.

49.     The Defendants deny the allegations of paragraph 49.

50.     The Defendants deny the allegations of paragraph 50.

45.[sic]  The Defendants deny the allegations of the Complaint's second paragraph 45.

## COUNT II
### Disability Discrimination – Mass. Gen. L. c. 151B, § 4

46-58.[sic]  The allegations set out in Count II are the subject of a pending Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to

same.  To the extent that a response is required, the Defendants incorporate and adopt as a

response to the Complaint's paragraph 46 their responses to the preceding paragraphs realleged

therein and deny the allegations of paragraphs 51-58.

## COUNT III
### Age Discrimination – Mass. Gen. L. c. 151B, § 4

59-66.  The allegations set out in Count III are the subject of a pending Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to

same.  To the extent that a response is required, the Defendants incorporate and adopt as a

response to paragraph 59 their responses to the preceding paragraphs realleged therein, admit the allegations of paragraphs 60-61 and deny the allegations of paragraphs 62-66.

## COUNT IV
Retaliation – Mass. Gen. L. c. 151B, § 4(4)

56-60.[sic]  The allegations set out in Count IV are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a response to the Complaint's second paragraph 56 their responses to the preceding paragraphs realleged therein and deny the allegations of the Complaint's second paragraphs 57-60.

## COUNT V
Interference with Protected Rights – Mass. Gen. L. c. 151B, § 4(4)

61-63.[sic]  The allegations set out in Count V are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a response to the Complaint's second paragraph 61 their responses to the preceding paragraphs realleged therein and deny the allegations of the Complaint's second paragraphs 62-63.

## COUNT VI
Civil Rights Act – Mass. Gen. L. c. 12, §§ 11H and 11I

64-66.[sic]  The allegations set out in Count VI are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a response to the Complaint's second paragraph 64 their responses to the preceding paragraphs realleged therein and deny the allegations of the Complaint's second paragraphs 65-66.

## COUNT VII
Massachusetts Equal Rights Act – Mass. Gen. L. c. 93, §§ 102-03

71-73.[sic]  The allegations set out in Count VII are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 71 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 72-73.

## COUNT VIII
### Breach of Contract

74-77.  The allegations set out in Count VIII are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 74 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 75-77.

## COUNT IX
### Intentional Interference With Advantageous Relationship

77-80.[sic]  The allegations set out in Count IX are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a response to the Complaint's second paragraph 77 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 78-80.

## COUNT X
### Intentional Infliction of Emotional Distress

78-82.[sic]  The allegations set out in Count X are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same.  To the extent that a response is required, the Defendants incorporate and adopt as a

response to the Complaint's second paragraph 78 their responses to the preceding paragraphs realleged therein and deny the allegations of the Complaint's second paragraphs 78-80 and paragraphs 81-82.

COUNT XI

Negligent Infliction of Emotional Distress

83-88. The allegations set out in Count XI are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 83 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 84-88.

Further answering, unless expressly admitted, the Defendants deny each and every allegation contained in the Complaint.

The Defendants deny that the Plaintiff is entitled to any of the relief sought in the Complaint.

FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Plaintiff is estopped by her own conduct from asserting the claims contained in the Complaint.

THIRD AFFIRMATIVE DEFENSE

The doctrine of laches prevents the Plaintiff from asserting the claims contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has waived her right to assert the claims contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable administrative prerequisites to her claim(s).

## SIXTH AFFIRMATIVE DEFENSE

With respect to Defendant Julie Chase Shaughnessy only, the Complaint should be dismissed because the Plaintiff has failed to properly serve the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable statute of limitations to her claim.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the Fair Employment Practices Act, Mass. Gen. L. c. 151B, and the Workers' Compensation Act, Mass. Gen. L. c. 152.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to Massachusetts' charitable immunity statute, Mass. Gen. L. c. 231, § 85K, the Plaintiff's claims are limited to $20,000.

## TENTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any damages as a result of the Defendants' conduct, which the Defendants vehemently deny, the Plaintiff has failed to mitigate her damages.

WHEREFORE, the Defendants request that this Court dismiss the Complaint in its entirety and that they be awarded their costs and attorneys' fees.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC./
LAWRENCE MEMORIAL HOSPITAL and
JULIE CHASE SHAUGHNESSY

By their attorneys,

Macon P. Magee (BBO #550602)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA  02110
(617) 542-6789

Dated: October 22, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on ___7/22/c___

- 10 -