UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN MITCHELL,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　) Civil Action No. 04-12169-REK
　　　　　　　　　　　　　　　　　　　)
HALLMARK HEALTH SYSTEM, INC./　　　　 )
LAWRENCE MEMORIAL HOSPITAL　　　　　　)
and JULIE CHASE SHAUGHNESSY,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT COUNTS II THROUGH XI

The Defendants, Hallmark Health System, Inc./Lawrence Memorial Hospital ("Hallmark") and Julie Chase Shaughnessy ("Ms. Chase")[1], hereby move to dismiss Counts II through XI of the Complaint. Taking the Complaint's factual allegations as true, the Plaintiff has plainly failed to state cognizable causes of action for employment discrimination and retaliation under the Massachusetts Fair Employment Practice Act, Mass. Gen. L. c. 151B ("FEPA"), and, as such, Counts II through V should be dismissed. The Plaintiff's remaining statutory civil rights claims (Counts VI and VII) and common law claims (Counts VIII through XI) should also be dismissed as barred by the exclusivity provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), the FEPA and the Workers' Compensation Act, Mass. Gen. L. c. 152 ("WCA"), and/or because they fail to state claims on which relief can be granted.

---

[1] Because Defendant Julie Chase Shaughnessy was known as Julie Chase at most times relevant to this action, the Complaint refers to her as "Defendant Chase" throughout. For clarity, the Defendants will refer to her as "Ms. Chase" herein.

## FACTS AS ALLEGED IN COMPLAINT[2]

Aside from conclusory allegations that need not be considered on a motion to dismiss, see e.g., Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996) (citing Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)) ("a court must take all well-pleaded facts as true, but it need not credit a complaint's 'bald assertions' or legal conclusions"), the Plaintiff alleges the following facts:

1)  The Plaintiff, who is 62 years old, was a long-time Radiological Technologist for Hallmark (Complaint ¶ 5-6);

2)  Prior to September 2001, the Plaintiff received positive performance reviews and had an excellent attendance record (¶¶ 8-14);

3)  Between September 2001 and June 2003, a series of serious health conditions required the Plaintiff take various medical leaves, for which the Plaintiff provided medical documentation (¶¶ 7, 13, 15-16);

4)  Between September 2001 and June 2003, "because of her need to take medical leave" (¶ 17) and as "punitive and retaliatory action against [the Plaintiff] for taking medical leave" (¶ 22), the Defendants allegedly took various actions against the Plaintiff, to wit:

   a)  Hallmark failed to pay the Plaintiff for intermittent FMLA leave even though she had sufficient hours in her extended illness bank (¶ 18);

   b)  Ms. Chase, the Plaintiff's direct supervisor, gave the Plaintiff a "verbal notice" for taking an excessive amount of unscheduled paid time off (¶ 19);

   c)  Ms. Chase sent an email to Human Resources stating that she had to "get

---

[2] Although the facts alleged in the Complaint must be taken as true for purposes of this motion, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991), the Defendants vehemently deny most every substantive Complaint allegation. See Defendants' Answer, filed herewith.

Intentional Infliction of Emotional Distress; and 11) Negligent Infliction of Emotional Distress.

## ARGUMENT

### I. Because The Focus Of The Plaintiff's Complaint Is For Retaliation Under The FMLA, Her FEPA-Based Discrimination and Retaliation Claims (Counts II Through V) Should Be Dismissed.

When asserting claims for employment discrimination, the courts require "plaintiffs to outline facts sufficient to convey specific instances of unlawful discrimination." The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). As such:

> a bare conclusory allegation of the critical element of illegal intent, including of an intent to discriminate, is insufficient . . . Put another way, the element of illegal motive must be pleaded by alleging specific non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone.

Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990) (requiring that alleged facts in complaint "specifically identify the particular instance(s) of discriminatory treatment and, as a logical exercise, adequately support the thesis that the discrimination was unlawful")).

