MICV2004-03788

FILED
IN CLERKS OFFICE

2004 OCT 22 P 1:57

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANN MITCHELL

v.

HALLMARK HEALTH SYSTEM, INC/LAWRENCE MEMORIAL HOSPITAL, ET AL

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-03788

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 27th of Sept., in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 21st of October, in the year of our Lord, Two Thousand Four

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION NO. 04-3788

)
ANN MITCHELL,                              )
                                           )
        Plaintiff,                         )
                                           )
    v.                                     )
                                           )
HALLMARK HEALTH SYSTEM, INC./              )
LAWRENCE MEMORIAL HOSPITAL                 )
and JULIE CHASE SHAUGHNESSY,               )
                                           )
        Defendants.                        )
                                           )



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR...

OCT 1 5 2004

## NOTICE OF REMOVAL

PLEASE BE ADVISED that on October 15, 2004 this action was
removed to the United States District Court for the District of
Massachusetts (Docket No. 03-CV-10337-RGS) pursuant to a Notice
of Removal dated and filed October 15, 2004, a certified copy of
which is filed herewith.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC./
LAWRENCE MEMORIAL HOSPITAL and
JULIE CHASE SHAUGHNESSY

By their attorneys,

**Certificate of Service**
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
⬛ (by hand) on _10-15-04_ .

_Macon Magee_ (BBO #550602)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA  02110
(617) 542-6789

Dated: October 15, 2004



FILED
IN CLERKS OFFICE

2004 OCT 15  A 10: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN MITCHELL,

    Plaintiff,

v.

HALLMARK HEALTH SYSTEM, INC./
LAWRENCE MEMORIAL HOSPITAL
and JULIE CHASE SHAUGHNESSY,

    Defendants.

Civil Action No.

**04** ⁓ **12169 RE**

## NOTICE OF REMOVAL

The Defendants, Hallmark Health System, Inc./Lawrence Memorial Hospital and Julie Chase Shaughnessy, hereby file this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts, from the Superior Court for Middlesex County, Massachusetts (C.A. No. 04-3788), where the action is now pending, as provided by Title 28, United States Code, Chapter 89.

IN SUPPORT THEREOF, Defendants state as follows:

1.    On information and belief, the Plaintiff, Ann Mitchell, commenced this action on or about September 26, 2004 by filing a Complaint in the Superior Court for Middlesex County, Massachusetts entitled <u>Ann Mitchell v. Hallmark Health Systems/Lawrence Memorial Hospital and Julie Shaughnessy</u>, Case No. 04-3788 ("State Court Action"). This action is now pending in that Court.

2.    The Defendants first received notice of the Complaint on October 1, 2004, when copies of the Summons, Superior Court Civil Action Cover Sheet and Complaint were served on

the Defendant Hallmark Health System, Inc.  This Notice of Removal is being filed within thirty days of that date, in conformity with 28 U.S.C. § 1446(b).

    3.    Copies of the Summons, Superior Court Civil Action Cover Sheet and Complaint and Jury Demand, which constitute all of the processes and pleadings filed in this matter to date, are annexed hereto as Exhibit A.

    4.    The State Court Action purports to state a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., a federal statute.  See Complaint Count I, ¶¶ 40-50.

    5.    This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure in that service first was effected on October 1, 2004.

    9.    This Notice of Removal is being filed in the District of Massachusetts, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

    10.    Upon filing of this Notice of Removal, the Defendants shall give written notice thereof to counsel for plaintiff, and shall file a certified copy of this Notice of Removal with the Clerk of the Massachusetts Superior Court, Middlesex County.

    11.    By filing this Notice of Removal, the Defendants do not waive any defenses available to them.

    WHEREFORE, the Defendants respectfully request that this action proceed in this Court as an action properly removed.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC./
LAWRENCE MEMORIAL HOSPITAL and
JULIE CHASE SHAUGHNESSY

By their attorneys,


Macon Magee (BBO #550602)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA  02110
(617) 542-6789

Dated: October 15, 2004


## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party ~~by mail~~ (by hand) on 10-15-04 .

- 3 -



TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

......... MIDDLESEX ........... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.

04-3788

Ann Mitchell ........................ , Plaintiff(s)

v.

Hallmark Health Systems/Lawrence Memorial Hospital
Julie Chase Shaughnessy , Defendant(s)

A TRUE COPY ATTEST

*[signature]*

DEPUTY SHERIFF
Middlesex County

## SUMMONS

10/1/04
DATE OF SERVICE

To the above-named Defendant:

You are hereby summoned and required to serve upon ... Alice Whitehill Wiseberg, Esq. ...........

