UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*****************************
ANN MITCHELL,                *
     Plaintiff              *
                            *
v.                          *      DOCKET NO. 04-CV-12169-REK
                            *
HALLMARK HEALTH SYSTEMS INC./*
LAWRENCE MEMORIAL HOSPITAL  *
JULIE CHASE SHAUGHNESSY     *
     Defendants             *
*****************************
```

## AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for damages and equitable relief for age discrimination, disability discrimination, violation of the Family Medical Leave Act, infliction of emotional distress, and other unlawful conduct.

### PARTIES

2. The Plaintiff, Ann Mitchell (hereinafter "Ms. Mitchell"), is a 62 year old female residing in Middlesex County, Massachusetts.

3. Defendant Hallmark Health Systems Inc.-- Lawrence Memorial Hospital (hereinafter "Defendant Hallmark Health"), is and was at all times relevant hereto a corporation with a principal place of business in Melrose (Hallmark Health Systems, Inc.) and Medford (Lawrence Memorial Hospital), Middlesex County, Massachusetts.

4. Defendant Julie Chase Shaughnessy (hereinafter "Defendant Chase"), upon information and belief, resides in Derry, New Hampshire. Defendant Chase is an employee of Defendant Hallmark Health.

### FACTS

5. Ms. Mitchell, who is currently 62 years old (d.o.b. 3/23/42), began working in the Department of Radiology at Lawrence Memorial Hospital in 1959 at the age of 17.

6. In 1971 Ms. Mitchell became a permanent full-time employee of Defendant Lawrence Memorial Hospital working as a Radiological Technologist.

7. Beginning in 2001, serious health conditions rendered Ms. Mitchell unable to work at various points in time without reasonable accommodation.

8. Prior to 2001 Ms. Mitchell was described as an "excellent technologist," who was "excellent with patients."

9. Ms. Mitchell's annual reviews repeatedly found that she "exceeds standards" in most categories.

10. Her 2000 Annual Review found that Ms. Mitchell "exceeds standard" in 3 of 5 areas of technical competence and "meets standard" in the remaining two areas of technical competence:

11. In her 2000 annual review Ms. Mitchell was found to be "a very competent and dependable employee for many years."

12. Ms. Mitchell's Overall Performance/Competency Rating in her May 2001 Annual Review was "Exceeds standard."

13. Prior to being stricken by illness in September 2001, Ms. Mitchell's attendance record was excellent.

14. Ms. Mitchell was eligible for the Personal Leave Program, granted to employees with outstanding attendance records.

15. Between September 2001 and June 2003, serious health conditions necessitated Ms. Mitchell take medical leave at various points for varying amount of time.

16. Ms. Mitchell provided Defendant Hallmark Health with medical documentation of her need for her medical leaves.

17. Defendants took adverse employment actions against Ms. Mitchell because of her need for medical leave, including but not limited to taking disciplinary action against her and threatening her with suspension due to her need for leave, claiming falsely that her work quality was poor and accusing her of actions she did not do.

18. Ms. Mitchell contacted Human Resources regarding Defendants' discriminatory and retaliatory actions.

19. A Human Resources representative informed Defendant Chase that Ms. Mitchell's illnesses were "connected and legitimate" and that she "has been dependable with good attendance and therefore has a ton of EIB (Extended Illness Bank)."

20. Despite having been informed that Ms. Mitchell's absences were "connected and legitimate," Defendants continued to take punitive and retaliatory action against Ms. Mitchell for taking medical leave.

21. In 2003, Defendant Chase sent an e-mail to Human Resources stating that she had to get "rid of" Ms. Mitchell due to her "excessive absenteeism."

22. In or about late May or early June 2003, without Ms. Mitchell's or Ms. Mitchell's doctor's authorization, Defendant Chase changed the return date on Ms. Mitchell's FMLA leave forms from June 2, 2003 to June 1, 2003.

23. Ms. Mitchell had informed Defendant Chase that her doctor had not authorized her to return to work until June 2, 2003.

24. On June 3, 2003, the day after Ms. Mitchell returned from Medical/FMLA leave, Defendant Chase completed a "Notice of Discussion and Corrective Action Report" (hereinafter "the Notice") in which she accused Ms. Mitchell of poor work quality and poor attendance, and threatened her with suspension.

25. Defendant Chase left the Notice on a chair in the staff lounge where other employees found and read it.

26. Ms. Mitchell was extremely humiliated and distraught that the Notice, accusing her of poor work quality and excessive absenteeism, and threatening her with suspension, was left in the staff lounge where others could and did read it.

