UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12169-REK |
| ) | |
| HALLMARK HEALTH SYSTEM, INC./ ) | |
| LAWRENCE MEMORIAL HOSPITAL ) | |
| and JULIE CHASE SHAUGHNESSY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT COUNTS II THROUGH X**

By motion filed herewith, the Defendants, Hallmark Health System, Inc./Lawrence Memorial Hospital ("Hallmark") and Julie Chase Shaughnessy ("Ms. Chase")[1], have moved to dismiss Counts II through X of the Amended Complaint. The Plaintiff's federal and state employment discrimination claims (Counts II through VIII) should be dismissed as barred by the exclusivity provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), and because, taking the Amended Complaint's factual allegations as true, the Plaintiff has plainly failed to state cognizable causes of action for disability discrimination, age discrimination and retaliation. The Plaintiff's common law claims (Counts IX and X) should also be dismissed as barred by the exclusivity provisions of the FMLA, as well as the exclusivity provisions of the applicable federal and state employment discrimination statutes and the Massachusetts Workers' Compensation Act, Mass. Gen. L. c. 152 ("WCA"), and/or because they

---

[1] Because Defendant Julie Chase Shaughnessy was known as Julie Chase at most times relevant to this action, the Complaint refers to her as "Defendant Chase" throughout. For clarity, the Defendants will refer to her as

fail to state claims on which relief can be granted.

## FACTS ALLEGED IN AMENDED COMPLAINT[2/]

Aside from "bald assertions, unsupportable conclusions and opprobrious epithets" that need not be considered on a motion to dismiss, Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987), the Plaintiff alleges the following facts:

1) The Plaintiff, who is 62 years old, was a long-time Radiological Technologist for Hallmark (Amended Complaint ¶¶ 5-6);

2) Prior to September 2001, the Plaintiff received positive performance reviews and had an excellent attendance record (¶¶ 8-14);

3) Between September 2001 and June 2003, a series of serious health conditions required the Plaintiff take various medical leaves, for which the Plaintiff provided Hallmark with medical documentation (¶¶ 7, 13, 15-16);

4) Between September 2001 and July 2003, "because of her need to take medical leave" (¶ 17) and as "punitive and retaliatory action against [the Plaintiff] for taking medical leave" (¶ 20), the Defendants allegedly took various actions against the Plaintiff, to wit:

    a) Ms. Chase sent an email to Human Resources stating that she had to get "rid of" the Plaintiff due to her excessive absenteeism (¶ 21);

    b) Ms. Chase changed the return date on one of the Plaintiff's FMLA leave forms from June 2, 2003 to June 1, 2003 (¶ 22);

    c) On June 3, 2003, Ms. Chase issued a "Notice of Discussion and Corrective Action Report" to the Plaintiff for poor work quality and poor attendance and threatening her

---

"Ms. Chase" herein.

[2/] Although the facts alleged in the Amended Complaint must be taken as true for purposes of this motion, see Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325, 111 S. Ct. 1842, 114 L. Ed. 2d 366 (1991), the Defendants vehemently

with suspension (¶ 24);

        d)    Ms. Chase left this Notice on a chair in the staff lounge where other employees could and did read it (¶¶ 25);

        e)    Ms. Chase sent the Plaintiff "near daily" emails criticizing her work and accusing her of things she did not do (¶ 27); and

        f)    On July 3, 2003, Ms. Chase falsely accused the Plaintiff of taking a break when a patient was waiting and again threatened the Plaintiff with suspension for her ongoing poor work quality (¶ 28).

    5)    As a result of these alleged actions, on Monday, July 7, 2003, the Plaintiff informed Hallmark that she "could not return to work" due to "stress from supervisor," which, she claims, amounted to a constructive discharge (¶ 31-33).

On or about December 1, 2004, the Plaintiff filed the instant Amended Complaint alleging ten separate counts:

1)    violation of the FMLA (¶¶ 35-46);
2)    disability discrimination under the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, § 4 ("FEPA") (¶¶ 47-55);
3)    disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA") (¶¶ 56-64);
4)    violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (¶¶ 65-70);
5)    age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") (¶¶ 71-80);
6)    age discrimination under the FEPA (¶¶ 81-89);
7)    retaliation under the FEPA (¶¶ 90-94);
8)    "interference with protected rights" under the FEPA (¶¶ 95-97);
9)    intentional interference with an advantageous relationship (¶¶ 98-101); and
10)    negligent infliction of emotional distress (¶¶ 102-107).

For the reasons that follow, Counts II through X – that is, all of the counts alleging claims other than retaliation under the FMLA – should be dismissed.

---

deny most every substantive allegation. See Defendants' Answer to Amended Complaint, filed herewith.

