UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN MITCHELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HALLMARK HEALTH SYSTEM, INC./ )<br>LAWRENCE MEMORIAL HOSPITAL )<br>and JULIE CHASE SHAUGHNESSY, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-cv-12169-REK |

## ANSWER TO AMENDED COMPLAINT

The Defendants, Hallmark Health System, Inc./Lawrence Memorial Hospital and Julie Chase Shaughnessy, hereby answer the correspondingly titled sections and numbered paragraphs of the Amended Complaint as follows:

### Introduction

1. The allegations of paragraph 1 are introductory and/or state conclusions of law to which no response are required. To the extent that a response are required, the Defendants deny the allegations of paragraph 1.

### Parties

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and leave the Plaintiff to her proof in this regard.

3. The Defendants admit the allegations paragraph 3. Further answering the Defendants state that Hallmark Health System, Inc. is the Plaintiff's employer.

4. The Defendants deny the allegations of paragraph 4.

## Facts

5.  The Defendants admit the allegations of paragraph 5.

6.  The Defendants admit that the Plaintiff was a full-time employee and deny the remaining allegations of paragraph 6.

7.  The Defendants deny the allegations of paragraph 7.

8.  The annual reviews referenced in paragraph 8 are documents that speak for themselves and are their own best evidence of their content and import. As such, the Defendants deny the allegations of paragraph 8.

9.  The annual reviews referenced in paragraph 9 are documents that speak for themselves and are their own best evidence of their content and import. As such, the Defendants deny the allegations of paragraph 9.

10. The annual review referenced in paragraph 10 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 10.

11. The annual review referenced in paragraph 11 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 11.

12. The annual review referenced in paragraph 12 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 12.

13. The Defendants deny the allegations of paragraph 13.

14. The Defendants deny the allegations of paragraph 14.

15. The Defendants deny the allegations of paragraph 15.

16. The Defendants deny the allegations of paragraph 16.

17. The Defendants deny the allegations of paragraph 17.

18. The Defendants deny the allegations of paragraph 18.

19. The communication referenced in paragraph 19 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 19.

20. The Defendants deny the allegations of paragraph 20.

21. The email referenced in paragraph 21 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 21.

22. The Defendants deny the allegations of paragraph 22.

23. The Defendants deny the allegations of paragraph 23.

24. The notice referenced in paragraph 24 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 24.

25. The Defendants deny the allegations of paragraph 25.

26. The Defendants deny the allegations of paragraph 26.

27. The Defendants deny the allegations of paragraph 27.

28. The Defendants deny the allegations of paragraph 28.

29. The Defendants deny the allegations of paragraph 29.

30. The Defendants deny the allegations of paragraph 30.

31. The Defendants admit that the Plaintiff quit her employment with Lawrence Memorial Hospital on or about July 7, 2003. The Plaintiffs deny the remaining allegations of

paragraph 31.

32. The notice referenced in paragraph 32 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 32.

33. The Defendants deny the allegations of paragraph 33.

34. The form referenced in paragraph 34 is a document that speaks for itself and is its own best evidence of its content and import. As such, the Defendants deny the allegations of paragraph 34.

## COUNT I
Family and Medical Leave Act – 29 U.S.C. § 2601 et seq.

35. The Defendants incorporate and adopt as a response to paragraph 35 their responses to the preceding paragraphs realleged herein.

36. The Defendants deny the allegations of paragraph 36.

37. The Defendants deny the allegations of paragraph 37.

38. The Defendants deny the allegations of paragraph 38.

39. The Defendants deny the allegations of paragraph 39.

40. The Defendants deny the allegations of paragraph 40.

41. The Defendants deny the allegations of paragraph 41.

42. The Defendants deny the allegations of paragraph 42.

43. The Defendants deny the allegations of paragraph 43.

44. The Defendants deny the allegations of paragraph 44.

45. The Defendants deny the allegations of paragraph 45.

46. The Defendants deny the allegations of paragraph 46.

## COUNT II
Disability Discrimination – Mass. Gen. L. c. 151B, § 4

47-55. The allegations set out in paragraphs 47 through 55 (Count II) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 47 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 48 through 55.

## COUNT III
Americans With Disabilities Act, 29 U.S.C. § 12101 et seq.

56-64. The allegations set out in paragraphs 56 through 64 (Count III) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 56 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 57 through 64.

## COUNT IV
Rehabilitation Act of 1973 – 29 U.S.C. § 701 et seq.

65-70. The allegations set out in paragraphs 65 through 70 (Count IV) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 65 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 66 through 70.

## COUNT V
Age Discrimination in Employment Act – 29 U.S.C. § 621 et seq.

71-80. The allegations set out in paragraphs 71 through 80 (Count V) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do

not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 71 their responses to the preceding paragraphs realleged therein, admit the allegations of paragraph 72 and deny the allegations of paragraphs 73 through 80.

## COUNT VI
Age Discrimination – Mass. Gen. L. c. 151B, § 4

81-89.  The allegations set out in paragraphs 81 through 89 (Count VI) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 81 their responses to the preceding paragraphs realleged therein, admit the allegations of paragraph 82 and deny the allegations of paragraphs 83 through 89.

## COUNT VII
Retaliation – Mass. Gen. L. c. 151B, § 4(4)

90-94.  The allegations set out in paragraphs 90 through 94 (Count VII) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 90 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 91 through 94.

## COUNT VIII
Interference With Protected Rights – Mass. Gen. L. c. 151B, § 4(4A)

95-97.  The allegations set out in paragraphs 95 through 97 (Count VIII) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants

incorporate and adopt as a response to paragraph 95 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 96 and 97.

## COUNT IX
### Intentional Interference With Advantageous Relationship

98-101. The allegations set out in paragraphs 98 through 101 (Count IX) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 98 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 99 through 101.

## COUNT X
### Negligent Infliction of Emotional Distress

102-107. The allegations set out in paragraphs 102 through 107 (Count X) are the subject of a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the Defendants do not respond to same. To the extent that a response is required, the Defendants incorporate and adopt as a response to paragraph 102 their responses to the preceding paragraphs realleged therein and deny the allegations of paragraphs 103 through 107.

Further answering, unless expressly admitted, the Defendants deny each and every allegation contained in the Amended Complaint.

The Defendants deny that the Plaintiff is entitled to any of the relief sought in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted with regard to some or all of her claims.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff is estopped by her own conduct from asserting the claims contained in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The doctrine of laches prevents the Plaintiff from asserting the claims contained in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has waived her right to assert the claims contained in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable administrative prerequisites to her claims.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the applicable statutes of limitations to her claims.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the American With Disabilities Act, 29 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Massachusetts Fair Employment Practices Act, Mass. Gen. L. c. 151B, and/or the Massachusetts Workers' Compensation Act, Mass. Gen. L. c. 152.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Massachusetts' charitable immunity statute, Mass. Gen. L. c. 231, § 85K, the Plaintiff's claims are limited to $20,000.

NINTH AFFIRMATIVE DEFENSE

If the Plaintiff has suffered any damages as a result of the Defendants' conduct, which the Defendants vehemently deny, the Plaintiff has failed to mitigate her damages.

WHEREFORE, the Defendants request that this Court dismiss the Complaint in its entirety and that they be awarded their costs and attorneys' fees.

Respectfully submitted,

HALLMARK HEALTH SYSTEM, INC./
LAWRENCE MEMORIAL HOSPITAL and
JULIE CHASE SHAUGHNESSY

By their attorneys,

*[signature]*
Macon P. Magee (BBO #550602)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller, LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: December 30, 2004

**Certificate of Service**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail ▆▆▆▆ on 12-30-04.

*[signature]*