UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-CV-12169-REK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ANN MITCHELL,                          \*
    Plaintiff                         \*
                                       \*
v.                                     \*
                                       \*
HALLMARK HEALTH SYSTEMS INC./          \*
LAWRENCE MEMORIAL HOSPITAL             \*
JULIE CHASE SHAUGHNESSY                \*
    Defendants                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF ANN MITCHELL'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Ann Mitchell hereby opposes Defendants' Motion to Dismiss Plaintiff's Amended Complaint Counts II-IX. Taking the Amended Complaint's factual allegations as true, Plaintiff has alleged cognizable causes of action on each of these counts.

As this Court knows well, on a Rule 12(b)(6) motion to dismiss, the Court must accept as true the factual averments of the complaint and must draw all reasonable inferences therefrom in Plaintiff's favor. *Educadores Puertorriquenos En Accion et al. v. Hernandez*, 367 F.3D 61, 62 (1st Cir. 2004); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998). It is now settled law that in civil rights cases, as in most other actions, Plaintiff is held only to the notice pleading requirements of Rule 8(a)(2), under which a complaint need only include "a short and plain statement of the claim showing that

the pleader is entitled to relief." *Educadores Puertorriquenos, supra* at 62; F.R.Civ.P. 8(a)(2).

> In civil rights actions, as in the mine-run of other cases for which no statute or Federal Rule of Civil Procedure provides for different treatment, a court confronted with a Rule 12(b)(6) motion may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.[1]

*Educadores Puertorriquenos, supra* at 66.

In the case at bar, Plaintiff has set out, in more detail than required under Rule 8(a)(2), "who did what to whom, when, where, and why, although why, when why means the actor's state of mind, can be averred generally." *Id.* at 68.

Certainly, at this preliminary stage of litigation it cannot be shown "beyond doubt that the plaintiff can prove no set of facts in support of [her] claims which would entitle [her] to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Educadores Puertorriquenos, supra* at 66. Therefore, Defendants' Motion to Dismiss must be denied.

A. **Plaintiff's Employment Discrimination and Related Claims (Counts II-VIII) Are Based Upon Substantive Rights Other Than Those Granted Under The FMLA. Therefore, Plaintiff's Employment Discrimination Claims Are Not Preempted By The FMLA And Defendants' Motion to Dismiss Must Be Denied.**

Contrary to Defendants' assertions, in the instant matter Plaintiff's claims in Counts II-VIII are based on rights granted

---

[1] "All civil rights actions are subject to Rule 8(a)'s notice pleading regime. To the extent that preexisting circuit precedent contradicts this holding, we regard that precedent as abrogated by recent Supreme Court case law." *Educadores Puertorriquenos En Accion Et Al. v. Hernandez*, 367 F.3D 61, 67 (1st Cir. 2004).

under statutes, other than the FMLA, which grant Plaintiff affirmative substantive rights to be free from discrimination, harassment, interference with protected rights and retaliation. (¶ 47-97). See G. L. c. 151B, §§ 4, 4(4), 4(4A); 29 U.S.C. 12101 et seq.; 29 U.S.C. 701 et seq.; 29 U.S.C. 621 et seq.; Cf. Desrochers v. Hilton Hotels, Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998). As a result, Plaintiff's claims in the instant matter are very different from those brought in Desrochers v. Hilton Hotels, Corp., upon which Defendants rely. See Desrochers, supra at 695.

In Desrochers, the plaintiff brought a claim pursuant to the Massachusetts Civil Rights Act ("MRCA"), a statute that grants no independent substantive rights. Id.; See G.L. c. 12, §§11H, 11I. The plaintiff in Desrochers attempted to ground her MRCA claim solely on rights granted pursuant to the FMLA. Desrochers, supra at 695. Because the MRCA granted no independent substantive rights and the Plaintiff's sole basis for the MRCA claim was rights granted under the FMLA, the Court held that the FMLA preempted the plaintiff's MRCA claim. Id.

