UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANN MITCHELL,<br>    Plaintiff<br><br>    v.<br><br>HALLMARK HEALTH SYSTEM, INC.,<br>    LAWRENCE MEMORIAL<br>    HOSPITAL,<br>    and JULIE CHASE<br>    SHAUGHNESSY,<br>    Defendants | CIVIL ACTION<br>NO. 04-12169-REK |

**Memorandum and Order**
March 1, 2005

### I. Pending Matters

Currently pending before the court are matters related to the following filings:

(1) Motion to Dismiss Amended Complaint Counts II Through X (Docket No. 16, filed December 30, 2004);

(2) Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Complaint Counts II Through X (Docket No. 17, filed December 30, 2004);

(3) Plaintiff Ann Mitchell's Opposition to Defendants' Motion to Dismiss (Docket No. 20, filed February 7, 2005); and

(4) Letter from John Simon with Attached Page 12 of Memorandum of Law in Support of Defendants' Motion to Dismiss (Docket No. 21, filed January 4, 2005).

## II. Procedural Background

The plaintiff originally filed this action on September 26, 2004, in the Superior Court for Middlesex County. (Notice of Removal, Docket No. 1, filed October 15, 2004) Notice of removal was filed on October 15, 2004. (Id.)

The defendants filed a motion to dismiss the complaint on October 22, 2004. (Docket No. 4)

An assented to motion to amend the plaintiff's complaint and a proposed amended complaint were filed by the plaintiff on November 15, 2004. (Docket Nos. 10 and 11) At a hearing held on December 1, 2004, I granted the motion to amend. In light of this ruling, I held that the defendants' motion to dismiss was moot.

The defendants filed a new motion to dismiss on December 30, 2004. (Docket No. 16) The plaintiff filed her opposition on February 7, 2005. (Docket No. 20) I heard argument on the motion to dismiss on February 16, 2005. The matter is now ripe for ruling.

## III. Analysis

**A.     Introduction**

The defendants' motion seeks dismissal of counts II-X of the plaintiff's amended complaint. I will briefly outline the subject of each of the counts:

- Count II: disability discrimination under the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B, § 4 ("MFEPA")
- Count III: disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA")
- Count IV: violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.
- Count V: age discrimination under the Age Discrimination in Employment

- Act, 29 U.S.C. § 621 et seq. ("ADEA")
- Count VI: age discrimination under the MFEPA
- Count VII: retaliation under the MFEPA
- Count VIII: interference with protected rights under the MFEPA
- Count IX: intentional interference with an advantageous relationship ("Intentional Interference")
- Count X: negligent infliction of emotional distress ("NIED").

The defendants contend that the above mentioned claims must be dismissed. They argue that:

- because the plaintiff's sole remedy for FMLA violations is under the FMLA, the plaintiff's employment discrimination claims (counts II through VII) are barred;
- because the plaintiff fails to plead claims on which relief can be granted, the plaintiff's employment discrimination claims (counts II through VII) should be dismissed;
- because the plaintiff's claim for "interference with protected rights" under Mass. Gen. Laws ch. 151B is duplicative of her other claims, count VIII should be dismissed;
- because an employee's sole remedy for personal injuries in the workplace is under the Worker's Compensation Act ("WCA") Mass. Gen. Laws ch. 152, § 24, the plaintiff's common law claims (counts IX and X) are barred;
- because the plaintiff's sole remedy for FMLA violations is under the FMLA and her sole remedy for discrimination in the workplace is under the ADA, the ADEA, and/or the MFEPA, the plaintiff's common law claims (counts IX and X) are barred; and
- because the plaintiff fails to state cognizable causes of action for either of her common law claims (counts IX and X) should be dismissed.

(Memorandum of Law in Support of Defendants' Motion to Dismiss, Docket No. 17) At the hearing held on February 16, 2005, the plaintiff indicated that she stipulates to the dismissal of count X of her complaint. Therefore, I will order that count X be dismissed and address the defendants' remaining arguments.

**B.    Standard of Review**

A "court can dismiss for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." In re New England Mut. Life Ins. Co. Sales Practices Litigation, 236 F. Supp. 2d 69, 73 (D. Mass. 2002) (quoting Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) (internal quotation marks deleted)). A "court must accept all well pleaded factual allegations" in the complaint "as true and must give plaintiff the benefit of all reasonable inferences." Id. (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). In addition, in applying Federal Rule of Civil Procedure 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," a court "should continue to 'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets.'" Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66–68 (1st Cir. 2004) (quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)).

**C.    Defendants' Contentions**

**1.    Does the Family and Medical Leave Act Preclude Other Substantive Employment Discrimination Claims?**

The defendants apparently contend that a litigant can sue under only the FMLA for actions that violates the FMLA even if those actions are motivated by an animus that is prohibited by other substantive provisions and the facts alleged would be sufficient to state a claim pursuant to those other provisions. In support of this contention, the defendants point to a series of cases

that hold the FMLA precludes suit under § 1983 and the Massachusetts Civil Rights Act ("MCRA").

The defendants' argument is without merit.  Section 1983 and the MCRA do not create substantive rights; they merely provide mechanisms to enforce substantive rights.  The cases cited by the defendants hold that because the FMLA provides specific remedies of its own, it precludes suit under § 1983 and the MCRA.  The main case cited by the defendants goes on to explain the reason for this preclusion: "plaintiffs are not entitled to bypass Congress' exclusive remedial scheme for enforcement of their FMLA rights. . . ."  Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 695 (D. Mass. 1998).  When a plaintiff sues under the ADA, the ADEA, and other statutes, the plaintiff is enforcing other substantive rights pursuant to remedial schemes provided for by those statutes; in no sense is such a plaintiff bypassing Congress' remedial scheme.  The plaintiff is entitled to enforce all of her substantive rights.  Therefore, the plaintiff's claims of discrimination under the ADA, the ADEA, and the MFEPA are not barred by the FMLA.

