UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*****************************
ANN MITCHELL,                    *
              Plaintiff          *
                                 *
v.                               *       CIVIL ACTION NO. 04-CV-12169-REK
                                 *
HALLMARK HEALTH SYSTEMS/         *
LAWRENCE MEMORIAL HOSPITAL       *
JULIE CHASE SHAUGHNESSY          *
              Defendants         *
*****************************
```

### PLAINTIFF'S MOTION FOR LEAVE TO PROPOUND MORE THAN TWENTY-FIVE INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26(b), 33 and 37, and Local Rule 7.1, 26.1, 33.1, 37.1, Plaintiff Ann Mitchell ("Plaintiff") hereby moves this Honorable Court to allow Plaintiff to propound more than 25 interrogatories. As reasons therefore, Plaintiff states that pursuant to Fed. R. Civ. P. 26, 33 and Local Rule 26.1(c), this Court may allow Plaintiff to propound more than 25 interrogatories where doing so would not violate the spirit of the rules. Fed. R. Civ. P. 26, 33 and Local Rule 26.1(c). "Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 33(a).

In the case at bar, Plaintiff's complaint contains 9 remaining counts, including violation of the FMLA, age and disability discrimination under both federal and state law, both of which are based upon disparate treatment analysis, retaliation, interference of protected rights, and intentional interference with advantageous relationship. Each of these counts requires Plaintiff to prove numerous distinct elements.

In addition to Plaintiff's numerous claims, Defendant Hallmark Health stated in its answers to Plaintiff's interrogatories that the information provided is "not based upon the personal knowledge of any one individual" and that the affirmation signed by Defendant's in-house counsel "does not purport to be an affirmation that the individual so signing has, or has

based his answers on, personal knowledge of all the information set forth herein." Defendant also stated that seven different individuals (one of whom recently died) "provided information contained in the interrogatory responses."

Defendant only answered two of Plaintiff's 25 numbered interrogatories and both of those only partially. Defendants refused to answer any additional interrogatories and those they did answer fully, based upon Defendants claim that when the subparts are counted, the first two numbered interrogatories total more than 25 individual interrogatories.

Plaintiff, who has not worked regularly since July 2003, cannot possibly afford to conduct numerous depositions, if any at all. She certainly cannot afford to conduct at least 6 different depositions to get first-hand accounts of what Defendant alleges occurred just in the first two interrogatories. Therefore, Plaintiff has no choice but to use detailed interrogatories in an attempt to ascertain the information she needs to prove her claims.

Therefore, Plaintiff's pursuit of discoverable information via interrogatories is consistent with the purpose of discovery, which is to make trial "less a game of blind man's bluff and more *a fair contest* with the basic issues and facts disclosed *to the fullest practicable extent possible* (emphasis added)." *United States v. Procter & Gamble,* 356 U.S. 677, 683, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958).

Under the facts of this case, given Plaintiff's numerous remaining claims and very limited financial means, Plaintiff's request for leave to file more than 25 interrogatories is consistent with the principles of the rules of discovery. Wherefore, for the reasons set forth in Counsel's Affidavit, attached hereto as Exhibit A and incorporated herein by reference, and in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion For Leave to Propound More Than 25 Interrogatories, Plaintiff respectfully requests that this Honorable Court ALLOW her to serve on Defendants the interrogatories contained in Exhibits B and C.

## REQUEST FOR ORAL ARGUMENT

**Plaintiff hereby requests oral argument on this motion.**

Respectfully submitted,

ANN MITCHELL

*[signature]*
Ann Mitchell

ANN MITCHELL
By Her Attorney,

*[signature]*
Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027

### Certification Pursuant to Local Rule 7.1(A)(2) and Local Rule 26.1

I hereby certify, pursuant to Local Rule 7.1(A)(2) and Local Rule 26.1, that on November 7, 2005 and November 8, 2005, and a various times subsequently, I contacted Defendants counsel, John Simon, by telephone and we discussed for approximately 30 minutes this discovery dispute in a reasonable and good faith effort to resolve and or narrow the issues addressed in this motion. Unfortunately, despite counsels' best efforts, a mutually agreeable resolution to the dispute could not be reached.

*[signature]*
Alice Whitehill Wiseberg

### Certificate of Service

I, Alice Whitehill Wiseberg, Esq., hereby certify that on this date a true copy of the above document was served upon the attorney of record for each other party by first-class mail, postage prepaid.

*[signature]*
Alice Whitehill Wiseberg

November 25, 2005