UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12169-REK

*************************************
ANN MITCHELL,                        *
    Plaintiff                        *
                                     *
v.                                   *
                                     *
HALLMARK HEALTH SYSTEMS/             *
LAWRENCE MEMORIAL HOSPITAL           *
JULIE CHASE SHAUGHNESSY              *
    Defendants                       *
*************************************

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROPOUND MORE THAN TWENTY-FIVE INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26(b), 33 and 37, and Local Rule 7.1, 26.1, 33.1, 37.1, Plaintiff Ann Mitchell ("Plaintiff") has moved this Honorable Court to propound additional interrogatories. Pursuant to Fed. R. Civ. P. 26 (b), 33(a) and Local Rule 26.1, 26.2, this Court may allow Plaintiff to propound additional interrogatories where doing so would not violate the spirit of the rules of discovery. Fed. R. Civ. P. 26 (b), 33(a) and Local Rule 26.1(c), 26.2,

In December 2004 Plaintiff filed her amended complaint in this Court. After a hearing on Defendants' Motion to Dismiss, Plaintiff proceeded on her remaining nine counts, which include violation of the Family and Medical Leave Act, disability and age discrimination under both state and federal law, retaliation, interference with protected rights, and intentional interference with advantageous relationship. In addition to the multiple and varied counts, in a disparate treatment case such as this, Plaintiff must prove not only how Defendant treated Plaintiff, but also that Defendant treated other similarly situated individuals less harshly.

In an effort to gather the information necessary to prove her nine surviving claims, much of which rests exclusively in the possession custody and or control of Defendants, on or about July 2, 2005, Plaintiff, who cannot afford to take numerous depositions, if any, and unaware of

the limits imposed by Local Rule 26.1, served 25 comprehensive detailed interrogatories on Defendant Hallmark Health and on Defendant Julie Chase Shaughnessy (who is no longer employed by Defendant Hallmark Health). (Plaintiff's Interrogatories to Defendants are attached hereto as Exhibits B and C and incorporated herein by reference).

On or about November 3, 2005, four months after having received Plaintiff's interrogatories, Defendant Hallmark Health Systems objected to and refused to answer 23 of Plaintiff's 25 numbered interrogatories, claiming among other things that they exceeded the limit allowed under the rules. Defendant refused to answer Plaintiff's first and second interrogatory completely, arguing among other things that further answering would require Defendant to exceed the 25 interrogatory limit per side. (Defendant Hallmark Health's Answers to Interrogatories are attached hereto as Exhibit D). On or about November 3, 2005, Defendant Chase objected to and refused to answer all of Plaintiff's numbered interrogatories on the grounds that they exceed the limits established by the rules. (Defendant Julie Chase Shaughnessy's Answers to Interrogatories are attached hereto as Exhibit E).

Pursuant to Local Rule 7.1(A)(2) and Local Rule 26.1, at approximately mid-day November 7, 2005 and November 8, 2005, and at other times subsequently, I contacted Defendants' counsel, John Simon, by telephone and for approximately 30 minutes we discussed this discovery dispute in a reasonable and good faith effort to resolve and or narrow the issues addressed in this motion. Unfortunately, despite counsels' best efforts, a mutually agreeable resolution to the dispute could not be reached, making this motion necessary.

The fundamental purpose of discovery rules is to enable parties to obtain information useful in conduct of litigation. *Cheers v Chester Upland School Dist.*, 28 FR Serv 2d 535 (ED Pa. 1979). Toward this end the rules of discovery are to be given broad and liberal

interpretation to allow "either party to compel the other to disgorge whatever facts he has in his possession." *Stonybrook Tenants Ass'n v. Alpert,* 29 FRD 165, 5 FR Serv 2d 517 (DC. Conn. 1961). In the case at bar, given Plaintiff's very limited means, Plaintiff's pursuit of discoverable information via interrogatories is consistent with the purpose of discovery, which is to make a trial "less a game of blind man's bluff and more *a fair contest* with the basic issues and facts disclosed *to the fullest practicable extent possible*" (emphasis added). *United States v. Procter & Gamble,* 356 U.S. 677, 683, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958).

