EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************************
ANN MITCHELL,                      *
    Plaintiff                      *
                                   *
v.                                 *   CIVIL ACTION NO. 04-CV-12169-REK
                                   *
HALLMARK HEALTH SYSTEMS/           *
LAWRENCE MEMORIAL HOSPITAL         *
JULIE CHASE SHAUGHNESSY            *
    Defendants                     *
***********************************
```

## COUNSEL'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROPOUND MORE THAN TWENTY-FIVE INTERROGATORIES

I, Alice Whitehill Wiseberg, hereby swear and aver that the following is true and correct to the best of my knowledge and belief:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts.

2. I represent Plaintiff in the instant matter.

3. Not being aware of Local Rule 26.1, on July 2, 2005 I served 25 numbered interrogatories on the corporate defendant and 25 numbered interrogatories on the individual defendant who is no longer working for the corporate defendant.

4. In mid-August 2005, Defendants' counsel contacted Plaintiff's counsel about extending the discovery deadline, purportedly to afford more time to answer/respond to written discovery and to explore settlement possibilities further.

5. In the parties' Joint Motion to Extend the Scheduling Order initiated and drafted by Defendants' counsel, Defendant stated "The parties are in the midst of discovery and need additional time in which to complete exchanging written discovery responses and taking depositions. The parties agree that the additional time requested will allow them to conclude the discovery process in a reasonable, fair and just manner."

6. Defendant also stated "Furthermore, the parties have recently begun re-exploring the possibility of settlement. Thus, once they have determined whether this case can be settled at this juncture, the parties – if necessary – will require time outside of the current deadline in which to complete the discovery."

7. Although there were several brief telephone conversations between counsel regarding offers and counteroffers, Plaintiff's counsel informed Defendant's counsel that she had no authority to go below six figures and Defendants' highest offer was $15,000.00. Given the disparity, both parties acknowledged early on that the likelihood of settlement was very slim. Plaintiff's counsel estimates that the settlement discussions between counsel have taken approximately an hour.

8. Plaintiff agreed to Defendants' request that she join in the joint motion based upon Defendants' representations in the motion that the parties need the additional time to complete written discovery responses and taking depositions and that "the additional time requested will allow them to conclude the discovery process in a *reasonable, fair and just manner*" (emphasis added).

9. On numerous occasions over the course of the four months Defendants had Plaintiff's interrogatories, Plaintiff's counsel asked Defendants' counsel when she might expect answers to interrogatories. Defendants' counsel repeatedly informed Plaintiff's counsel that they were working on answering the interrogatories and would have them to her on various dates, none of which were met.

10. Neither prior to the first status conference nor at the first status conference did Defendants raise with the Court the issue of the number of interrogatories served with counsel, despite having had Plaintiff's interrogatories for approximately three months at the time of the status conference.

11. In response to another inquiry by Plaintiff's counsel in private conversation at the first status conference Defendants' counsel informed Plaintiff's counsel of Defendants' concern about the alleged complexity of Plaintiff's interrogatories.

12. Upon hearing of Defendants' concern, Plaintiff's counsel encouraged Defendants' counsel to confer with her about the interrogatories so that she could clarify for Defendants' the information she was seeking and hopefully resolve the issue.

13. Despite Plaintiff's counsel's overture, Defendants' counsel did not confer further with Plaintiff's counsel to narrow the issues regarding Plaintiff's interrogatories.

14. Rather, on November 4, 2005, four months after Plaintiff served Defendants with her interrogatories, Defendants served their objections and answers to Plaintiff's interrogatories, in which Defendant Hallmark Health objected to each of Plaintiff's 25 interrogatories and partially answered only the first two of Plaintiff's numbered interrogatories. Defendant Chase objected to and refused to answer any and all of Plaintiff's interrogatories.

15. Plaintiff, who has not had steady employment since July 2003 and who is her sole source of support, cannot afford to conduct extensive depositions, if any, in this matter.

16. Plaintiff also learned very recently that one of the key witnesses in this case, Mary Adams, former manager of Defendant's Human Resources Department, with whom Plaintiff had multiple communications about Defendants' unlawful conduct, has died.

17. As a result of Plaintiff's severely limited means and Ms. Adams recent death, if Plaintiff cannot propound the additional interrogatories as requested, Plaintiff will be barred from having benefit of nearly all discovery in this matter, including but not limited to answers to nearly all of the interrogatories propounded to Defendant Hallmark Health and of all the interrogatories propounded to Defendant Chase, who is no longer employed by Defendant Hallmark Health.

18. Given Defendants' representation in its first joint motion to extend the scheduling order, filed in August 2005 approximately 6 weeks after receiving Plaintiff's interrogatories, that "[t]he parties are in the midst of discovery and need additional time in which h to complete exchanging written discovery responses and taking depositions. The parties agree that the additional time requested will allow them to conclude the discovery process in a reasonable, fair and just manner" and then only answering two of Plaintiff's interrogatories four months after Plaintiff served them, and given Defendant's repeated representations to Plaintiff that they were working on the answers to Plaintiff's interrogatories without stating that it/they felt the number of interrogatories exceeded the limits allowed by the rules, and given the number of claims Plaintiff must prove, Plaintiff's very limited means and the purposes of discovery, denying Plaintiff's motion would essentially prevent her from being able to discover essential information within Defendants' exclusive possession custody and control necessary for Plaintiff to prove her claims.

19. Plaintiff's counsel believes that allowance of this motion is consistent with the purpose of the discovery rules and that in the interests of fairness and justice Plaintiff's motion should be allowed.

Signed under the pains and penalties of perjury this the 25th day of November 2005.

_Alice Whitehill Wiseberg_
Alice Whitehill Wiseberg