Here, the Plaintiff alleges not one single <u>fact</u> to support her claims for disability discrimination, age discrimination, retaliation and interference with protected rights under the FEPA (Counts II through V). Rather, in the Complaint's "Facts" section, the Plaintiff makes the sole conclusory allegation of that the "Defendants did not treat younger and or [sic] healthier employees as harshly as they did [the Plaintiff]." Complaint ¶ 32. Later, in the Complaint's "Counts" section, the Plaintiff simply reasserts her previous allegations by reference and avers the legal conclusions that: 1) she was discriminated against because of her "actual or perceived disability" (Count II, ¶¶ 46[sic]-57)[3]; she was discriminated against because of her age (Count

---

[3] Because the Complaint's paragraph numbering is riddled with errors (i.e., skipping numbers and repeating numbers throughout), the Defendants herein identify each count to which the paragraph numbers cited refer.

III, ¶¶ 59-65), she was retaliated against for engaging in protected activity (Count IV, ¶¶ 56-59) and that the Defendants "coerced, interfered, intimidated, threatened or interfered" with her in the exercise of her FEPA rights (Count V, ¶¶ 61-62).

Under the First Circuit standard, the Plaintiff's attempt to allege discriminatory conduct with such non-specific, conclusory, "boiler-plate" allegations is woefully inadequate. See Judge, 160 F.3d at 72; Correa-Martinez, 903 F.2d at 51; The Dartmouth Review, 889 F.2d at 16. Indeed, the Complaint provides absolutely no clue with regard to vital elements of her FEPA claims, including what the Plaintiff's claimed disability/perceived disability is, how she was treated less favorably than younger employees because of her age, and what was the protected activity in which she engaged.

These shortcomings are perhaps not so surprising given her evident belief that all of the specific actions the Defendants allegedly took against her (Complaint ¶ 18-19, 23-31, 33, 35-37) were taken "because of her need to take medical leave" (¶ 17) and as "punitive and retaliatory action against [her] for taking medical leave" (¶ 22) – that is, because she took FMLA leave and not because of her disability, age, prior protected activity or in interference of her FEPA rights. As such, the Plaintiff has failed to state viable FEPA claims and Counts II through V should be dismissed.

## II. The Plaintiff's Statutory Civil Rights Claims (Counts VI And VII) Should Be Dismissed.

The Plaintiff also attempts to allege violations of the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12, §§ 11H and I ("MCRA")[4] and the Massachusetts Equal Rights Act, Mass.

---

[4] The MCRA prohibits any person from "interfering by threats, intimidation, or coercion . . . with the exercise or enjoyment by any other person . . . of rights secured by the constitution or laws of the United States, or any of the rights secured by the constitution or laws of the commonwealth . . . ." Mass. Gen. L. c. 12, § 11I.

Gen. L. c. 93, § 103 ("MERA").[5] Both of these claims should be dismissed.

### A. Because The Plaintiff's Sole Remedy For FMLA Violations Is Under the The FMLA And Her Sole Remedy For Discrimination In The Workplace Is Under The FEPA, The Plaintiff's Statutory Civil Rights Claims Are Barred.

As this Court has held, "the comprehensive detailed enforcement provisions of the FMLA show Congress' intention that the specific remedies set out in Section 2617[6] of the FMLA are the exclusive remedies for the violation of the FMLA." Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998) (footnote not in original). Similarly, the FEPA provides the exclusive, comprehensive remedial scheme for claims of discrimination in employment. See Mass. Gen. L. 151B, § 4 (prohibiting, inter alia, employer discrimination based on an individual's handicap, age, retaliation, and interference with FEPA rights) and § 9 ("as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive"). See also, Green v. Wyman-Gordon Co., 422 Mass. 551, 555-58 (1996) (where claims are merely "recast versions of employment discrimination claims" they are barred by c. 151B's exclusivity provision).

Like her other claims, the Plaintiff's MCRA and MERA claims merely reallege the averments previously made (Count VI, ¶ 64 and Count VII, ¶ 71), and baldly conclude that the "Defendants interfered and or [sic] attempted to interfered by threats, coercion, intimidation and or [sic] coercion with Plaintiff[]'s exercise or enjoyment" of federal and/or state rights (¶ 65) and that "by their actions or inaction, Defendants interfered with Plaintiff's right to full and equal

---

[5] The MERA entitles "any person . . . regardless of handicap or age . . . [to] the same rights as other persons to make and enforce contracts, inherit, purchase, lease, sell, hold and convey real and personal property, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . . ."