............................................. plaintiff's attorney, whose address is .65A Atlantic Avenue, ....

.Boston, MA 02110 ..............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at **Middlesex Superior Court**

**40 Thorndike St., Cambridge, MA 02141** either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esquire, at .**Cambridge, Massachusetts**.................................

the ........................28th........................ day of ..................... **September**...........................

..................., in the year of our Lord ..... **2004**........................... .

*[signature] Edward J Sullivan*

Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: _Middlesex_ | Docket Number 04-3788 |

**PLAINTIFF(S)** _Ann Mitchell_

**DEFENDANT(S)** _Hallmark Health Systems / Memorial_ _Lawrence_ _Hospital_

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
_Alice Whitehill Wiseberg  781 662 4298_
_168 A Athens Ave Boston 02110_
Board of Bar Overseers number: _568027_

**ATTORNEY (If known)**
_Julie Chase Shaugh_
_Stoneman Chandler + Miller LLP_
_99 High St  Boston 02110  617 542 6_

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c.231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| _B22_ | _Employment / FMLA_ | ( ) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $ ?
2. Total Doctor expenses .......... $ ?
3. Total chiropractic expenses .......... $ ?
4. Total physical therapy expenses .......... $ ?
5. Total other expenses (describe) _Emotional Di..._ .......... $ ?

Subtotal $

B. Documented lost wages and compensation to date .......... $ 500,000
C. Documented property damages to date .......... $ ?
D. Reasonably anticipated future medical and hospital expenses .......... $ ?
E. Reasonably anticipated lost wages .......... $ ?
F. Other documented items of damages (describe) .......... $ ?

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
_Extensive Emotional Distress, Tachycardia,_
_Severe anxiety + depression_
estim.. TOTAL $ 500,000
_still accruing_ .......... $ ?

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):
_Breach of Covenant of Good Faith + Fair Dealing_    TOTAL $ ?

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Alice Whitehill Wiseberg_    DATE: _7/27/04_

A.O.S.C. 2003

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPT.
DOCKET NO. _04-3788_

```
**********************************
ANN MITCHELL,                  *
        Plaintiff              *
                               *
v.                             *
                               *
HALLMARK HEALTH SYSTEMS/       *
LAWRENCE MEMORIAL HOSPITAL     *
JULIE CHASE SHAUGHNESSY        *
        Defendants             *
**********************************
```

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This is an action for damages and equitable relief for age discrimination, disability discrimination, violation of the Family Medical Leave Act, infliction of emotional distress, and other unlawful conduct.

### PARTIES

2.    The Plaintiff, Ann Mitchell ("Ms. Mitchell"), is a 62 year old female residing in Middlesex County, Massachusetts.

3.    Defendant Hallmark Health Systems -- Lawrence Memorial Hospital is and was at all times relevant hereto a corporation with a principal place of business in Melrose (Hallmark Health Systems) and Medford (Lawrence Memorial Hospital), Middlesex County, Massachusetts.

4.    Defendant Julie Chase Shaughnessy ("Defendant Chase"), upon information and belief, is 33 years old and resides in Middlesex County, Massachusetts. At all times relevant hereto, Defendant Chase was an employee of Defendant Hallmark Health Systems/Lawrence Memorial Hospital.

### FACTS

5.    Ms. Mitchell, who is currently 62 years old (d.o.b. 3/23/42), began working in the Department of Radiology at Lawrence Memorial Hospital in 1959 at the age of 17.

6. In 1971 Ms. Mitchell became a permanent full-time employee of Defendant Lawrence Memorial Hospital working as a Radiological Technologist.

7. Beginning in 2001, a series of serious health conditions rendered Ms. Mitchell unable to work at various points in time without reasonable accommodation.

8. Prior to 2001 Ms. Mitchell was described as an "excellent technologist," who was "excellent with patients."

9. Ms. Mitchell's annual reviews repeatedly found that she "exceeds standards" in most categories.

10. Her 2000 Annual Review found that Ms. Mitchell "exceeds standard" in 3 of 5 areas of technical competence and "meets standard" in the remaining two areas of technical competence:

11. In her 2000 annual review Ms. Mitchell was found to be "a very competent and dependable employee for many years."

12. Ms. Mitchell's Overall Performance/Competency Rating in her May 2001 Annual Review was "Exceeds standard."

13. Prior to being stricken by illness in September 2001, Ms. Mitchell's attendance record was excellent.

14. As a result of her outstanding attendance, Ms. Mitchell was eligible for the Personal Leave Program, granted to employees with outstanding attendance records.