27. Defendants' harassment of Ms. Mitchell continued unabated, including but not limited to nearly daily e-mails criticizing Ms. Mitchell's work and falsely accusing her of things she did not do.

28. On July 3, 204 Defendant Chase falsely accused Ms. Mitchell of taking a break when a patient was waiting and again threatened her with suspension for allegedly ongoing poor work quality.

29. Ms. Mitchell was extremely distraught by Defendants' unrelenting harassment and discriminatory treatment.

30. Defendant Hallmark Health failed to exercise reasonable care to prevent and promptly correct the harassment and discrimination.

31. As a result of the severe negative physical and emotional effects Defendants' harassment and discriminatory treatment was having on her health, including but not limited to severe tachycardia, extreme anxiety, and depression, on Monday, July 7, 2003, Ms. Mitchell informed Defendant Hallmark Health that she could not return to the work.

32. The Employee Activity Form dated July 10, 2003 confirms that Ms. Mitchell left work due to "stress from supervisor."

33. Defendant Hallmark Health constructively discharged Ms. Mitchell from her position.

34. The Hallmark Health Action Form, dated August 1, 2003, confirms that Ms. Mitchell was a "terminated employee."

## COUNT I
## FAMILY MEDICAL LEAVE ACT – 29 U.S.C. § 2601 et seq.

35. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

36. Since 2001 Ms. Mitchell has suffered from serious health conditions.

37. These health conditions required that Ms. Mitchell take leave pursuant to the FMLA.

38. Ms. Mitchell notified Defendants of her need for medical leave.

39. Ms. Mitchell provided Defendants with documentation of her need for medical leave.

40. Defendants failed to designate some of Ms. Mitchell's leave as FMLA leave within the time required under the statute.

41. Defendants failed to pay Ms. Mitchell for some of her leave despite Ms. Mitchell having more than enough hours in her Extended Illness Bank.

42. Defendants interfered with, restrained, or denied Ms. Mitchell's exercise of or attempt to exercise rights provided for under the FMLA.

43. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under the FMLA.

44. Defendants discriminated against Ms. Mitchell for opposing their unlawful practices.

45. Defendants' actions were willful, in that Defendants either knew or showed reckless disregard for the matter of whether its/her conduct was prohibited by the FMLA.

46. As a direct and proximate result of Defendants' actions, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT II
## DISABILITY DISCRIMINATION -- MASS. GEN. LAWS CH. 151B, § 4

47. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

48. Plaintiff has met the administrative prerequisites of Mass. Gen. Laws ch. 151B.

49. Plaintiff Ann Mitchell was handicapped or was perceived by Defendants as being handicapped.

50.   Despite her actual or perceived handicap, Ms. Mitchell was able to perform the essential functions of the job.

51.   Defendants were aware of Ms. Mitchell's handicap, were aware that she needed reasonable accommodation, and failed to reasonably accommodate Ms. Mitchell's need for time off due to her handicap.

52.   Defendants took adverse employment action against Ms. Mitchell because of her handicap.

53.   Defendants discriminated against Ms. Mitchell based upon her actual or perceived handicap.

54.   Defendants did not treat non-handicapped employees as harshly as they did Ms. Mitchell.

55.   As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT III
## AMERICANS WITH DISBILITIES ACT, 29 U.S.C. §12101 et seq.

56.   Plaintiff re-alleges and incorporates by reference the averments set forth herein.

57.   Plaintiff Ann Mitchell is a handicapped individual.

58.   Plaintiff Ann Mitchell was able to perform the essential functions of her position with or without reasonable accommodation.

59.   Defendants discriminated against Plaintiff Ann Mitchell due to her actual or perceived handicap.

60.   Defendants were aware of Plaintiff Ann Mitchell's handicap, were aware that she needed reasonable accommodation, and failed to reasonably accommodate Plaintiff Ann Mitchell's need for time off due to her handicap.

61.   Defendants did not treat non-handicapped employees as harshly as they did Ms. Mitchell.

62.   Defendants took adverse employment action against Ms. Mitchell because of her handicap.

63.   Defendants took adverse employment action against Ms. Mitchell for her exercise of or attempt to exercise rights provided for under the ADA.

64.     As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IV
## REHABILITATION ACT OF 1973 – 29 USC § 701 et seq

65.     Plaintiff re-alleges and incorporates by reference the averments set forth herein.

66.     Plaintiff Ann Mitchell is a handicapped individual.

67.     Defendant Hallmark Health Systems/Lawrence Memorial Hospital receives federal funds.

68.     Defendants discriminated against Ms. Mitchell due to her actual or perceived handicap.

69.     Defendants took adverse employment action against Ms. Mitchell for her exercise or attempt to exercise rights provided for under law.