## ARGUMENT

I. **The Plaintiff's Employment Discrimination Claims (Counts II Through VIII) Should Be Dismissed.**

   A. **Because The Plaintiff's Sole Remedy For FMLA Violations Is Under the The FMLA, The Plaintiff's Employment Discrimination Claims Are Barred.**

As this Court has held, "the comprehensive detailed enforcement provisions of the FMLA show Congress' intention that the specific remedies set out in Section 2617[3] of the FMLA are the exclusive remedies for the violation of the FMLA." Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998) (footnote not in original). Hence, where a plaintiff attempts to base civil rights-based statutory claims on alleged violations of the FMLA, such claims are precluded by FMLA exclusivity. See Desrochers, 28 F. Supp. 2d at 695 (dismissing Massachusetts Civil Rights Act ("MCRA") claim because such a claim "cannot be based on rights granted by the FMLA . . . The plaintiffs are not entitled to bypass Congress' exclusive remedial scheme for enforcement of their FMLA rights by bringing a state MCRA cause of action"); Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 418-19 (M.D. Pa. 1999) (dismissing § 1983 claim based on FMLA rights); O'Hara v. Mt. Vernon Bd. of Educ., 16 F. Supp. 2d 868, 894 (S.D. Ohio 1998) (same); Jolliffe v. Mitchell, 971 F. Supp. 1039, 1045 (W.D. Va. 1997) (same).

Here, the Plaintiff improperly attempts to base her various employment discrimination claims on alleged FMLA violations. In this regard, the Amended Complaint's "Facts" section plainly states that the Defendants took purportedly adverse employment actions against her

---

[3] The remedies provided for FMLA violations under § 2617 include lost wages, salary, employment benefits and other compensation (29 U.S.C. § 2617(a)(1)(A)(i)), interest (§ 2617(a)(1)(A)(ii)), double damages for bad faith violations (§ 2617(a)(1)(A)(iii)), equitable relief (§ 2617(a)(1)(B)), attorney's fees, expert witness fees and costs (§ 2617(A)(3)).

(Amended Complaint ¶¶ 21-28) "because of her need to take medical leave" (¶ 17) and as "punitive and retaliatory action against [her] for taking medical leave" (¶ 22) – that is, because she took or desired to take FMLA leave and not because of her alleged disability, age or prior protected activity.

The Plaintiff's subsequent attempts to state employment discrimination claims with generic "boilerplate" and "legalese" simply cannot – and do not – overcome the fact that this case, as specifically plead by the Plaintiff, is plainly about nothing more than FMLA rights. For example, in contrast to her very specific factual allegations regarding the Defendants' alleged acts against her in response to her assertion of FMLA rights (see Amended Complaint at ¶¶ 5-34), the Plaintiff – with no factual support or explanation whatsoever – baldly declares in her "Counts" section that she is a handicapped individual (¶¶ 49, 57 and 66) and that she was discriminated against due to such handicap (¶¶ 53, 59 and 68). The Plaintiff follows this formula in her counts for age discrimination and retaliation, baldly concluding – again without factual support – that she was discriminated against because of her age (¶¶ 73, 86), and that she was retaliated against for engaging in some protected activity (¶ 93).

In short, apart from "bald assertions, unsupportable conclusions and opprobrious epithets" that need not be considered on a motion to dismiss, Chongris, 811 F.2d at 37, the Amended Complaint states only a claim for FMLA violations. As such, FMLA exclusivity bars the Plaintiff's employment discrimination claims and Count II through VIII should be dismissed.

**B.    Because The Plaintiff Fails To Plead Claims On Which Relief Can Be Granted, Counts II Through VIII Should Be Dismissed.**

Despite recently doing away with its so-called "heightened pleading standard" for civil rights cases, the Court of Appeals for the First Circuit has continued to emphasize that "notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger." Educadores

- 5 -

Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 67 (1st Cir. 2004) (quoting The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989)).[4] In this regard, "in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally." Id. at 68. See also, Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1270-71 (11th Cir. 2004) ("While Swierkiewicz made clear that pleading a McDonnell Douglas prima facie case was not necessary to survive a motion to dismiss, it did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based").

Here, as described above, the Plaintiff alleges not one single fact to support her claims for disability discrimination (Counts II-IV), age discrimination (Counts V and VI), retaliation (Count VII) and "interference with protected rights" under the FEPA (Count VIII). The Plaintiff instead claims that the Defendants took actions against her (Amended Complaint ¶¶ 21-28) "because of her need to take medical leave" (¶ 17) and as "punitive and retaliatory action against [her] for taking medical leave" (¶ 22) – that is, because she took FMLA leave and not because of her alleged disability, age, or prior protected activity.