Unlike Desrochers, in the case at bar, Plaintiff seeks to enforce both state and federal substantive rights separate and distinct from rights granted Plaintiff under the FMLA. See G. L. c. 151B, §§ 4, 4(4), 4(4A); 29 U.S.C. 12101 et seq.; 29 U.S.C. 701 et seq.; 29 U.S.C. 621 et seq.; 29 U.S.C.2601 et seq..

In Counts II, VI-VIII of her amended complaint, Plaintiff seeks to enforce her rights to be free from workplace harassment, discrimination, retaliation, and interference with protected rights under the Massachusetts Fair Employment Practices Act, G. L. c. 151B, §§ 4, 4(4), 4(4A) (¶ 47-55, 81-97). In Counts III-IV, Plaintiff seeks to enforce substantive rights to be free from workplace disability discrimination under the Americans With Disabilities Act, 29 U.S.C. 12101 *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. 701 *et seq.* respectively. (¶56-64). In Count V-VI, Plaintiff seeks to enforce substantive rights to be free from workplace age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* and G.L. c. 151B, § 4. (¶71-89).

For example, in her amended complaint Plaintiff alleged that in 2001 she became handicapped as a result of a serious medical condition that rendered her unable to perform the essential functions of her job at various points in time without reasonable accommodation, *e.g.* limited time off work.[2] (¶7, 15, 47, 49, 50, 51, 56, 58, 60, 65, 66). See G.L. c. 151B, § 1(17-20). However, with reasonable accommodation, including limited amounts of time off, Plaintiff was able to perform the essential functions of the job. (¶ 7, 15, 50, 58). See G.L. c. 151B, § 1(17-20).

---

[2] Under G.L. c. 151B, § 1 "[t]he term "handicapped person" means any person who has a handicap," G.L. c. 151B, § 19; "[t]he term "qualified handicapped person" means a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation

4

Plaintiff alleged that although Defendants were aware of her handicap and of her need for reasonable accommodation they failed to reasonably accommodate her. (¶ 15, 47, 51, 56, 60). Plaintiff also alleged that after becoming handicapped, Defendants, including Defendant Chase, treated her more harshly than non-handicapped employees, e.g. falsely accusing her of poor work quality, sending her nearly daily harassing emails, threatening her with suspension, leaving a written warning in a public place for others to see, and ultimately constructively discharging Plaintiff. (¶17, 18, 20, 24-34, 47, 52-54, 56, 59-63, 65, 68, 69, 90-93, 95, 96).

Plaintiff further alleged that Defendants retaliated against her because of her attempts to secure rights guaranteed to her under law. (¶ 17, 18, 20, 24-30, 90-94). Plaintiff alleged that she complained to Human Resources about Defendants' discriminatory conduct. (¶ 18). Plaintiff alleged that despite knowing of the harassment, Defendant Hallmark Health failed to exercise reasonable care to prevent and promptly correct the harassment and discrimination. (¶ 20, 30).

Plaintiff alleged that after complaining about the discriminatory treatment, Defendants, including Defendant Chase,

---

to his handicap, G.L. c. 151B, § 16; "[t]he term "handicap" means (a) a physical or mental impairment which substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment, but such term shall not include current, illegal use of a controlled substance as defined in section one of chapter ninety-four C; G.L. c. 151B, § 17; and "[t]he term "major life activities" means functions,

continued and intensified their harassment of Plaintiff, including but not limited to leaving a notice of corrective action that threatened Plaintiff with suspension on a chair in the staff lounge where others could and did read it, sending almost daily harassing e-mails to Plaintiff, falsely accusing plaintiff of things she did not do, and ultimately forcing her from her job. (¶ 17, 18, 20, 24-34, 47, 52-54, 56, 59-63, 65, 68, 69, 90-96).

Plaintiff alleged further that prior to becoming handicapped, her supervisor described her as an "excellent technologist," who was "excellent with patients." (¶ 8). Her annual reviews repeatedly found that she "exceeds standards" in most categories. (¶ 9, 10). Plaintiff's Overall Performance/Competency Rating in her May 2001 Annual Review was "Exceeds standard." (¶ 12).