**2.    Does the Plaintiff Adequately State Her Employment Discrimination Claims?**

The defendants contend that the plaintiff's employment discrimination claims must be dismissed because "the Plaintiff alleges not one single fact to support her claims for disability discrimination (counts II-IV), age discrimination (counts V and VI), retaliation (Count VII) and 'interference with protected rights' under the MFEPA (count VIII)." (Defs.' Mem., Docket No. 17 at 6) The defendants' argument is without merit.

Looking at the totality of the complaint, I conclude that the plaintiff alleges facts that, if proved, are sufficient to justify recovery under each of her theories of liability.  See Aulson

v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) ("It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under Rule 12(b)(6) may stand."). Although the defendants are correct that the plaintiff's most specific allegations relate to her FMLA claim, her efforts to surpass the minimal standard in that part of the complaint does not raise the bar for the rest of the complaint.

    **3.**    **Is the Plaintiff's Claim For "Interference With Protected Rights" Under Mass. Gen. Laws ch. 151B So Duplicative That It Should Be Dismissed?**

The defendants contend that the plaintiff's claim for "interference with protected rights" under Mass. Gen. Laws ch. 151B § 4(5) against defendant Chase is wholly duplicative of the plaintiff's other employment discrimination claims brought pursuant to the Mass. Gen. Laws ch. 151B § 4. The defendants contended at the hearing on February 16, 2005, that defendant Chase's conduct is only covered by the aiding and abetting provision of § 4(4A). On the record as it now exists, I am not prepared to rule that defendant Chase can only be liable under § 4(4A) and not under § 4(5). Therefore, I will not dismiss this claim at this time.

    **4.**    **Does the WCA Bar the Plaintiff's Claim of Intentional Interference?**

The defendants contend that the exclusivity provisions of the WCA bars the plaintiff's common law claim of Intentional Interference.

> Common law actions are barred only where: the plaintiff is shown to be an employee; his condition is shown to be a "personal injury" within the meaning of the compensation act; and the injury is shown to have arisen "out of and in the course of . . . employment." [Mass. Gen. Laws ch.] 152, [§] 26.

Foley v. Polaroid Corp., 381 Mass. 545, 548–49 (1980). "A claim against a fellow worker for the commission of an intentional tort will be barred by the exclusivity clause of the Workers'

Compensation Act, [Mass. Gen. Laws ch.] 152, § 24, if committed within the course of the worker's employment and in furtherance of the employer's interest." Catalano v. First Essex Sav. Bank, 37 Mass. App. Ct. 377, 381–82 (1994) (citing O'Connell v. Chasdi, 400 Mass. 686, 690–91(1987)).  Since, on this record, it is not possible to "say that the plaintiff[] cannot prove any set of facts demonstrating that [defendant Chase]'s actions were not within the course of [her] employment or not in the furtherance of [her] employer's interests[,]" I cannot dismiss the plaintiff's claim on this ground at this time. See Catalano, 37 Mass. App. Ct. at 382 (citing Nader v. Citron, 372 Mass. 96, 97–98 (1977)).

### 5. Does the FMLA, the ADA, the ADEA, or the MFEPA Bar the Plaintiff's Claim of Intentional Interference?

The defendants contend that each of the FMLA, the ADA, the ADEA, and the MFEPA bars the plaintiff's common law claim.  The FMLA, the ADA, and the ADEA do not prevent states from enacting their own substantive protections.  See e.g. Desrochers, 28 F. Supp. 2d at 695 n.1.  The MFEPA, however, does exclude some common law causes of action. Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (noting that, "where applicable, G.L. c. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections").  The plaintiff's claim of Intentional Interference, as applied to defendant Chase, is adequately stated to survive this motion to dismiss.  The claim of Intentional Interference is based on established tort law so it is not barred by the exclusivity provision of the MFEPA.  See Green v. Wymann-Gordon Co., 422 Mass. 551, 558 (1996); Comey v. Hill, 387 Mass. 11, 20 (1982).

7

**6.     Does the Plaintiff Adequately Plead Her Claim of Intentional Interference?**

The defendants attack the sufficiency of plaintiff's Intentional Interference claim against defendant Chase. The elements of an Intentional Interference claim are:

> (1) the existence of a . . . business relationship which contemplated economic benefit; (2) the defendant['s] knowledge of the . . . business relationship; (3) the defendant['s] intentional interference with the . . . business relationship for an improper purpose or by improper means; and (4) damages.

Swanset Dev. Corp. v. Taunton, 423 Mass. 390, 397 (1996). The defendants' main argument is that, since the plaintiff resigned, her allegations are insufficient to state a claim. The plaintiff is not precluded from stating a claim for Intentional Interference merely because she resigned. See Shafir v. Steele, 431 Mass. 365, 368–371 (2000) (discussing intentional interference with a contractual relationship). See also Boyle v. Boston Foundation, Inc., 788 F.Supp. 627, 630 (D. Mass. 1992). I conclude that the plaintiff's complaint adequately alleges facts that state a claim of Intentional Interference.

**ORDER**

For the foregoing reasons it is ORDERED:

(1) Count X of the plaintiff's Amended Complaint is Dismissed.

(2) Defendants' Motion to Dismiss Amended Complaint Counts II Through X (Docket No. 16) is ALLOWED in part and DENIED in part, as noted in Part III.C.

(3) The next Case Management Conference is set for **Wednesday, October 12, 2005, at 2 p.m.**

                                              /s/Robert E. Keeton
                                              Robert E. Keeton
                                        Senior United States District Judge