In determining whether to grant a motion to propound more than 25 interrogatories, courts often make a case-by-case analysis, weighing burdensome duplication in a given circumstance with the necessity of the information sought to the party seeking it. *See Duncan v Paragon Publ'g, Inc.,* 204 FRD 127, 51 FR Serv 3d 932 (D. SDIN 2001). When applied to the case at bar, there is no burdensome duplication. Due to Plaintiff's severely limited means as a result of not working regularly since being discharged by Defendants in July 2003, Plaintiff has to rely almost exclusively, if not exclusively, on written discovery. It would be an extreme burden for Plaintiff to pay the costs of even one deposition.

In addition, Defendant Hallmark Health stated in its response to Plaintiff's interrogatories that the information provided in its answers to the two interrogatories it partially answered is "not based upon the personal knowledge of any one individual" and that the affirmation at the end of the interrogatories signed by Defendant's in-house counsel "does not purport to be an affirmation that the individual so signing has, or has based his answers on, personal knowledge of all the information set forth herein." Defendant further stated that seven individuals (one of whom, Mary Adams, Plaintiff's main Human Resources contact, recently died) "provided information contained in the interrogatory responses."

Due to Mary Adams' recent death, Plaintiff now will have no opportunity to discover directly from Ms. Adams what information she provided to Defendants. Therefore, discovery of this information given Plaintiff's severely limited means is most efficient through the use of interrogatories. In addition, since Plaintiff cannot afford to take numerous depositions, if any, Plaintiff also would be severely prejudiced and effectively prevented from discovering the information known by the other six named individuals (and others within Defendant's control who may have relevant and discoverable information sought in Plaintiff's remaining interrogatories) if her request for leave to propound interrogatories in excess of 25 is denied.

The purpose of Plaintiff's detailed interrogatories is to seek out legitimate information that is necessary to Plaintiff's case and directly or indirectly will lead to evidence in support of her case. *See United States v. Grinnell Corp.* 30 FRD 358, 5 FR Serv 2d 564 (D RI 1962). The discovery sought is not unreasonably cumulative or duplicative, it is not obtainable from other sources that are more convenient, less burdensome, or less expensive; Plaintiff has not had ample opportunity by discovery in the action to obtain the information sought; and the burden or expense of the proposed discovery does not outweigh its likely benefit.[1] *See* Fed. R. Civ. P. 26(b). The information Plaintiff seeks is relevant, and if not produced Plaintiff will be nearly impossible, if not impossible, for Plaintiff to prove her case. *See Yeager v Corinthian Colleges, Inc.*, 89 BNA FEP Cas 1688 (E.D. LA 2002).

---

[1] "For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory." Local Rule 26.1(c); *see also Safeco Ins. Co. of Am. v. Rawstron*, 181 FRD 441 (1998, CD Cal), motion gr, motion to strike den, injunction den (1998, CD Cal), 1998 US Dist LEXIS 21413, aff'd 1998 US App LEXIS 29776 (1998, CA9 Cal) (if subparts of interrogatories are subsumed within or necessarily related to primary question, they should be counted as one interrogatory rather than as multiple interrogatories).

When the needs of the case, the amount in controversy, the parties' resources, the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues are weighed, it is clear that Plaintiff's request for leave to propound interrogatories in excess of 25 not only is reasonable, but its allowance is critical to Plaintiff. *See* Fed. R. Civ. P. 26(b); *see also* Counsel's Affidavit attached hereto as Exhibit A and incorporated herein by reference. Wherefore, Plaintiff respectfully requests that her motion to propound interrogatories in excess of 25 be allowed.

Respectfully submitted,
ANN MITCHELL
By Her Attorney,

_____
Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027