[6] The remedies provided for FMLA violations under § 2617 include lost wages, salary, employment benefits and other compensation (29 U.S.C. § 2617(a)(1)(A)(i)), interest (§ 2617(a)(1)(A)(ii)), double damages for bad faith violations (§ 2617(a)(1)(A)(iii)), equitable relief (§ 2617(a)(1)(B)), attorney's fees, expert witness fees and costs (§ 2617(A)(3)).

benefits of all laws and proceedings for the security of persons and property" (¶ 72). Because the previous Complaint averments realleged in Counts VI and VII refer only to rights granted by the FMLA and the FEPA[7] (see ¶¶ 5-38), the Plaintiff's MCRA and MERA claims must rely on one or both of those rights.

To the extent that these claims are based on FMLA rights, the FMLA's exclusivity provisions preempt them. See Desrochers, 28 F. Supp. 2d at 695 ("the MCRA claim cannot be based on rights granted by the FMLA . . . The plaintiffs are not entitled to bypass Congress' exclusive remedial scheme for enforcement of their FMLA rights by bringing a state MCRA cause of action"). See also, Rosania v. Taco Bell of Am., Inc., 303 F. Supp. 2d 878, 881 (D. Ohio 2004) (dismissing claims for negligence and compensatory, consequential, emotional distress and punitive damages based on FMLA rights); Kiely v. Univ. of Pittsburgh Medical Center, 200 U.S. Dist. LEXIS 3156, *53-54 (W.D. Pa. Jan. 20, 2000) (dismissing negligence claim based on FMLA rights); Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 418-19 (M.D. Pa. 1999) (dismissing § 1983 claim based on FMLA rights); O'Hara v. Mt. Vernon Bd. of Educ., 16 F. Supp. 2d 868, 894 (S.D. Ohio 1998) (same); Jolliffe v. Mitchell, 971 F. Supp. 1039, 1045 (W.D. Va. 1997) (same); Vargo-Adams v. U.S. Postal Serv., 992 F. Supp. 939, 944 (N.D. Ohio 1998) (dismissing wrongful discharge claim as preempted by FMLA).

To the extent that the Plaintiff's MCRA and MERA claims are based on FEPA rights, they are also barred. See Charland v. Muzi Motors, 417 Mass. 580, 585-86 (1994) (plaintiff could not assert discrimination claim under the MCRA because FEPA provides the remedy for employment discrimination). Indeed, even if not barred outright, because the Plaintiff has

---

[7] As argued above, those allegations merely pay lip service to employment discrimination and retaliation and therefore fail to state viable FEPA claims.

already alleged FEPA claims in Counts II through V, Counts VI and VII are wholly duplicative, redundant and unnecessary. See, e.g., Belonni v. Reservoir Nursing Ctr., 1994 Mass. Super. LEXIS 345, *8 (McHugh, J.) (Jan. 18, 1994) ("Where the right the plaintiff seeks to enforce or vindicate is created by a statute that provides both a right and remedy, the Civil Rights Act does not provide a duplicate remedy"). For these reasons, the Plaintiff's claims under the MCRA (Count VI) and the MERA (Count VII) should be dismissed as precluded by the FMLA and the FEPA.

**B.     Because The Plaintiff Fails To State Cognizable Causes Of Action For Her Statutory Civil Rights Claims, These Claims Should Be Dismissed.**

Relief is available under the MCRA when the "threats, intimidation or coercion" involve physical confrontation combined with a threat of harm or the loss of a contract right. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 210 (1991). Even though a wrongful action may have been taken against the plaintiff directly, it is not within the purview of Civil Rights Act unless accompanied by threats, intimidation or coercion. Nicholas B. v. School Committee of Worcester, 412 Mass. 20, 24 (1992). "The MERA protects the right to make and enforce contracts . . . ." Morgan v. Driscoll, 2002 U.S. Dist. LEXIS 58, *17 (D. Mass. Jan. 3, 2002).