15. Between September 2001 and June 2003, a series of serious health conditions necessitated Ms. Mitchell take medical leave at various points for varying amount of time.

16. Ms. Mitchell provided Defendant Lawrence Memorial Hospital with medical documentation of her need for her medical leaves.

17. Defendants took adverse employment actions against Ms. Mitchell because of her need to take medical leave, including but not limited to claiming that her work quality was poor.

18. During a medical leave in 2002, although Defendant Lawrence Memorial Hospital classified Ms. Mitchell's medical leave as intermittent leave pursuant to the FMLA, it failed to pay Ms. Mitchell for this leave even though Ms. Mitchell had more than sufficient hours in her EIB (extended illness bank) to allow her to be paid during the medical leave.

19. After Ms. Mitchell returned to full-time work from intermittent leave in 2002, Defendant Chase gave Ms. Mitchell "verbal notice," which was written up, accusing her of taking "an excessive amount of unscheduled PTO" (paid time off) in 2002 and 2001.

20. Ms. Mitchell contacted Human Resources regarding Defendants' discriminatory and retaliatory actions.

21. A Human Resources representative informed Defendant Chase that Ms. Mitchell's illnesses were "connected and legitimate" and that she "has been dependable with good attendance and therefore has a ton of EIB (Extended Illness Bank)."

22. Despite having been informed that Ms. Mitchell's absences were "connected and legitimate," Defendants continued to take punitive and retaliatory action against Ms. Mitchell for taking medical leave.

23. In 2003, Defendant Chase sent an e-mail to Human Resources stating that she had to get "rid of" Ms. Mitchell due to her "excessive absenteeism."

24. Ms. Morganto told Ms. Mitchell she should retire.

25. In or about late May or early June 2003, without Ms. Mitchell's or Ms. Mitchell's doctor's authorization, Defendant Chase changed the return date on Ms. Mitchell's FMLA leave forms from 6/2/03 to 6/1/03, despite Ms. Mitchell having informed Defendant Chase that her doctor had not authorized her to return to work until June 2, 2003.

26. On June 3, 2003, the day after Ms. Mitchell returned from Medical/FMLA leave, Defendant Chase completed a "Notice of Discussion and Corrective Action Report" (hereinafter "the Notice") in which she accused Ms. Mitchell of poor work quality and poor attendance.

27. In the Notice, Defendant Chase informed Ms. Mitchell that if her "attendance and quality of work does not improve, suspension will occur."

28. Defendant Chase left the Notice on a chair in the staff lounge.

29. Other employees found the Notice and read it.

30. Ms. Mitchell was extremely humiliated and distraught that the Notice, accusing her of poor work quality and excessive absenteeism, and threatening her with suspension, was left in the staff lounge where others could and did read it.

31. Defendants' harassment of Ms. Mitchell continued unabated, including but not limited to nearly daily e-mails criticizing Ms. Mitchell's work and falsely accusing her of things she did not do.

32. Defendants did not treat younger and or healthier employees as harshly as they did Ms. Mitchell.

33. On July 3, 204 Defendant Chase accused Ms. Mitchell of taking a break when a patient was waiting and again threatened her with suspension for allegedly ongoing poor work quality.

34. Ms. Mitchell was extremely distraught by Defendants' unrelenting harassment and discriminatory treatment.

35. As a result of the severe negative physical and emotional effects Defendants' harassment and discriminatory treatment was having on her health, including but not limited to tachycardia, anxiety, and depression, on Monday, July 7, 2003, Ms. Mitchell informed Defendant Lawrence Memorial Hospital that she could not return to the work.

36. The Employee Activity Form dated July 10, 2003 confirms that Ms. Mitchell left work due to "stress from supervisor."

37. Defendant Lawrence Memorial Hospital's failure to exercise reasonable care to prevent and promptly correct the harassment and discrimination, Defendant Lawrence Memorial Hospital constructively discharged Ms. Mitchell from her position.

38. The Hallmark Health Action Form, dated August 1, 2003, confirms that Ms. Mitchell was a "terminated employee."

## COUNT I
### FAMILY MEDICAL LEAVE ACT – 29 U.S.C. § 2601 et seq.

40. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

41. Since 2001 Ms. Mitchell has suffered from serious health conditions.

42. These health conditions required that Ms. Mitchell take leave pursuant to the FMLA.

43. Ms. Mitchell notified Defendant of her need for medical leave.

44. Ms. Mitchell provided Defendants with documentation of her need for medical leave.

45. Defendants failed to designate some of Ms. Mitchell's leave as FMLA leave within the time required under the statute.