70.     As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT V
## AGE DISCRIMINATION IN EMPLOYMENT ACT -- 29 U.S.C. § 621 et seq.

71.     Plaintiff re-alleges and incorporates by reference the averments set forth herein.

72.     Ms. Mitchell, who is 62, was the oldest radiology technician employed by Defendant Hallmark Health Systems Inc./Lawrence Memorial Hospital.

73.     Defendants discriminated against Plaintiff Ann Mitchell and forced her from her job due to her age.

74.     Defendants made employment decisions on the basis of inaccurate and stigmatizing stereotypes about Ms. Mitchell's age.

75.     Due to her age, management personnel told Ms. Mitchell that she should retire.

76.     Defendants discriminated against Ms. Mitchell and forced her from her job due to her age.

77. After Ms. Mitchell's separation from Defendant Hallmark Health, Defendants hired and/or retained younger less qualified radiology technologists.

78. Defendants treated Ms. Mitchell more harshly than it/they did younger radiology technicians.

79. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for by law.

80. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VI
## AGE DISCRIMINATION -- MASS. GEN. L. CH. 151B § 4

81. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

82. Ms. Mitchell, who is 62 years old, was the oldest radiology technician employed by Defendant Hallmark Health Systems.

83. Defendants treated younger employees more favorably than they did Ms. Mitchell.

84. Defendants made job related decisions about Ms. Mitchell on the basis of inaccurate and stigmatizing stereotypes related to age.

85. Management personnel told Ms. Mitchell that she should retire.

86. Defendants forced Ms. Mitchell from her job due to her age.

87. After Ms. Mitchell's separation from Defendant Hallmark Health, Defendants hired or retained younger, less qualified radiology technologists.

88. Defendants retaliated against Ms. Mitchell for her exercise of or attempt to exercise rights provided for by law.

89. As a direct and proximate result Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VII
## RETALIATION -- MASS. GEN. LAWS CH. 151B, § 4(4)

90. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

91. Plaintiff Ann Mitchell reasonably and in good faith believed that Defendants engaged in discriminatory conduct.

92. Plaintiff Ann Mitchell notified Defendants of the discriminatory conduct by complaining about the ongoing discriminatory and retaliatory conduct.

93. Defendants took adverse employment actions against Ms. Mitchell for her attempts to secure her rights guaranteed by law.

94. As a direct and proximate result of Defendants' conduct, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT VIII
### INTERFERENCE WITH PROTECTED RIGHTS-MASS. GEN. LAWS CH. 151B, § 4(4A)

95. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

96. Defendant Chase interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by Mass. Gen. Laws ch. 151B.

97. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT IX
### INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

98. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

99. Plaintiff had an advantageous business relationship with Defendant Hallmark Health through the course of her employment, of which Defendant Chase was aware.

100. Defendant Chase, with improper motive and or through the use of improper means, intentionally interfered with Plaintiff's employment making it impossible for her to continue to perform the requirements of her job.

101. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of community standing, loss of professional opportunities, harm to her personal and professional reputation, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## COUNT X
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

102. Plaintiff re-alleges and incorporates by reference the averments set forth herein.

103. Defendants acted negligently in failing to provide Plaintiff with a workplace free of unlawful discrimination and harassment.

104. Defendants' negligence caused Plaintiff's emotional distress.

105. The emotional distress caused Plaintiff to suffer physical harm or injury.

106. Plaintiff's emotional distress was foreseeable.

107. As a direct and proximate result thereof, Plaintiff Ann Mitchell has suffered and continues to suffer damages, including but not limited to, loss of income and employment benefits, loss of business and personal reputation, medical expenses, emotional distress, mental and physical suffering and other financial losses.

## PRAYERS OF RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

1. Find Defendants liable on all counts and enter judgment against Defendants in favor of Plaintiff in an amount determined at trial;

2. Order the award of punitive damages to Plaintiff in the amount to be determined at trial;

3. Order the award of attorneys' fees and costs to Plaintiff;

4. Order the award of interest to Plaintiff on any judgment entered from the time of filing of this Complaint;

5. Grant such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

                                                          Respectfully submitted,
                                                          ANN MITCHELL
                                                          By Her Attorney,

November 10, 2004

                                                          /s/ Alice Whitehill Wiseberg
                                                          Alice Whitehill Wiseberg
                                                          65A Atlantic Avenue, 3rd Floor
                                                          Boston, MA 02110
                                                          (617) 304-3848
                                                          BBO# 568027