The Plaintiff's subsequent attempts to allege discriminatory conduct with non-specific, conclusory allegations are woefully inadequate, even under the less stringent notice pleading standard of Fed. R. Civ. P. 8(a)(2). Educadores Puertorriquenos, 367 F.3d at 67-68. Indeed, the

---

[4] The First Circuit abandoned its heightened pleading standard in response to the Supreme Court's decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), which held that an employment discrimination plaintiff need not plead a prima facie case of discrimination in order to survive a motion to dismiss. Educadores Puertorriquenos, 367 F.3d at 65-68.

Amended Complaint provides absolutely no clue with regard to vital elements of the Plaintiff's claims, including the nature of her alleged disability and requested accommodation, the less-favorable treatment to which she was purportedly subjected because of her age, and the alleged protected activity in which she engaged. As such, the Plaintiff has failed to state viable employment discrimination claims and Counts II through VIII should be dismissed.

### C. Because The Plaintiff's Claim For "Interference With Protected Rights" Under M.G.L. c. 151B Is Duplicative Of Her Other Claims, Count VIII Should Be Dismissed.

In Amended Complaint Count VIII, the Plaintiff attempts to state claim for "interference with protected rights" under the FEPA, alleging that "Defendant Chase interfered with Plaintiff in [sic] exercise or enjoyment of rights granted or protected by Mass. Gen. Laws ch. 151B." Amended Complaint at ¶ 96. However, the Plaintiff also alleges FEPA-based claims for disability discrimination (Count II), age discrimination (Count VI) and retaliation (Count VII). The Plaintiff alleges no facts that would somehow distinguish or separate her "interference" claim from her other FEPA claims – that is, that the Defendants allegedly took action against her for some actionable reason other than her alleged disability, age or prior protected activity. See Amended Complaint at ¶¶ 95-97.

Because the Plaintiff's "interference with protected rights" claim must be based on her alleged disability, age and/or her prior protected activity – for which she has already plead separate claims – that claim is wholly duplicative, redundant and unnecessary. Count VIII should therefore be dismissed.

### III. The Plaintiff's Common Law Claims (Counts IX And X) Should Be Dismissed.

In Counts IX and X, the Plaintiff alleges claims for intentional interference with an advantageous relationship (Amended Complaint at ¶¶ 98-101) and negligent infliction of

emotional distress (¶¶ 102-107). For the reasons that follow, both of these claims should be dismissed.

    A.    **Because The Plaintiff's Sole Remedy For FMLA Violations Is Under The FMLA And Her Sole Remedy For Discrimination In The Workplace Is Under The ADA, The ADEA And/Or The FEPA, The Plaintiff's Common Law Claims Are Barred.**

As noted above, the FMLA provides the exclusive remedy for alleged violations of the FMLA. Desrochers, 28 F. Supp. 2d at 695. Similarly, the ADA, the ADEA and the FEPA provide the exclusive, comprehensive remedial scheme for claims of disability and age discrimination and retaliation in employment. See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) ("The ADEA provides the exclusive federal remedy for age discrimination in employment"); Martell v. Estado Libre Asociado de Puerto Rico, 48 F. Supp. 2d 81, 90 (D.P.R. 1999) ("the ADEA and the ADA respectively provide the exclusive remedies for age and disability discrimination"); M.G.L. 151B, § 4 (prohibiting, inter alia, employer discrimination based on an individual's handicap, age, retaliation, and interference with FEPA rights) and § 9 ("as to acts declared unlawful by section four, the procedure provided in this chapter shall, while pending, be exclusive"); Green v. Wyman-Gordon Co., 422 Mass. 551, 555-58 (1996) (where claims are merely "recast versions of employment discrimination claims" they are barred by c. 151B's exclusivity provision); Charland v. Muzi Motors, 417 Mass. 580, 585-86 (1994) (plaintiff could not assert discrimination claim under the Massachusetts Civil Rights Act because FEPA provides the remedy for employment discrimination).

Here, the Plaintiff's common law claims merely reallege the averments previously made (see ¶¶ 98 and 102), and baldly conclude that Defendant Chase intentionally interfered with the Plaintiff's advantageous business relationship with Hallmark (¶¶ 99-100) and that the Defendants negligently inflicted emotional distress on her by "failing to provide Plaintiff with a workplace

free of unlawful discrimination and harassment" (¶ 103). To the extent that these claims are based on FMLA rights, the FMLA's exclusivity provisions preempt them. See Desrochers, 28 F. Supp. 2d at 695. See also, Rosania v. Taco Bell of Am., Inc., 303 F. Supp. 2d 878, 881 (D. Ohio 2004) (dismissing claims for negligence and compensatory, consequential, emotional distress and punitive damages based on FMLA rights); Kiely v. Univ. of Pittsburgh Medical Center, 200 U.S. Dist. LEXIS 3156, *53-54 (W.D. Pa. Jan. 20, 2000) (dismissing negligence claim based on FMLA rights; Vargo-Adams v. U.S. Postal Serv., 992 F. Supp. 939, 944 (N.D. Ohio 1998) (dismissing wrongful discharge claim as preempted by FMLA).