In addition, Plaintiff alleged that she is 62 years old, that she was the oldest radiology technician at Defendant Hallmark Health/Lawrence Memorial Hospital, and that she had worked at Lawrence Memorial Hospital since 1959. (¶ 5, 81, 82). Plaintiff alleged that, because of her age, Defendants discriminated against her by treating her more harshly than younger employees and by making employment decisions based upon inaccurate and stigmatizing stereotypes about Plaintiff's age, including but not limited to telling Plaintiff that she should

---

including, but not limited to, caring for one's self, performing manual tasks, walking, seeing,

retire, and when she did not, forcing her from her job. (¶ 21, 24, 27, 28, 33, 34, 52-54, 59, 61-63, 69, 71-89). *See Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999), cert. denied, 528 U.S. 1161, 145 L. Ed. 2d 1082, 120 S. Ct. 1174 (2000) (Employment decisions based on stereotypical thinking about a protected characteristic or members of a protected class, whether conscious or unconscious, are actionable); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 123 L. Ed. 2d 338, 113 S. Ct. 1701 (1993) (unlawful employment practice under Federal age discrimination law to make decisions on "basis of inaccurate and stigmatizing stereotypes"). Plaintiff also alleged that Defendants hired a younger less experienced employee to replace her. (¶ 77, 87).

Plaintiff further alleged that she notified Defendants that she believed that Defendants were engaging in discriminatory conduct and that Defendants retaliated against her. (¶ 18, 90-93). Plaintiff further alleged that through her actions Defendant Chase interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by law. (¶ 24-29, 31-34, 52-54, 59-63, 68, 69, 73, 74, 76-79, 83, 84, 86-88, 92-93, 95-97).

Rather than being a recast version of Plaintiff's FMLA claim, each of Plaintiff's claims in Counts II-VIII are based upon statutes that grant to Plaintiff substantive rights that are

---

hearing, speaking, breathing, learning and working," G.L. c. 151B, § 20.

7

separate and distinct from the rights granted to her under the FMLA. *See* G. L. c. 151B, §§ 4, 4(4), 4(4A); 29 U.S.C. 12101 *et seq.*; 29 U.S.C. 701 *et seq.*; 29 U.S.C. 621 *et seq.* Therefore, Plaintiff's claims in Counts II-VIII are not preempted by the FMLA and Defendants' Motion to Dismiss Counts II-VIII must be denied.

B. **For Each of Her Disability Discrimination and Related Claims (Counts II, III, IV, VII, VIII), Plaintiff Has More Than Met the Notice Pleading Requirements of Rule 8(a)(2). Thus, Defendants' Motion to Dismiss Must Be Denied.**

Contrary to Defendants' assertions, in the facts section of her Amended Complaint and in Count II (Disability Discrimination, G.L. c. 151B), Count III (ADA), Count IV (Rehabilitation Act 1973), Count VII (Retaliation), and Count VIII (Interference with Protected Rights), Plaintiff has more than met the notice pleading requirements of Rule 8(a)(2). See F.R.Civ.P. 8(a)(2); *Educadores Puertorriquenos En Accion Et Al. v. Hernandez*, 367 F.3D 61, 62 (1st Cir. 2004).

In her amended complaint, Plaintiff alleged that in 2001 she became handicapped as a result of serious health conditions that interfered with one or more major life activities. (¶ 7, 15, 47, 49, 50, 56, 58, 65, 66). Plaintiff alleged that her handicap rendered her unable to work at various points in time without reasonable accommodation. (¶ 7, 15, 47, 51, 56, 60). However, with reasonable accommodation, including but not limited to limited amounts of time off, Plaintiff was able to perform the

8

essential functions of the job. (¶ 7, 15, 50, 58). Plaintiff alleged that although Defendants were aware of her handicap and of her need for reasonable accommodation, they failed to reasonably accommodate her need for time off due to her handicap. (¶ 15, 47, 51 60).

Plaintiff alleged that prior to becoming handicapped, her supervisor described her as an "excellent technologist," who was "excellent with patients." (¶ 8). Her annual reviews repeatedly found that Plaintiff "exceeds standards" in most categories. (¶ 9, 10). Ms. Mitchell's Overall Performance/Competency Rating in her May 2001 Annual Review was "Exceeds standard." (¶ 12).