Quite simply, the Plaintiff fails to allege any threats, intimidation or coercion or to identify any contractual right or opportunity that was lost or interfered with as a result of the Defendants' actions.[8] See Complaint ¶¶ 5-38, Count VI, ¶¶ 64-66, Count VII, ¶¶ 71-73. As

---

[8] To the extent that the Plaintiff is attempting to rely on the collective bargaining agreement between her union and Hallmark as a contractual basis for her MCRA and MERA claims, such a claim is preempted by § 301 the Labor Management Relations Act, 29 U.S.C. § 159. See, e.g., Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir. 1990) (quoting Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 405-06, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988)) ("Section 301 completely preempts a state law claim, 'if the resolution of [the] state-law claim depends upon the meaning of a collective bargaining agreement'").

such, the Plaintiff fails to state viable claims under the MCRA and MERA and Counts VI and VII should be dismissed.

### III. The Plaintiff's Common Law Claims (Counts VIII Through XI) Should Be Dismissed.

#### A. Because An Employee's Sole Remedy For Personal Injuries In The Workplace Is Under The WCA, The Plaintiff's Common Law Claims Are Barred.[9]

The Plaintiff also alleges common law claims for Breach of Contract (Count VIII), Intentional Interference with an Advantageous Relationship (Count IX), and Intentional and Negligent Infliction of Emotional Distress (Counts X and XI). Section 24 of the Massachusetts Workers' Compensation Act, Mass. Gen. L. c. 152, § 24 ("WCA"), states: "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ." Based on this provision, it is well-settled law in Massachusetts that:

> Common law actions are barred by the exclusivity provision of the workers' compensation act where: the plaintiff is shown to be an employee; his condition is shown to be a personal injury within the meaning of the workers' compensation act; and the injury is shown to have arisen out of and in the course of employment.

Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996) (quotation marks and citations omitted).

Emotional distress is a personal injury within the meaning of the WCA. Doe v. Purity Supreme, Inc., 422 Mass. 563, 565 (1996). Intentional torts are covered by WCA exclusivity, even when co-employees, commit them Anzalone v. Massachusetts Bay Trans. Auth.,

---

[9] Of course, as argued above, to the extent that the Plaintiff's common law claims rely on rights secured by the FMLA, those claims are preempted.

403 Mass. 119, 124 (1988), and regardless of whether they were acting in the scope of their employment when they committed the tort. Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 215-16 (1998).

Here, each element of the exclusivity test is met by the Plaintiff's allegations. According to the Complaint, the Plaintiff was employed by Hallmark (¶¶ 5-6), the emotional distress she claims to have suffered as a result of her common law claims (Count VIII (¶ 77); Count IX (¶ 80), Count X (¶¶ 81-82), and Count XI (¶¶ 85-86, 88)), is a personal injury within the meaning of the WCA, and all of the factual allegations regarding Hallmark and Ms. Chase arose out of and in the course of her employment (¶¶ 5-38). As such, the Plaintiff's common law claims for breach of contract (Count VIII), intentional interference with advantageous relations (Count IX), intentional infliction of emotional distress (Count X) and negligent infliction of emotional distress (Count XI) are all barred by the WCA's exclusivity provision and should be dismissed.

### B. Because The Plaintiff Fails To State Cognizable Causes Of Action For Any Of Her Common Law Claims, These Claims Should Be Dismissed.

Even if not barred by WCA exclusivity, each of the Plaintiff's common law claims should be dismissed for failure to state a claim on which relief can be granted as follows:

#### 1. Breach of Contract (Count VIII).

To state a claim for breach of contract, a plaintiff must describe with "substantial certainty" the bargain at issue and the specific obligation or promise breached by the employer. Pollock v. New England Tel. & Tel. Co., 289 Mass. 255 (1935); Doyle v. Hasbro, Inc., 103 F.3d 186 (1st Cir. 1996) (breach of contract claim dismissed where only conclusory allegations made).

Here, the Plaintiff not only fails to allege the terms of any contract or its duration, she

gives no explanation of the obligations created by the purported contract.[10/] The Complaint therefore fails to state a viable claim for breach of contract and Count VIII should be dismissed.