46. Defendants failed to pay Ms. Mitchell for some of her leave despite Ms. Mitchell having more than enough hours in her Extended Illness Bank.

47. Defendants interfered with, restrained, or denied Ms. Mitchell's exercise of or attempt to exercise rights provided for under the FMLA.

48. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under the FMLA.

49. Defendants discriminated against Ms. Mitchell for opposing their unlawful practices.

50. Defendants' actions were willful, in that Defendants either knew or showed reckless disregard for the matter of whether its/her conduct was prohibited by the FMLA.

45. As a direct and proximate result of Defendants' actions, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT II
## DISABILITY DISCRIMINATION -- MASS. GEN. LAWS CH. 151B, § 4

46. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

51. Plaintiff has met the administrative prerequisites of Mass. Gen. Laws ch. 151B.

52. Plaintiff Ann Mitchell was disabled or was perceived by Defendants as being disabled.

53. Despite her actual or perceived disability, Ms. Mitchell was able to perform the essential functions of the job.

54. Defendants failed to reasonably accommodate Plaintiff Ann Mitchell's actual or perceived disability.

55. Defendants discriminated against Plaintiff Ann Mitchell based upon her actual or. perceived disability.

56. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under G.L. c. 151B.

57. Defendants discharged Ms. Mitchell because of her actual or perceived disability.

58. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT III
## AGE DISCRIMINATION -- MASS. GEN. L. CH. 151B § 4

59. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

60. Ms. Mitchell, who is 62 years old, was the oldest radiology technician employed by Defendant Hallmark Health Systems.

61. Due to her age and length of service, Ms. Mitchell was at the top of the applicable pay scale.

62. Defendants treated younger employees more favorably than they did Ms. Mitchell.

63. Defendants made job related decisions about Ms. Mitchell on the basis of inaccurate and stigmatizing stereotypes related to age.

64. Defendants discriminated against Ms. Mitchell and forced her from her job due to her age.

65. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for by law.

66. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IV
### RETALIATION – MASS. GEN. LAWS CH. 151B, § 4(4)

56. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

57. Plaintiff Ann Mitchell reasonably and in good faith believed that Defendants engaged in discriminatory conduct.

58. Plaintiff Ann Mitchell notified Defendants of the discriminatory conduct by opposing the conduct and by complaining about the ongoing discriminatory and retaliatory conduct forbidden under G.L. c. 151B.

59. Defendants retaliated against Ms. Mitchell for her attempts to secure her rights guaranteed by law.

60. As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT V
### INTERFERENCE WITH PROTECTED RIGHTS-MASS. GEN. LAWS CH. 151B, § 4(4A)

61. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

62. Defendants coerced, intimidated, threatened or interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by Mass. Gen. Laws ch. 151B.

63. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VI
## CIVIL RIGHTS ACT -- MASS. GEN. LAWS CH. 12, §§ 11H, 11I

64. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

65. Defendants interfered and or attempted to interfere by threats, intimidation and or coercion with Plaintiff Ann Mitchell's exercise or enjoyment of rights granted or protected by the constitution or laws of the United States and or Commonwealth of Massachusetts.

66. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VII
## MASSACHUSETTS EQUAL RIGHTS ACT -- MASS. GEN. LAWS CH. 93, § 102-103

71. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

72. By their actions or inaction, Defendants interfered with Plaintiff's right to full and equal benefit of all laws and proceedings for the security of persons and property.

73. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VIII
## BREACH OF CONTRACT

74.    Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

75.    Defendants owed Plaintiff a duty of good faith and fair dealing.

76.    In its conduct towards Plaintiff, Defendants breached the Covenant of Good Faith and Fair Dealing.

77.    As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IX
## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

77.    Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

78.    Plaintiff had an advantageous business relationship with Defendant Hallmark Health/Lawrence Memorial Hospital through the course of her employment, of which Defendant Chase was aware.

79.    Defendant Chase, with improper motive and or through the use of improper means, intentionally interfered with Plaintiff's employment making it impossible for her to continue to perform the requirements of her job and thereby forcing her resignation.

80.    As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78.    Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

79.    Defendant Chase acted in an extreme or outrageous manner.

80.    By her conduct, Defendant Chase intended to cause Ms. Mitchell emotional distress or knew or should have know that emotional distress was likely to occur.