To the extent that these claims are based on ADA, ADEA and/or FEPA rights, they are also barred. See Tapia-Tapia, 322 F.3d at 745; Martell, 48 F. Supp. 2d at 90; M.G.L. 151B, §§ 4 and 9; Green, 422 Mass. at 555-58; Charland, 417 Mass. at 585-86. Indeed, that the Plaintiff baldly alleges that her negligent infliction of emotional distress claim is based on the Defendants' failure to "provide the Plaintiff with a workplace free of unlawful discrimination and harassment" (¶ 103), is definitive proof that this claim should be barred by the FEPA as a mere "recast version" of an employment discrimination claim. See Green, 422 Mass. at 555-58. Counts IX and X should be barred by FMLA, ADA, ADEA and/or FEPA exclusivity.

**B.     Because An Employee's Sole Remedy For Personal Injuries In The Workplace Is Under The WCA, The Plaintiff's Common Law Claims Are Barred.**

Section 24 of the Massachusetts Workers' Compensation Act, M.G.L. c. 152, § 24 ("WCA"), states that "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ." Based on this provision, it is well-settled law in

Massachusetts that:

> Common law actions are barred by the exclusivity provision of the workers' compensation act where: the plaintiff is shown to be an employee; his condition is shown to be a personal injury within the meaning of the workers' compensation act; and the injury is shown to have arisen out of and in the course of employment.

Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996) (quotation marks and citations omitted).

Emotional distress is a personal injury within the meaning of the WCA. Doe v. Purity Supreme, Inc., 422 Mass. 563, 565 (1996). Intentional torts are covered by WCA exclusivity, even when co-employees commit them, Anzalone v. Massachusetts Bay Trans. Auth., 403 Mass. 119, 124 (1988), and regardless of whether they were acting in the scope of their employment when they committed the tort. Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 215-16 (1998).

Here, each element of the exclusivity test is met by the Plaintiff's allegations. According to the Amended Complaint, the Plaintiff was employed by Hallmark (¶¶ 5-6), the emotional distress she claims to have suffered as a result of her common law claims is a personal injury within the meaning of the WCA (¶¶ 101, 104-107), and all of the factual allegations regarding Hallmark and Ms. Chase arose out of and in the course of her employment (¶¶ 5-34). As such, the Plaintiff's common law claims are barred by the WCA's exclusivity provision and Counts IX and X should be dismissed.

### C.  Because The Plaintiff Fails To State Cognizable Causes Of Action For Either Of Her Common Law Claims, These Claims Should Be Dismissed.

Even if not barred by FMLA, employment discrimination statute or WCA exclusivity, both of the Plaintiff's common law claims should be dismissed for failure to state a claim on which relief can be granted as follows:

### 1. Intentional Interference With An Advantageous Relationship (Count IX).

To prevail on a claim for intention interference with advantageous relations, a plaintiff must prove: 1) she had an advantageous employment relationship; 2) the defendant knowingly induced her employer to break that relationship; 3) the defendant's interference, in addition to being intentional, was improper in motive or means; and 4) harm. Weber v. Community Teamwork, Inc., 434 Mass. 761, 781 (2001). The Plaintiff, who evidently aims this claim at Ms. Chase, has failed to properly allege the second and third elements.

First, Ms. Chase is not alleged to have induced Hallmark to break any employment relationship with the Plaintiff. Rather, the Plaintiff alleges that Ms. Chase's actions "made it impossible for her to continue to perform the requirements of her job and thereby forcing her to resign." Amended Complaint at ¶ 100.

Second, aside from her wholly conclusory allegations (Amended Complaint at ¶¶ 100), the Plaintiff fails to allege any <u>facts</u> that could possibly show the Ms. Chase's purported interference was improper in motive or means. As such, Count IX should be dismissed.

### 2. Negligent Infliction of Emotional Distress (Count X)

To state claim for negligent infliction of emotional distress a plaintiff must allege: 1) that the defendant was negligent; 2) that that she suffered emotional distress as a result of the defendant's negligence; 3) that the emotional distress was caused by the defendant's negligence; 4) that the plaintiff suffered physical harm manifested by objective symptomatology; and 5) that a reasonable person would have suffered emotional distress under the same circumstances. See Payton v. Abbott Labs, 386 Mass. at 540, 557 (1982); Gouin v. Gouin, 249 F. Supp. 2d 62, 73 (D. Mass. 2003).

The Plaintiff utterly fails to allege the elements of this claim. Aside from her conclusory