After becoming handicapped or being perceived as handicapped, Defendants, including Defendant Chase, began treating Plaintiff more harshly than non-handicapped employees, e.g. accusing her of poor work quality, threatening her with suspension, and ultimately constructively discharging Plaintiff (¶17, 18, 24-28, 30-34, 47, 52-54, 56, 59-63, 65, 68, 69, 90-93, 95, 96).

Plaintiff further alleged that she notified Defendants that she believed that Defendants were engaging in discriminatory conduct, that Defendants retaliated against her for trying to secure her right to a discrimination free workplace, and that through her actions Defendant Chase interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by law. (¶ 18, 24-29, 31-34, 52-54, 59-63, 68, 69, 73, 74, 76-79, 83, 84,

86-88, 90-93, 95-97). See G. L. c. 151B, §§ 4(4), 4(4A). In addition, Plaintiff alleged that despite knowing of the harassment, Defendant Hallmark Health failed to exercise reasonable care to prevent and promptly correct the harassment and discrimination. (¶ 20, 30).

Plaintiff alleged that Defendants, including Defendant Chase, continued and intensified their harassment of Plaintiff after Plaintiff complained of the discriminatory conduct, including but not limited to leaving a notice of corrective action that threatened Plaintiff with suspension on a chair in the staff lounge where others could and did read it, sending almost daily harassing e-mails to Plaintiff, falsely accusing plaintiff of things she did not do, and ultimately forcing her from her job. (¶17, 18, 20, 24-34, 47, 52-54, 56, 59-63, 65, 68, 69, 90-93, 95, 96).

Given these allegations, Plaintiff has more than met the notice pleading requirements of Rule 8(a)(2). *See Puertorriquenos En Accion Et Al. v. Hernandez*, 367 F.3D 61, 62 (1st Cir. 2004); F.R.Civ.P. 8(a)(2). Therefore, Defendants' attempt to impose heightened pleading requirements on Plaintiff must be denied, and Defendants' Motion to Dismiss Counts II-IV, VII-VIII should be DENIED. *See Conley v. Gibson*, 355 U.S. 41, 45-48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Educadores Puertorriquenos, supra* at 66.

C.  **For Each of Her Age Discrimination and Related Claims (Counts V-VIII), Plaintiff Has More Than Met the Notice Pleading Requirements of Rule 8(a)(2). Thus, Defendants' Motion to Dismiss Must Be Denied.**

Contrary to Defendants' assertions, in the facts section of her Amended Complaint and in Count V (ADEA), Count VI (G.L. c. 151B), Count VII (Retaliation), and Count VIII (Interference with Protected Rights), Plaintiff has more than met the notice pleading requirements of Rule 8(a)(2). See F.R.Civ.P. 8(a)(2); *Educadores Puertorriquenos En Accion Et Al. v. Hernandez*, 367 F.3D 61, 62 (1st Cir. 2004).

In her amended complaint, Plaintiff alleged that at 62 years old she is a member of a protected class. (¶ 5, 81, 82). Plaintiff further alleged that because of her age, Defendants' discriminated against her. (¶ 27, 28, 71-89, 83-87). See 29 U.S.C. § 621 *et seq.*, G.L. c. 151B, § 4. Plaintiff alleged that Defendants, including Defendant Chase, treated her more harshly than similarly situated younger employees, including but not limiting to forcing her from her job. (¶ 21, 24, 27, 28, 33, 34, 71-73, 75-78, 81-88 95-97). Plaintiff alleged that Defendants hired a younger, less experienced employee to replace her. (¶ 77, 87).

Plaintiff also alleged that Defendants made employment decisions based upon inaccurate and stigmatizing stereotypes about Plaintiff's age. (¶ 74, 84). As an example, Plaintiff alleged that due to her age, Defendants told Plaintiff that she

should retire, and when she did not Defendants forced her from her job. (¶5, 33, 34, 71, 74, 75, 77, 81, 82, 84-88). Case law is clear that employment decisions based on stereotypical thinking about a protected characteristic or members of a protected class, whether conscious or unconscious, are actionable. *See Thomas v. Eastman Kodak Co.*, 183 F.3d 38, 42 (1st Cir. 1999), cert. denied, 528 U.S. 1161, 145 L. Ed. 2d 1082, 120 S. Ct. 1174 (2000); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 123 L. Ed. 2d 338, 113 S. Ct. 1701 (1993) (unlawful employment practice under Federal age discrimination law to make decisions on "basis of inaccurate and stigmatizing stereotypes").