### 2. Intentional Interference With An Advantageous Relationship (Count IX).

To prevail on a claim for intention interference with advantageous relations, a plaintiff must prove: 1) she had an advantageous employment relationship; 2) the defendant knowingly induced her employer to break that relationship; 3) the defendant's interference, in addition to being intentional, was improper in motive or means; and 4) harm. Weber v. Community Teamwork, Inc., 434 Mass. 761, 781 (2001). The Plaintiff, who evidently aims this claim at Ms. Chase, has failed to properly allege the second and third elements.

First, Ms. Chase is not alleged to have induced Hallmark to break any employment relationship with the Plaintiff. Rather, the Plaintiff alleges that Ms. Chase's actions "made it impossible for her to continue to perform the requirements of her job and thereby forcing her to resign." Count IX, ¶ 79.

Second, aside from her wholly conclusory allegations (Count IX, ¶ 79), the Plaintiff fails to allege any <u>facts</u> that could possibly show the Ms. Chase's purported interference was improper in motive or means. As such, Count IX should be dismissed.

### 3.    Intentional and Negligent Infliction of Emotional Distress (Counts X and XI)

To state a claim for intentional infliction of emotional distress, a plaintiff must allege: 1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; 2) that the conduct was "extreme and

---

[10/] As noted previously, should the Plaintiff attempt to claim that the collective bargaining agreement between her union and Hallmark is the basis for her breach of contract claim, such a claim is preempted by § 301 the Labor Management Relations Act, 29 U.S.C. § 159.

- 11 -

outrageous," was "beyond all possible bounds of decency" and "was utterly intolerable in a civilized community;" 3) that the actions of the defendant were the cause of the plaintiff's distress; and 4) that the emotional distress sustained by the plaintiff was "severe" and of a nature "that no reasonable man could be expected to endure it." Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976) (internal citation omitted). See also, Doyle, 103 F.3d at 195.

Here, the Plaintiff has alleged no facts that would permit a reasonable jury to conclude that defendants acted with the intent of inflicting severe emotional distress or that defendants' conduct rose to a level of outrageousness that society would consider intolerable. See Agis, 371 Mass. at 144-45; Foley v. Polaroid Corp., 400 Mass. 82, 99-100 (1987). In this regard, Massachusetts law and the Restatement are clear that "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not constitute extreme and outrageous behavior. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997); Restatement (Second) of Torts § 46, com. d (1965).

None of the actions the Defendants allegedly took against the Plaintiff individually, or even in the totality, rise to the level of extreme and outrageous as a matter of law. Complaint ¶¶ 18-33. Instead, these alleged actions – which involve rather mundane work-related complaints and disciplinary issues – constitute the mere insults, indignities, threats, annoyances, and petty oppressions that are not actionable. Count X should be dismissed.

To state claim for negligent infliction of emotional distress a plaintiff must allege: 1) that the defendant was negligent; 2) that that she suffered emotional distress as a result of the defendant's negligence; 3) that the emotional distress was caused by the defendant's negligence; 4) that the plaintiff suffered physical harm manifested by objective symptomatology; and 5) that a reasonable person would have suffered emotional distress under the same circumstances. See

Payton v. Abbott Labs, 386 Mass. at 540, 557 (1982); Gouin v. Gouin, 249 F. Supp. 2d 62, 73 (D. Mass. 2003).

The Plaintiff once again utterly fails to allege the elements of this claim. Aside from her conclusory boilerplate (Count XI, ¶¶ 83-87), the Plaintiff has not alleged one single fact showing that the Defendant was negligent – that is, the Defendants owed her some specified duty that they breached, that she suffered emotional distress or that she suffered any physical harm. Indeed, that this claim is apparently based on the Defendants' failure to "provide the Plaintiff with a workplace free of unlawful discrimination and harassment" (¶ 84), definitively proves that this claim should be barred by FEPA as a "recast version" of an employment discrimination claim. See Green, 422 Mass. at 555-58. Count IX should be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court dismiss Counts II through and XI of the Plaintiff's Complaint.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC./
LAWRENCE MEMORIAL HOSPITAL and
JULIE CHASE SHAUGHNESSY

By their attorneys,

_____
Macon P. Magee (BBO #550602)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA 02110
(617) 542-6789

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _____

Dated: October 22, 2004