81.    Defendant Chase's conduct directly caused Plaintiff to suffer emotional distress so severe and of a nature that no reasonable person could be expected to endure.

82.    As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83.    Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

84.    Defendants acted negligently in failing to provide Plaintiff with a workplace free of unlawful discrimination and harassment.

85.    Defendants' negligence caused Plaintiff's emotional distress.

86.    The emotional distress caused Plaintiff to suffer physical harm or injury.

87.    Plaintiff's emotional distress was foreseeable.

88.    As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

### PRAYERS OF RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

1. Find Defendants liable on all counts and enter judgment against Defendants in favor of Plaintiff in an amount determined at trial;

2. Order the award of punitive damages to Plaintiff in the amount to be determined at trial;

3. Order the award of attorneys' fees and costs to Plaintiff;

4. Order the award of interest to Plaintiff on any judgment entered from the time of filing of this Complaint;

5. Grant such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Respectfully submitted,
ANN MITCHELL
By Her Attorney,

September 26, 2004

Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027



**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX, ss.                                    SUPERIOR COURT DEPT.
                                                 DOCKET NO. 04-3788

*************************************
ANN MITCHELL,                    *
        Plaintiff                *
                                 *
v.                               *
                                 *
HALLMARK HEALTH SYSTEMS/         *
LAWRENCE MEMORIAL HOSPITAL       *
JULIE CHASE SHAUGHNESSY          *
        Defendants               *
*************************************

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
SEP. 2 7 2004
Edward J. Sullivan
CLERK

0586A000009/27/04CIVIL         240.00
0586A000009/27/04SUR CHARGE     15.00
0586A000009/27/04SECC           20.00
0586A000009/27/04SUMMONS        10.00

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.   This is an action for damages and equitable relief for age discrimination, disability discrimination, violation of the Family Medical Leave Act, infliction of emotional distress, and other unlawful conduct.

### PARTIES

2.   The Plaintiff, Ann Mitchell ("Ms. Mitchell"), is a 62 year old female residing in Middlesex County, Massachusetts.

3.   Defendant Hallmark Health Systems -- Lawrence Memorial Hospital is and was at all times relevant hereto a corporation with a principal place of business in Melrose (Hallmark Health Systems) and Medford (Lawrence Memorial Hospital), Middlesex County, Massachusetts.

4.   Defendant Julie Chase Shaughnessy ("Defendant Chase"), upon information and belief, is 33 years old and resides in Middlesex County, Massachusetts.  At all times relevant hereto, Defendant Chase was an employee of Defendant Hallmark Health Systems/Lawrence Memorial Hospital.

### FACTS

5.   Ms. Mitchell, who is currently 62 years old (d.o.b. 3/23/42), began working in the Department of Radiology at Lawrence Memorial Hospital in 1959 at the age of 17.

6. In 1971 Ms. Mitchell became a permanent full-time employee of Defendant Lawrence Memorial Hospital working as a Radiological Technologist.

7. Beginning in 2001, a series of serious health conditions rendered Ms. Mitchell unable to work at various points in time without reasonable accommodation.

8. Prior to 2001 Ms. Mitchell was described as an "excellent technologist," who was "excellent with patients."

9. Ms. Mitchell's annual reviews repeatedly found that she "exceeds standards" in most categories.

10. Her 2000 Annual Review found that Ms. Mitchell "exceeds standard" in 3 of 5 areas of technical competence and "meets standard" in the remaining two areas of technical competence:

11. In her 2000 annual review Ms. Mitchell was found to be "a very competent and dependable employee for many years."

12. Ms. Mitchell's Overall Performance/Competency Rating in her May 2001 Annual Review was "Exceeds standard."

13. Prior to being stricken by illness in September 2001, Ms. Mitchell's attendance record was excellent.

14. As a result of her outstanding attendance, Ms. Mitchell was eligible for the Personal Leave Program, granted to employees with outstanding attendance records.

15. Between September 2001 and June 2003, a series of serious health conditions necessitated Ms. Mitchell take medical leave at various points for varying amount of time.

16. Ms. Mitchell provided Defendant Lawrence Memorial Hospital with medical documentation of her need for her medical leaves.

17. Defendants took adverse employment actions against Ms. Mitchell because of her need to take medical leave, including but not limited to claiming that her work quality was poor.

18. During a medical leave in 2002, although Defendant Lawrence Memorial Hospital . classified Ms. Mitchell's medical leave as intermittent leave pursuant to the FMLA, it failed to pay Ms. Mitchell for this leave even though Ms. Mitchell had more than sufficient hours in her EIB (extended illness bank) to allow her to be paid during the medical leave.