Plaintiff further alleged that she notified Defendants that she believed that Defendants were engaging in discriminatory conduct and that Defendants retaliated against her for trying to secure her right to a discrimination free workplace. (¶ 17, 18, 20, 24-30, 90-94). See G. L. c. 151B, § 4(4). Plaintiff additionally alleged that Defendant Chase interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by law (as set out in Section D below). (¶ 18, 24-29, 31-34, 52-54, 59-63, 68, 69, 73, 74, 76-79, 83, 84, 86-88, 90-93, 95-97). G. L. c. 151B, § 4(4A).

Given Plaintiff's allegations in her facts section and in Counts V-VIII, Plaintiff has more than met the notice pleading requirements of Rule 8(a)(2). *See Puertorriquenos En Accion Et Al. v. Hernandez*, 367 F.3D 61, 62 (1st Cir. 2004); F.R.Civ.P.

(8)(a)(2).   As a result, Defendants' Motion to Dismiss Counts V-VIII must be denied.

D.  <u>Plaintiff's Claim for "Interference with Protected Rights" Is Not Duplicative of Plaintiff's Other Claims.  Rather, It Is A Separate and Distinct Statutory Claim That Is An Integral Part of the Statutory Scheme Set Out in G.L. c. 151B.  Therefore Defendants' Motion to Dismiss Count VIII Must Be Denied.</u>

Contrary to Defendants' assertions, Plaintiff's claim for interference with protected rights, brought pursuant to G.L. c. 151B, § 4(4A), is not duplicative of Plaintiff's other claims. While G.L. c. 151B, § 4 imposes liability on the employer for unlawful discrimination; it does not impose individual liability. G.L. c. 151B, §4 ("It shall be an unlawful practice for *an employer*, by himself or through his agent…" (emphasis added)).

In contrast, G.L. c. 151B, §4(4A) provides that it shall be an unlawful practice

> [f]or *any person* to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this chapter.

G.L. c. 151B, § 4(4A) (emphasis added).

In Count VIII of her amended complaint, Plaintiff alleges that Defendant Chase interfered with Plaintiff in the exercise or enjoyment of rights granted or protected by G.L. c. 151B, including her right to be free from a hostile work environment, her right to be free from disability and age discrimination, and

her right to be free from retaliation. (¶ 95-97). In her amended complaint, Plaintiff recounted a multitude of ways that Defendant Chase's deliberate discriminatory and hostile treatment and intentional acts interfered with her protected rights. (¶ 17, 20, 21, 22, 24-29, 31-34, 51-54, 83-84, 86-88, 92-93, 95-97).

Given these allegations, Plaintiff has more than sufficiently plead her claim for individual liability against Defendant Chase pursuant to G.L. c. 151B, § 4(4A). (¶95-97). Since Plaintiff's claim under G.L. c. 151B, §4(4A) is based upon Defendant Chase's individual liability for her discriminatory conduct, and given that § 4(4A) is an integral part of the statutory scheme set out in G.L. §151B, Plaintiff's claims in Count VIII are not duplicative of her other claims and Defendants' motion to dismiss Count VIII of Plaintiff's amended complaint must be denied. *See* G.L. c. 151B, §§ 4, 4(4A); *see Beaupre v. Cliff Smith & Asso.*, 50 Mass. App. Ct. 480 (2001); *see also Mervcurio v. Atamian Volkswagen, Inc.*, 25 M.D.L.R. 55 (2003).