19. After Ms. Mitchell returned to full-time work from intermittent leave in 2002, Defendant Chase gave Ms. Mitchell "verbal notice," which was written up, accusing her of taking "an excessive amount of unscheduled PTO" (paid time off) in 2002 and 2001.

20. Ms. Mitchell contacted Human Resources regarding Defendants' discriminatory and retaliatory actions.

21. A Human Resources representative informed Defendant Chase that Ms. Mitchell's illnesses were "connected and legitimate" and that she "has been dependable with good attendance and therefore has a ton of EIB (Extended Illness Bank)."

22. Despite having been informed that Ms. Mitchell's absences were "connected and legitimate," Defendants continued to take punitive and retaliatory action against Ms. Mitchell for taking medical leave.

23. In 2003, Defendant Chase sent an e-mail to Human Resources stating that she had to get "rid of" Ms. Mitchell due to her "excessive absenteeism."

24. Ms. Morganto told Ms. Mitchell she should retire.

25. In or about late May or early June 2003, without Ms. Mitchell's or Ms. Mitchell's doctor's authorization, Defendant Chase changed the return date on Ms. Mitchell's FMLA leave forms from 6/2/03 to 6/1/03, despite Ms. Mitchell having informed Defendant Chase that her doctor had not authorized her to return to work until June 2, 2003.

26. On June 3, 2003, the day after Ms. Mitchell returned from Medical/FMLA leave, Defendant Chase completed a "Notice of Discussion and Corrective Action Report" (hereinafter "the Notice") in which she accused Ms. Mitchell of poor work quality and poor attendance.

27. In the Notice, Defendant Chase informed Ms. Mitchell that if her "attendance and quality of work does not improve, suspension will occur."

28. Defendant Chase left the Notice on a chair in the staff lounge.

29. Other employees found the Notice and read it.

30. Ms. Mitchell was extremely humiliated and distraught that the Notice, accusing her of poor work quality and excessive absenteeism, and threatening her with suspension, was left in the staff lounge where others could and did read it.

31. Defendants' harassment of Ms. Mitchell continued unabated, including but not limited to nearly daily e-mails criticizing Ms. Mitchell's work and falsely accusing her of things she did not do.

32. Defendants did not treat younger and or healthier employees as harshly as they did Ms. Mitchell.

33. On July 3, 204 Defendant Chase accused Ms. Mitchell of taking a break when a patient was waiting and again threatened her with suspension for allegedly ongoing poor work quality.

34. Ms. Mitchell was extremely distraught by Defendants' unrelenting harassment and discriminatory treatment.

35. As a result of the severe negative physical and emotional effects Defendants' harassment and discriminatory treatment was having on her health, including but not limited to tachycardia, anxiety, and depression, on Monday, July 7, 2003, Ms. Mitchell informed Defendant Lawrence Memorial Hospital that she could not return to the work.

36. The Employee Activity Form dated July 10, 2003 confirms that Ms. Mitchell left work due to "stress from supervisor."

37. Defendant Lawrence Memorial Hospital's failure to exercise reasonable care to prevent and promptly correct the harassment and discrimination, Defendant Lawrence Memorial Hospital constructively discharged Ms. Mitchell from her position.

38. The Hallmark Health Action Form, dated August 1, 2003, confirms that Ms. Mitchell was a "terminated employee."

## COUNT I
## FAMILY MEDICAL LEAVE ACT – 29 U.S.C. § 2601 et seq.

40. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

41. Since 2001 Ms. Mitchell has suffered from serious health conditions.

42. These health conditions required that Ms. Mitchell take leave pursuant to the FMLA.

43. Ms. Mitchell notified Defendant of her need for medical leave.

44. Ms. Mitchell provided Defendants with documentation of her need for medical leave.

45. Defendants failed to designate some of Ms. Mitchell's leave as FMLA leave within the time required under the statute.

46. Defendants failed to pay Ms. Mitchell for some of her leave despite Ms. Mitchell having more than enough hours in her Extended Illness Bank.

47. Defendants interfered with, restrained, or denied Ms. Mitchell's exercise of or attempt to exercise rights provided for under the FMLA.

48. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under the FMLA.

49. Defendants discriminated against Ms. Mitchell for opposing their unlawful practices.

50. Defendants' actions were willful, in that Defendants either knew or showed reckless disregard for the matter of whether its/her conduct was prohibited by the FMLA.