E. **PLAINTIFF'S COMMON LAW CLAIM OF INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP IS NOT PREEMPTED BY HER STATUTORY CLAIMS. THUS, DEFENDANTS' MOTION TO DISMISS COUNTS IX SHOULD BE DENIED.**

Contrary to Defendants' assertions, Plaintiff's common law claim of intentional interference with advantageous relationship (Count IX) is not barred by the FMLA, ADA, ADEA, FEPA or Worker's

Compensation Act ("WCA"), as Plaintiff's claim is not based on rights granted under these statutes. *See* 29 U.S.C. § 2601 et seq., G. L. c. 151B, §§ 4, 4(4), 4(4A); 29 U.S.C. 12101 *et seq.*, 29 U.S.C. 701 *et seq.*, 29 U.S.C. 621 *et seq.* Rather, Plaintiff's common law claim of intentional interference with contractual relations is grounded in tort and contract principles that are separate and distinct from, and predate, the rights granted to Plaintiff by the FMLA, ADA, ADEA, FEPA or WCA. *See Comey v. Hill,* 387 Mass. 11, 20 (1982); *Melley v. Gillette Corp.,* 19 Mass.App.Ct. 511, 521-513 (1985), aff'd 397 Mass. 1004 (1986); *Guzman v. Lowinger,* 422 Mass. 570, 571 (1996) (Chapter 151B only bars "new" common law claims); *Green v. Wyman-Gordon Co.,* 422 Mass. 551, 555 (1996) ("claimants may bring common law claims against employers which are grounded in tort and contract principles established prior to the adoption of c. 151B).

In Count IX of her amended complaint Plaintiff alleges that she had an advantageous business relationship with Defendant Hallmark Health, of which Defendant Chase was aware (¶99), that Defendant Chase knowingly induced Defendant Hallmark Health to breach its advantageous relationship with Plaintiff by constructively discharging her (¶ 30, 33, 34), that Defendant Chase acted out of improper motive or improper means (¶22-29, 100), and that Defendant Chase's conduct caused Plaintiff actual pecuniary harm (¶101). Plaintiff also alleged that Defendant Chase's unrelenting harassment prevented Plaintiff from

performing her job. (¶ 31). *See Boyle v. Boston Foundation, Inc.*, 788 F.Supp. 627, 630 (D.Mass. 1992) (Court denied Defendant's motion to dismiss based upon Plaintiff's resignation given Plaintiff's allegation that harassment by her supervisor interfered with her employment contract by preventing her from performing her job or by making performance more burdensome); *see also Ruffino v. State St. Bank & Trust Co.*, 908 F. Supp. 1019, 1051 (D.Mass. 1995) (an employee who resigns may bring a claim for intentional interference with contractual relations); *see also Draghetti v. Chmielewski*, 416 Mass. 808, 816-817 (1994) (knowing misrepresentation supports claim of "improper means," strained relations between the parties and retaliatory action can support claim for improper motive).

As Plaintiff's claim is grounded in tort and contract principles that are separate and distinct from, and predate, the rights granted to Plaintiff by the FMLA, ADA, ADEA, FEPA or WCA, Plaintiff's common law claim of intentional interference with advantageous relationship is not preempted by her statutory claims. *See Comey v. Hill,* 387 Mass. 11, 20 (1982); *Melley v. Gillette Corp.,* 19 Mass.App.Ct. 511, 521-513 (1985), aff'd 397 Mass. 1004 (1986); *Guzman v. Lowinger,* 422 Mass. 570, 571 (1996); *Green v. Wyman-Gordon Co.,* 422 Mass. 551, 555 (1996).

Additionally, in the case of the Worker's Compensation Act, since personal injury is not an essential element of an intentional interference with contractual relationship claim, the

Worker's Compensation Act does not preempt Plaintiff's claim. See G.L. c. 152, § 24; *Foley v. Polaroid Corp.*, 400 Mass. 82 (1987). Accordingly, Defendants' motion to dismiss Count IX must be denied.

Based upon the above, Plaintiff respectfully requests that Defendants' Motion to Dismiss Counts II-IX be DENIED.

February 7, 2004

Respectfully submitted,
ANN MITCHELL
By Her Attorney,

Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027

### Certificate of Service

I, Alice Whitehill Wiseberg, Esq., hereby certify that on this date a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage prepaid.

February 7, 2005

Alice Whitehill Wiseberg