45. As a direct and proximate result of Defendants' actions, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT II
### DISABILITY DISCRIMINATION -- MASS. GEN. LAWS CH. 151B, § 4

46. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

51. Plaintiff has met the administrative prerequisites of Mass. Gen. Laws ch. 151B.

52. Plaintiff Ann Mitchell was disabled or was perceived by Defendants as being disabled.

53. Despite her actual or perceived disability, Ms. Mitchell was able to perform the essential functions of the job.

54. Defendants failed to reasonably accommodate Plaintiff Ann Mitchell's actual or perceived disability.

55. Defendants discriminated against Plaintiff Ann Mitchell based upon her actual or perceived disability.

56. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under G.L. c. 151B.

57. Defendants discharged Ms. Mitchell because of her actual or perceived disability.

58. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT III
### AGE DISCRIMINATION -- MASS. GEN. L. CH. 151B § 4

59. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

60. Ms. Mitchell, who is 62 years old, was the oldest radiology technician employed by Defendant Hallmark Health Systems.

61. Due to her age and length of service, Ms. Mitchell was at the top of the applicable pay scale.

62. Defendants treated younger employees more favorably than they did Ms. Mitchell.

63. Defendants made job related decisions about Ms. Mitchell on the basis of inaccurate and stigmatizing stereotypes related to age.

64. Defendants discriminated against Ms. Mitchell and forced her from her job due to her age.

65. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for by law.

66. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IV
### RETALIATION -- MASS. GEN. LAWS CH. 151B, § 4(4)

56. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

57. Plaintiff Ann Mitchell reasonably and in good faith believed that Defendants engaged in discriminatory conduct.

58. Plaintiff Ann Mitchell notified Defendants of the discriminatory conduct by opposing the conduct and by complaining about the ongoing discriminatory and retaliatory conduct forbidden under G.L. c. 151B.

59. Defendants retaliated against Ms. Mitchell for her attempts to secure her rights guaranteed by law.

60. As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT V
### INTERFERENCE WITH PROTECTED RIGHTS-MASS. GEN. LAWS CH. 151B, § 4(4A)

61. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

62. Defendants coerced, intimidated, threatened or interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by Mass. Gen. Laws ch. 151B.

63. As a direct and proximate result.thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VI
### CIVIL RIGHTS ACT -- MASS. GEN. LAWS CH. 12, §§ 11H, 11I

64. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

65. Defendants interfered and or attempted to interfere by threats, intimidation and or coercion with Plaintiff Ann Mitchell's exercise or enjoyment of rights granted or protected by the constitution or laws of the United States and or Commonwealth of Massachusetts.

66. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VII
### MASSACHUSETTS EQUAL RIGHTS ACT -- MASS. GEN. LAWS CH. 93, § 102-103

71. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

72. By their actions or inaction, Defendants interfered with Plaintiff's right to full and equal benefit of all laws and proceedings for the security of persons and property.

73. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VIII
### BREACH OF CONTRACT

74.    Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

75.    Defendants owed Plaintiff a duty of good faith and fair dealing.

76.    In its conduct towards Plaintiff, Defendants breached the Covenant of Good Faith and Fair Dealing.

77.     As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## · COUNT IX
## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

77.     Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

78.     Plaintiff had an advantageous business relationship with Defendant Hallmark Health/Lawrence Memorial Hospital through the course of her employment, of which Defendant Chase was aware.

79.     Defendant Chase, with improper motive and or through the use of improper means, intentionally interfered with Plaintiff's employment making it impossible for her to continue to perform the requirements of her job and thereby forcing her resignation.

80.     As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT X
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78.     Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

79.     Defendant Chase acted in an extreme or outrageous manner.

80.     By her conduct, Defendant Chase intended to cause Ms. Mitchell emotional distress or knew or should have know that emotional distress was likely to occur.

81.     Defendant Chase's conduct directly caused Plaintiff to suffer emotional distress so severe and of a nature that no reasonable person could be expected to endure.

82.     As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiff re-alleges and incorporates by reference herein the averments set forth above.

84. Defendants acted negligently in failing to provide Plaintiff with a workplace free of unlawful discrimination and harassment.

85. Defendants' negligence caused Plaintiff's emotional distress.

86. The emotional distress caused Plaintiff to suffer physical harm or injury.

87. Plaintiff's emotional distress was foreseeable.

88. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## PRAYERS OF RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

1. Find Defendants liable on all counts and enter judgment against Defendants in favor of Plaintiff in an amount determined at trial;

2. Order the award of punitive damages to Plaintiff in the amount to be determined at trial;

3. Order the award of attorneys' fees and costs to Plaintiff;

4. Order the award of interest to Plaintiff on any judgment entered from the time of filing of this Complaint;

5. Grant such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Respectfully submitted,
ANN MITCHELL
By Her Attorney,

September 26, 2004

Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: _Middlesex_ | Docket Number<br>04-3788 |
|---|---|---|

**PLAINTIFF(S)** _Ann Mitchell_

**DEFENDANT(S)** _Hallmark Health Systems/Memorial_ _Lawrence_ _Hospital_

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
_Alice Whitehill Wiseberg 7816624298_
_45 Atlantic Ave, Boston 02110_
Board of Bar Overseers number: _568027_

**ATTORNEY** (if known) _+ Julie Chase Shaughnes_
_Stoneman Chandler + Miller LLP_
_99 High St Boston 02110   6175422678_

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| _B22_ | _Employment / FMLA_ | ( ) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

[stamp: FILED IN THE OFFICE OF THE CLERK OF COURTS FOR... SEP 27 2004 _Edward J. Sullivan_ Clerk of Courts]

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ _?_
2. Total Doctor expenses .............................................. $ _?_
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses .................................... $
5. Total other expenses (describe) _Emotional Distress_ ............... $ _?_
                                                    Subtotal $

B. Documented lost wages and compensation to date ..................... $ _$600,000.00_
C. Documented property damages to date ............................... $
D. Reasonably anticipated future medical and hospital expenses ........ $ _?_
E. Reasonably anticipated lost wages ................................. $ _?_
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
_Extensive Emotional Distress, Tachycardia,_
_severe_                                                              $ _?_

_estim._ TOTAL: $ _500,000.00_
_still accruing_

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):
_Breach of Covenant of Good Faith + Fair Dealing_   TOTAL   $ _?_

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Alice Whitehill Wiseberg_   DATE: _7/27/04_

A.O.S.C. 2003

MAS-20031124
gilmanr

**Commonwealth of Massachusetts**
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

10/21/2004
09:40 AM

### MICV2004-03788
### Mitchell v Hallmark Healthsystems/Lawrence Memorial Hospital et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 09/27/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 10/15/2004 | **Session** | E - Cv E (7B Cambridge) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 12/26/2004 | **Answer** | 02/24/2005 | **Rule12/19/20** | 02/24/2005 |
| **Rule 15** | 02/24/2005 | **Discovery** | 07/24/2005 | **Rule 56** | 08/23/2005 |
| **Final PTC** | 09/22/2005 | **Disposition** | 11/21/2005 | **Jury Trial** | Yes |

| PARTIES |
|---|

**Plaintiff**
Ann Mitchell
Active 09/27/2004

**Private Counsel 568027**
Alice Wiseberg
65A Atlantic Avenue
3rd Floor
Boston, MA 02110
Phone: 617-723-0030
Fax:
Active 09/27/2004 Notify

**Defendant**
Hallmark Healthsystems/Lawrence Memorial
Hospital
Service pending 09/27/2004

**Private Counsel 645557**
John M Simon
Stoneman Chandler & Miller
99 High Street
Boston, MA 02110
Phone: 617-542-6789
Fax: 617-556-8989
Active 10/15/2004 Notify

**Private Counsel 550602**
Macon P Magee
Stoneman Chandler & Miller
99 High Street
Boston, MA 02110
Phone: 617-542-6789
Fax: 617-556-8989
Active 10/15/2004 Notify

**Defendant**
Julie Chase Shaughnessy
Service pending 09/27/2004

**Private Counsel 645557**
John M Simon
Stoneman Chandler & Miller
99 High Street
Boston, MA 02110
Phone: 617-542-6789
Fax: 617-556-8989
Active 10/15/2004 Notify

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2004-03788
## Mitchell v Hallmark Healthsystems/Lawrence Memorial Hospital et al

Private Counsel 550602
Macon P Magee
Stoneman Chandler & Miller
99 High Street
Boston, MA 02110
Phone: 617-542-6789
Fax: 617-556-8989
Active 10/15/2004 Notify

**ENTRIES**

| Date | Paper | Text |
| --- | --- | --- |
| 09/27/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 09/27/2004 | | Origin 1, Type B22, Track F. |
| 10/15/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts  by defts Hallmark Health System, Inc/Lawrence Memorial Hospital and Julie Chase Shaughnessy |
| 10/15/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |