*EXHIBIT B*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| **ANN MITCHELL,** * | |
| **Plaintiff** * | |
| * | |
| **v.** * | **DOCKET NO.  04-CV-12169-REK** |
| * | |
| **HALLMARK HEALTH SYSTEMS INC./\*** | |
| **LAWRENCE MEMORIAL HOSPITAL  \*** | |
| **JULIE CHASE SHAUGHNESSY** * | |
| **Defendants** * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT HALLMARK HEALTH SYSTEMS INC.

INTRODUCTION:  DIRECTIONS AND DEFINITIONS

Pursuant to Fed. R. Civ. P. 33, Plaintiff Ann Mitchell hereby propounds the following interrogatories to the Defendant Hallmark Health Systems.  These interrogatories are to be answered separately, fully, in writing and under oath within thirty (30) days from receipt and in accordance with the definitions and instructions as stated herein.

1.    Before answering any of the following interrogatories, you will consult all books, papers and records which in any way are pertinent to, or material to, the cause now pending between the Plaintiff and Defendants, having in mind the pleadings in the above case. Before answering any of these interrogatories, you will inquire of all your employees, agents, servants, contractors and subcontractors, representatives, including but not limited to your attorneys, to obtain any and all information they might have which in any way is pertinent to or material to the cause now pending between the Plaintiff and Defendants, having in mind the pleadings in the above case.

2.    In these Interrogatories:

(a) The words "you", "Defendant" (other than the words "Defendant Chase") and "Defendant Hallmark Health" means Hallmark Health Systems Inc., its predecessors, successors, parents, subsidiaries, affiliates, divisions, employees, officers, directors, agents, representatives, attorneys and all other persons and or entities acting on Defendant Hallmark Health's behalf and or under its control.

1

(b) The words "Defendant Chase" mean Julie Chase Shaughnessy a/k/a Julie Chase, her agents, representatives, attorneys, representatives, and any other person or entity acting on her behalf.

(c) The words "person" or "persons" means all entities, including natural persons, joint owners, associations, companies, partnerships, joint ventures, corporations, business entities, boards, firms, governmental agencies, departments, administrations, bureaus or political subdivisions, and any other type of organization or entity.

(d) The word "document(s)" as used herein incorporates the definition under Federal Rule of Civil Procedure 34, as interpreted by the federal courts, and includes but is not limited to the following items, whether printed or recorded or reproduced by any means or processes, whether sent, received, or neither, including without limitation: agreements; communications, including but not limited to intra-company communications; electronic mail; text messages; correspondence of all kinds; letters; papers; computer files; print-outs; discs or tapes; telegrams; memoranda; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; statements; notes; cables; telegrams; telephonically transmitted tangible communications; facsimiles; telexes; notices; records; books; summaries or records of telephone messages; summaries, recordings or records of personal conversations or interviews; newspapers, magazines, and other publications and clippings there from; forecasts; statistical statements; accountants' work papers; diaries; graphs; reports; notebooks; notes, ledgers; journals; books or records of account; summaries of accounts; balance sheets; income statements; minutes or records of meetings or conferences; desk calendars; wall calendars; appointment books, reports and or summaries of interviews; reports and or summaries of investigations; rough or scratch pad notes; records; reports or summaries of negotiations; studies; brochures; pamphlets; circulars; documents; working papers; marginal notations; photographs; drawings; checks (front and back); audio and or video recordings and any transcript thereof, computer printouts; data processing input and output; computer backups; microfilms; check stubs or receipts; charts; records of meetings or conferences; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture film; brochures; pamphlets; advertisements; circulars; press releases; drafts; any marginal comments appearing on any documents; and any other document or writing or written or recorded text or data of whatever description.

As used in these interrogatories, the words "document", "documents", and "document(s)" shall mean the original and all non-identical copies of tangible items from which information can be derived. Written notations of any kind on the original or on any copy of a documents render same non-identical.

As used in these interrogatories, the words "document", "documents", and "document(s)" shall mean all documents in the possession, custody and or control of Defendant, including but not limited to Defendant's employees, representatives,

2

servants, attorneys, consultants, accountants, and or agents, regardless of the location of such documents.

(e) The words "*identify*" "identity" or "identification," when used with respect to:

1. a document or documents, means to describe the type of document (e.g., letters, memoranda, chart, contract, etc.); to summarize its content; to *identify* who wrote, signed, initialed, dictated or otherwise participated in the creation of the document, and to give the name(s), address(es), and telephone numbers (all known) of each person or persons having possession, custody or control of such document or documents. If any such document(s) was, but is no longer in your possession, custody or control, or no longer in existence, state the date and manner of its disposition.

2. a natural person, means to state the person's name and present business and home addresses, his or your home, business and mobile telephone numbers, his or her present (or if unknown, his or her last known) position and business affiliation, his or her date of birth, gender, race, national origin, sexual orientation, and if known whether or not the person has a disability as that is defined in the Americans with Disabilities Act.

3. an act (including an alleged offense), occurrence, incident, statement or conduct (hereinafter collectively referred to as "act") means:

(1)     to describe the substance of the event or events constituting such act, and to state all of the dates when such act occurred;

(2)     to identify each and every person or persons participating in such act;

(3)     to identify all other persons (if any) present when such act occurred;

(4)     to identify all other persons (if any) who, although not present at the time such act occurred, have or may have knowledge of such act;

(5)     to state whether any notes, memoranda or other record of such act was made;

(6)     to state whether such record now exists; and

(7)     to identify the person(s) currently having possession, custody or control of each such record.

4. any "person" other than a natural person, means to state the correct full name, present (or if unknown, the last known) address of the principal place of business of the corporation, partnership, proprietorship, trust, association, or other organization or entity to be identified, its place of incorporation or partnership; the name and address of its registered agent; and its relationship with you, if any.

5. a document, means to describe the type of document (e.g., letter, e-mail, memorandum, chart, contract, etc.); to state the present (or if unknown, the last known) location of the document; to identify (a) the custodian(s) of the document;

3

(b) the author(s) of the document, (c) the preparer(s) of the document, (d) each and every addressee of the document and (e) each and every recipient of the document; to furnish (a) the date(s) of making the document, (b) the date(s) of the execution of the document, and (c) the effective date(s) of the document. If any such document is no longer complete, state in what respect it is incomplete or altered and explain the reasons therefore. If any such document is no longer in existence and or no longer in your possession, custody or control, state the disposition which was made of it, the reason for such disposition, identify any and all persons who ordered said disposition, identify any and all persons who supervised said disposition, identify any and all persons who participated in said disposition and identify any and all persons who had knowledge of the contents thereof.

6. an oral communication (e.g. discussion, meeting, telephone conversation or message, and any other means of oral communication), means to state the date, time and location of the oral communication, as well as to identify all persons involved in said oral communication, and to furnish the verbatim content (or, if unavailable, as close to verbatim as possible) of the oral communication.

7. an expert witness, means to state: (a) name, present business and home addresses, his or her home, business and mobile telephone numbers, his or her present (or if unknown, his or her last known) position and business affiliation, his or her date of birth and social security number or Tax ID number; (b) the subject matter, in detail, on which said expert witness is expected to testify; (c) in detail, the substance of all facts about said expert witness may be expected to testify; (d) in detail, the contents of all opinions to which said expert witness may be expected to testify; and (e) in detail, a summary of the grounds for each such opinion and the substance of all facts of which such opinions are based; (f) qualification of said expert witness to be an expert; (g) the name, location, court or administrative agency and docket numbers of all matters in which the expert has given testimony and whether s/he testified or rendered an opinion on behalf of the plaintiff or defendant.

8. a policy, practice and or procedure means to state such policy, practice and or procedure verbatim or attach with the answer an exact copy of any such policy, practice and or procedure if in writing and to state the inclusive effective date(s) of each such policy, practice and or procedure.

(f) The words "communication", "communications", "communication(s)" or " communicated" shall mean all written, oral and or other exchanges of information.

(g) The words "describe in detail" means to set forth chronologically, with the greatest possible specificity, the substance of any fact, action, occurrence, incident, conduct, communication and or event concerning the issue in question and when used regarding a communication means to state additionally as close to verbatim as

4

possible who communicated what to whom, when, where, and how (i.e. means of communication – e.g. in person, telephone, email, fax, etc.).

(h) The words "the incident" shall refer to the events leading to the damages sustained by Plaintiff as alleged in the complaint.

(i) The word "regarding" shall mean "in reference to"; "concerning"; "with respect to"; "relating to", "in relation to", and "relevant to" (as used in Fed. R.C.P.) and all of these words shall be deemed synonymous with each other.

(j) The words "during the relevant time period" refer to the years 1995-present, inclusive.

(k) The words "and or" shall mean both the conjunctive and disjunctive.

(l) The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense shall be considered to include also within its meaning all other tenses of the word so used.

3.    Each of the following interrogatories is intended to be a continuing interrogatory, and plaintiff hereby demands that, in the event at any later date, Defendant obtains any additional facts, or forms any conclusions, opinions or contentions different from those set forth in its answers to such interrogatories, Defendant shall amend its answers to such interrogatories promptly and sufficiently in advance of any trial, and to set forth fully such differences.

4. In the event Defendant objects to the scope of any interrogatory, Plaintiff requests that in accordance with principles enumerated in Fed.R.Civ.P. 33(a), Defendant promptly provide such answers it/she admits are within the scope of discovery and promptly confer with Plaintiff's counsel as to the nature of objections to the remaining portion of the interrogatory in order to narrow areas of disagreement.

(Words in italics below are defined above and should be interpreted as defined above.)

INTERROGATORY NO. 1:
Please *describe in detail* the process by which *Defendant* answered these interrogatories, including but not limited to *identifying* the *person(s)* answering these interrogatories on behalf of *Defendant Hallmark Health* and the official capacity in which each such *person* is acting (e.g. vice president for HR, general counsel, etc.), *identifying* all *persons* with whom the *person(s)* answering these interrogatories *communicated* in the preparation of responses to these interrogatories and state their position *and or* role with Defendant, *identifying* who was present during each such *communication*, *describing in detail* who *communicated* what to whom, when where and how, *identifying* and *describing in detail* the content of all notes, memoranda, or other

5

*documents* of any kind or nature which were reviewed in connection with each such
. *communication*, and if, for any interrogatory herein, information obtained from any other
*person(s)* was utilized *and or* relied upon, please *identify* each such *person*, *describing in detail*
the specific information provided by said *person*, and the specific interrogatory to which such
information pertains.

## INTERROGATORY NO. 2:

For each and every allegation in Plaintiff's complaint which *Defendant* denied in whole or in
part in its Answer to Plaintiff's Complaint, please *describe in detail* each and every ground/basis
for denying all or part of the allegation including but not to *describing in detail* what *Defendant*
contends occurred if not what Plaintiff alleged including but not limited to *describing in detail*
what Defendant contends was *communicated,* done *and or* not done to whom, by whom, when,
where, and how, *identifying* all *person(s) Defendant* believes *and or* suspects have knowledge of
some or all of the bases for *Defendant's* denial, *describing in detail* what knowledge *Defendant*
believes *and or* suspects each person so *identified* has, and *identifying* all *documents* that
memorialize *and or* memorialized in whole or in part any *and or* all of the ground(s)/basis for
*Defendant's* denial *and or* how the *persons identified* herein gained knowledge *and or*
· information *regarding* some or all of the grounds/bases for *Defendant's* denial.

## INTERROGATORY NO. 3:

Please *describe in detail* each and every ground/basis for each of *Defendant's* affirmative
defenses set out in its Answer to Plaintiff's Complaint, *identifying* all *persons Defendant* believes
*and or* suspects has knowledge *regarding* some or all of the grounds/bases for the affirmative
defense, *describing in detail* what knowledge *and or* information *Defendant* believes *and or*
suspects each *person* so *identified* has and how *Defendant* believes *and or* suspects the *person*
gained such knowledge *and or* information, and *identifying* all *documents* that memorialize *and*
*or* memorialized in whole or in part any *and or* all of the ground(s)/bases for *Defendant's*
affirmative defenses *and or* how the *persons identified* herein gained knowledge *and or*
information *regarding* some or all of the grounds/bases for the affirmative defense.

## INTERROGATORY NO. 4:

Please *identify* all *persons Defendant* knows *and or* suspects (including but not limited to after
investigation as required in these interrogatories) have information *and or* knowledge of
· discoverable matters *regarding* this action (see Rule 26(e) requiring that such answer be
supplemented) *describing in detail* what information *and or* knowledge *Defendant* knows *and or*
suspects the *person* has/may have and *Defendant's* understanding of how the person gained the
knowledge *and or* information, *identifying* all documents that memorialize *and or* memorialized
in whole or in part the information *and or* knowledge *Defendant* knows *and or* suspects the
person has/may have *and or Defendant's* understanding of how the person gained the knowledge
*and or* information.

## INTERROGATORY NO. 5:

For the years 1995-present, inclusive, please *describe in detail* each and every *communication* by
*Defendant's* current *and or* former employee(s), agent(s), *and or* representative(s) of which
*Defendant* is aware (including but not limited to after investigation as required in these
interrogatories), including but not limited to *communications* by *and or* with Plaintiff, *Defendant*

*Chase, and or* Karen Morganto, regarding Plaintiff's work/job performance, including but not limited to *communications* regarding Plaintiff's work quality *and or* quantity, professional/work attitude, *and or* absenteeism including but not limited to Plaintiff taking time off work due to what Plaintiff claimed were medical reasons, including but not limited to for each such *communication describing in detail* who *communicated* what to whom, when, where, and how (e.g. in person, over telephone or via electronic means), *identifying* each person involved in the *communication* and *describing in detail* their role in it (*e.g.* participant who spoke with Plaintiff, witness who observed Defendant Chase speak with Plaintiff), *identifying* all *persons Defendant* knows *and or* suspects have knowledge of the *communication* and stating *Defendant*'s understanding of how s/he gained knowledge of the *communication* and *identifying* each and every *document* that memorializes *and or* memorialized the *communication(s)* in whole or in part.

## INTERROGATORY NO. 6:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which *Defendant* contends *and or* in which it was alleged that a current *and or* former employee, agent, *and or* representative of *Defendant,* working in *and or* for any department of radiology owned or operated by *Defendant*, including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto, did not perform his/her job in a professionally competent manner, including but not limited to each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative did not perform his/her work in a technically competent manner, each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative did not maintain a professional attitude/work demeanor, each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative was on the premises of any department of radiology owned or operated by *Defendant* under the influence of alcohol *and or* illegal drugs, and each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative violated any of *Defendant*'s rules, policies, *and or* procedures, including but not limited to those relating to work quality *and or* taking time off, including but not limited to sick, medical, *and or* FMLA leave, *describing in detail* how, when and where the current *and or* former employee, agent, *and or* representative failed *and or* allegedly failed to perform his/her job in a professionally competent manner, how and when *Defendant* became aware of the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure *describing in detail* who *communicated* what to whom, when, where and how, *identifying* all *persons Defendant* knows or suspects has knowledge of the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, *describing in detail* how each person identified learned of the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, *describing in detail* each and every act *Defendant* took in response to the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, including but not limited to *describing in detail* who *communicated* what to whom, when, where and how about the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, *identifying* each and every *document* in which *Defendant* memorialized in whole or in part the current *and or* former

7

employee, agent, *and or* representative's actual *and or* alleged failure, and for each and every instance in which *Defendant* contends that the current or former employee, agent, *and or* representative's actual *and or* alleged failure involves the current *and or* former employee, agent, *and or* representative actually *and or* allegedly violating any of *Defendant*'s rule(s), policy(ies) *and or* procedure(s) in effect at the time of the alleged violation, *describe in detail* the substance of the rule(s), policy(ies) *and or* procedure(s) the current or former employee, agent, *and or* representative actually *and or* allegedly violated, the date(s) of its implementation and end, if any, *identify* all *documents* which contain the rule(s), policy(ies) *and or* procedure(s) or a summary thereof, and *describing in detail* how each such rule(s), policy(ies) *and or* procedure(s) was communicated to Plaintiff specifically and *Defendant*'s employees, agents, representatives in general.

INTERROGATORY NO. 7:
For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which a current *and or* former employee, agent, *and or* representative of *Defendant,* including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto, was absent from work more than 3 days *or* more than 24 hours in any six month period (excluding absences due to vacation, military service, *and or* jury duty), including but not limited to for each *identifying* the current *and or* former employee, agent, *and or* representative of *Defendant*, stating the date(s) of the absences, the number of hours per day the person was absent, *describing in detail* the reason given for the absence (e.g. illness, injury, medical appointments, personal time, etc.), how *Defendant* categorized the absence (e.g. sick leave, FMLA leave, personal leave, or some other classification), whether *Defendant* paid the person in whole or in part for the leave, if in part for how much of the leave *Defendant* paid the person, and *describing in detail* each and every instance in which the person was threatened with *and or* actually disciplined (*e.g.* threatened with *and or* actually received an oral *and or* written warning, reprimand, *and or* counseling, threatened with *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation) for any reason including but not limited to work performance *and or* attendance issues, and if any information sought in this interrogatory is *and or* was memorialized in whole or in part in a *document(s)*, *identify* the *document(s)*.

INTERROGATORY NO. 8:
For each year 1995 to present, inclusive, please *describe in detail* each and every current *and or* former employee, agent *and or* representative who works(ed) in *and or* for a department of radiology owned or operated by *Defendant*, including but not limited to for each department of radiology, stating its name and location, *identifying* each and every current *and or* former employee, agent *and or* representative who works(ed) in that department of radiology, *describing in detail* his/her position/job with *Defendant*, his/her employment/work history with *Defendant*, his/her educational and professional background *and or* training, work related certifications the person holds, the total yearly value of their compensation paid by *Defendant*, listing separately their regular wages, overtime wages, vacation pay, paid time off, all fringe benefits, and for each state *Defendant's* pro-rata yearly cost attributable to the person, the number of days and hours (e.g. 3 day, 6 hrs) absent from work (other than for vacation, military leave, or jury duty) and *describing in detail* the reason given for each such absence(s), *identifying* the person's

8

supervisor(s) *and or* manager(s) while working in a department of radiology owned or operated by *Defendant*.

## INTERROGATORY NO. 9:

Please *describe in detail* all *communications* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) any of *Defendant's* employees, agents, *and or* representatives, including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto, had regarding Plaintiff's age *and or* physical *and or* mental health, including but not limited to regarding Plaintiff's illnesses, injuries, medical appointments, Plaintiff's taking of medical/sick leave, FMLA leave, *describing in detail* each such *communication* including but not limited to stating its date, its location(s); *describing in|detail* who *communicated* what to whom, when, where and how (e.g. telephone, in person, email, etc.), *identifying* all persons involved in the *communication* and describing their involvement (e.g. participant, witness, etc.); and *identifying* all *documents* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) which memorialize *and or* memorialized in whole or in part the *communication(s)*.

## INTERROGATORY NO. 10:

For the years 1995 until Plaintiff's employment with *Defendant* ended, inclusive, please *describe in detail* each instance in which Plaintiff was absent from work for what Plaintiff claimed were medical reasons (e.g. illness, injury, medical appointments, taking *and or* requesting leave pursuant to the FMLA), including but not limited to for each such absence giving the date(s) of the absence, stating how many hours Plaintiff was absent on each date, stating whether *Defendant* classified the leave as FMLA leave and *describing in detail* how the decision whether or not to classify the leave as FMLA leave was made including but not limited to *identifying* all those involved in the decision and *describing in detail* each person's involvement in the decision including but not limited to *describing in detail* who *communicated* what to whom, when, where and how about the decision, stating for each day Plaintiff was absent how many hours of the absence *Defendant* paid *and or* did not pay Plaintiff for and *describing in  detail* the reasons why *Defendant* paid *and or* did not pay Plaintiff for some or all of the absence, *identifying* all those involved in the decision whether or not to pay Plaintiff for some or all of the absence *and describing in detail* what role each person played in making the decision including but not limited to *describing in detail* who *communicated* what to whom when were and how about the decision to pay or not to pay Plaintiff for the absence, and *identifying* all *documents* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) that memorialize *and or* memorialized in whole or in part the information requested in this interrogatory.

## INTERROGATORY NO. 11:

For the years 2000 to present, inclusive, please *describe in detail* each and every one of *Defendant*'s rule(s), policy(ies), guideline(s), *and or* procedure(s) that are *relevant to* any of the issues *and or* claims raised in Plaintiff's complaint, including but not limited to Plaintiff's claims *regarding* harassment, discrimination, retaliation, *and or* unfair treatment including but not limited to *Defendant's* rule(s), policy(ies), guideline(s) *and or* procedure(s) *relevant to Defendant's* investigation of complaints of harassment, discrimination, unfair treatment, *and or* retaliation, *Defendant*'s rule(s), policy(ies), guideline(s), *and or* procedure(s) that are *relevant to*

absenteeism including but not limited to taking sick *and or* medical leave including but not limited to FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how many absences (for other than vacation, military service, *and or* jury duty*) Defendant* considers to be acceptable and how much excessive in a six and 12 month period, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* what documentation *and or* notice *Defendant* requires for absence(s) due to illness *and or* injury, including but not limited to FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how *Defendant* determines whether or not to designate leave as FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how the *Defendant* determines whether or not a person will be paid for some or all of his/her absence(s) including but not limited to FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how the *Defendant* determines when the absence is paid and if so whether it is paid for out of regular sick leave time, personal time, extended illness bank, or some other payment category (*describing in detail* said category), rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* when an employee *and or* agent of *Defendant* may accrue *and or* utilize his/her extended leave bank, and for each such rule(s), policy(ies), guideline(s) *and or* procedure(s) *describing in detail* how it is *communicated* to *Defendant's* employees *and or* agents in general and Plaintiff in particular, *identifying* each and every *document* which memorializes *and or* memorialized in whole or in part any *and or* all of the rule(s), policy(ies) *and or* procedure(s) referred to in *Defendant's* answer to this interrogatory.

### INTERROGATORY NO. 12:

Please *describe in detail* Defendant Chase's employment/work history with *Defendant* (i.e. work with or for *Defendant* as an employee, independent contractor, *and or* in some other capacity) including but not limited to for each position *and or* job title Defendant Chase held stating the position *and or* job title and *describing in detail* her job responsibilities attendant thereto, stating the dates she held the position *and or* job title and her status (i.e. employee, independent contractor, *and or* in some other capacity *describing in detail* that capacity) during that time, *identifying* her supervisor *and or* manager in each position *and or* job title, *describing in detail* each and every warning, reprimand, counseling, suspension, termination *and or* other disciplinary action she received *and or* with which she was threatened including but not limited to stating the date it was given *and or* threatened, *identifying* all those involved in the actual *and or* threatened warning, reprimand, counseling, suspension, termination *and or* other disciplinary action and *describing in detail* each person's involvement therein, and if Defendant Chase is no longer working for *Defendant* as an employee, stating the date on which her employment with *Defendant* ended and if she left the *Defendant's* employment voluntarily, stating whether her voluntary separation was initiated by *Defendant Chase* or by *Defendant* and *describing in detail* who *communicated* what to whom when where and how about *Defendant Chase's* voluntary separation from Defendant's employment, or if Defendant Chase's separation from *Defendant's* employment was involuntarily state whether she was terminated, laid off, forced to resign, or involuntarily separated in some other manner *describing in detail* how the involuntary separation occurred including but not limited to *describing in detail who communicated* what to whom when where and how about *Defendant Chase's* involuntary separation from *Defendant*, *identifying* all persons involved in making the decision to end *Defendant Chase's* employment and *describing in detail* each *persons'* involvement including but not limited to who *communicated* what to whom, when, where, and how, and if *Defendant Chase* is no longer working with *Defendant* as an independent contractor or in some other capacity other than as an

10

employee, stating the date on which her work as an independent contractor or in some other capacity with *Defendant* ended and if she her work with *Defendant* as an independent contractor or in some other capacity ended voluntarily, stating whether her voluntary separation was initiated by *Defendant Chase* or by *Defendant* and *describing in detail* who *communicated* what to whom when where and how about *Defendant Chase's* voluntary separation from *Defendant*, or if *Defendant Chase's* separation from *Defendant was* involuntarily *describe in detail* how the involuntary separation occurred including but not limited to *describing in detail who communicated* what to whom when where and how about *Defendant Chase's* involuntary separation from *Defendant*, *identifying* all persons involved in making the decision to end *Defendant Chase's* work relationship with *Defendant* and *describing in detail* each persons involvement including but not limited to who *communicated* what to whom, when, where, and how, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part *Defendant Chase's* separation from *Defendant's* employment *and or* work with *Defendant*.

## INTERROGATORY NO. 13:

Please *describe in detail* each and every complaint *and or* concern of Plaintiff's received by *Defendant and or* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) regarding *Defendant's*, including but not limited to any of *Defendant's* current *and or* former employees, agents *and or* representatives, including but not limited to *Defendant Chase and or* Karen Morganto's, treatment of Plaintiff including but not limited to *describing in detail* the substance of each such complaint(s) *and or* concern(s) and how *Defendant* became aware of Plaintiff's complaint(s) *and or* concern(s) including but not limited to *identifying* and *describing in detail* who *communicated* what to whom, when, where, and how about said complaint(s) *and or* concern(s), *identifying* all persons referenced in the complaint(s) *and or* concern(s) and *describing in detail* what the reference to each person was, *identifying* all those whom *Defendant* is aware *and or* suspects have knowledge of Plaintiff's complaint(s) *and or* concern(s) (including but not limited to after investigation as required in these interrogatories) and *describing in detail Defendant's* understanding of what each such person knew/knows of Plaintiff's complaint(s) *and or* concern(s) and how each person gained such knowledge, what, if anything, *Defendant* did in response to said complaint(s) *and or* concern(s) including but not limited to for each such complaint *and or* concern *identifying* and *describing in detail* who *communicated* what to whom, when, where, and how *regarding Defendant's* response and *identifying* all those whom *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) has knowledge of *Defendant's* response *describing in detail Defendant's* understanding of what each person knew/knows of *Defendant's* response and how each person gained knowledge of *Defendant's* response, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part said complaint(s) *and or* concern(s) *and or Defendant's* response(s) thereto.

## INTERROGATORY NO. 14:

Please *describe in detail* each and every complaint *and or* concern received by *Defendant and or* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) *regarding* Defendant Chase *and or* Karen Morganto, including but not limited to complaints *and or* concerns *regarding* unfair *and or* discriminatory treatment, harassment, *and or* retaliation, *regarding* Defendant Chase, Karen Morganto *and or* any other employee *and or*

agent of *Defendant* being under the influence of alcohol *and or* illegal drugs while on premises
owned *and or* operated by *Defendant*, including but not limited to for each complaint *and or*
concern *describing in detail* the substance of the complaint *and or* concern including but not
limited to *describing in detail* who is alleged to have *communicated,* done *and or* not done what
to whom, when, where, and how, *identifying* all persons referenced in the complaint *and or*
concern and *describing in detail* what the reference to each person was, stating the date on which
*Defendant* received *and or* became aware of the complaint *and or* concern, *describing in detail*
how *Defendant* became aware of the complaint *and or* concern including but not limited to who
*communicated* what to whom when where and how, what if anything *Defendant* did in response
to the complaint *and or* concern including but not limited to *describing in detail* the investigation
if any *Defendant* conducted and disciplinary action if any *Defendant* took, *identifying* by whom
and *describing in detail* how the substance of the complaint *and or* concern was *communicated*
to *Defendant* Chase *and or* Ms. Morganto, *describing in detail Defendant Chase's and or* Ms.
Morganto's response to the complaint *and or* concern, the resolution of the complaint *and or*
concern, and *identifying* each and every *document* that memorializes *and or* memorialized in
whole or in part the complaint(s) *and or* concern(s) *and or Defendant's* response(s) thereto.

## INTERROGATORY NO. 15:

If *Defendant* contends that at any time between 1995 and the date of Plaintiff's employment with
*Defendant* ended, inclusive, Plaintiff did not perform satisfactorily any of the essential
function(s) of her job, for each such instance please *describe in detail* the nature of the essential
function(s), the facts *and or* information upon which *Defendant* bases its contention that Plaintiff
did not perform it satisfactorily, what reasonable accommodation if any would have enabled
Plaintiff to perform that the essential job function, including but not limited to allowing Plaintiff
time off without negative job repercussions, *describe in detail* the efforts *Defendant* made to
attempt to accommodate Plaintiff's need for time off *and or* other reasonable accommodation,
the costs involved in the accommodation, who *communicated* what to whom, when, where and
how about Plaintiff's alleged failure to perform the essential function of her job in a satisfactory
manner *and or* need for reasonable accommodation, including but not limited to her need for
time off, including but not limited to *Defendant's communications* to Plaintiff regarding
*Defendants'* efforts or refusal to accommodate Plaintiff's need for time off, the burden on
*Defendant* of reasonably accommodating Plaintiff to enable her to be able to perform the
essential function(s) of her job, the percentage of time the essential function requires, *identifying*
other employees *and or* agents of Defendant who could have performed the essential function for
the period of time *Defendant* contends Plaintiff was not able to do so, and *identifying* each and
every *document* that memorializes *and or* memorialized in whole or in part the information
requested in this interrogatory.

## INTERROGATORY NO. 16:

Please *identify* all witnesses whom *Defendant* intends to and or may call at the trial of this action
including but not limited to *expert witnesses* (see Rule 26(e) requiring that such answer be
supplemented) including but not limited to for each potential witnesses *describing in detail* the
anticipated substance of his/her testimony, *Defendant's* understanding of the ways the potential
witness gained knowledge of the facts *and or* circumstances underlying the anticipated
testimony, *describing in detail* the potential witnesses' educational background,
work/professional history, published writings and the date(s) thereof, certifications *and or*

12

licenses held, *identifying* all *persons* with whom the potential witnesses has met *and or* may meet in preparation for the trial in this matter, *identifying* all cases in which the potential witness has testified *and or* rendered assistance including but not limited to *identifying* the court *and or* administrative agency, the docket number of the action, the substance of the complaint *and or* claims, for which party the potential witness testified *and or* rendered assistance, and if any of the potential witnesses identified herein are *expert witnesses* for each such *expert witness describing in detail* the subject matter on which the expert is expected to testify, the substance of all facts and opinions to which the expert is expected to testify and the grounds/bases for each fact *and or* opinion, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

INTERROGATORY NO. 17:

Please *identify* all *persons* whom *Defendant* is aware *and or* suspects (including but not limited to after investigation as required in these interrogatories) Have knowledge of any occurrence, event, fact, incident *and or* circumstance *relating to* any *and or* all of the allegations in Plaintiff's complaint against Defendant in this matter *describing in detail* what knowledge *Defendant* knows *and or* suspects the person has regarding what occurrence, event, fact, incident, *and or* circumstance including but not limited to *describing in detail* who *communicated* what to whom, when, where, and how *regarding* the occurrence, event, fact, incident *and or* circumstance, what *Defendant's* understanding is as to how the person gained such knowledge including but not limited to *describing in detail* who *communicated* what to whom, when, where, and how, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

INTERROGATORY NO. 18:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which *Defendant* threatened *and or* actually disciplined (*e.g.* threatened *and or* actually gave an oral *and or* written warning, reprimand, *and or* counseling, threatened *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) a current *and or* former employee, agent or representative of *Defendant* (including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto) for absenteeism, failure to follow *Defendant's* policy(ies), procedure(s) *and or* rule(s), failure to maintain a professional work attitude, failure to perform work in a professionally competent manner, *and or* for any other reason for which Plaintiff was threatened *and or* disciplined, including but not limited to for each instance *identifying* all persons involved including but not limited to stating whether or not they have a disability known to *Defendant* (as defined in the ADA), *describing in detail* each *person's* role in the threat of *and or* actual discipline (e.g. gave information to John Doe re Y's actions..., participated in decision to warn X about ...., discussed decision to counsel and then terminate Y with Jane Doe) including but not limited to *describing in detail* who *communicated* what to whom, when, where and how *regarding* the threat of *and or* actual discipline, and *identifying* all *documents* in which the threat of *and or* actual discipline is or was memorialized in whole *and or* in part.

595cf8ee852d904b

INTERROGATORY NO. 19:

Please *describe in detail* the demographic makeup of each department of each facility owned and or operated by *Defendant* (e.g. Dept. of Radiology Lawrence Memorial Hospital, ICU Widden Hospital, etc.) as of January 1 of each year between 1995 and present, inclusive, including but not limited to stating separately for each department its name and location, the total number of employees and independent contractors working in the department, the number of female employees and the number of female independent contractors working in the department, the number of employees *and* the number of independent contractors age 40 or over working in the department, the number of female employees and the number of female independent contractors working in the department age 40 or over, the number of employees and the number of independent contractors with disabilities of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) working in the department, the number of non-Hispanic Caucasian (i.e. white, non-Hispanic) employees and the number of non-Hispanic Caucasian independent contractors working in the department, the number of employees and the number of independent contractors in management/supervisory positions in each department, the number of employees and the number of independent contractors in management/supervisory positions in each department age 40 or over, the number of employees and the number of independent contractors in management/supervisory positions in each department who are female, the number of employees and the number of independent contractors in management/supervisory positions in each department who are female and 40 or over, the number of employees and the number of independent contractors in management/supervisory positions in each department who have a disability of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories), and the number of employees and the number of independent contractors in management/supervisory positions in each department who identify as other than non-Hispanic Caucasian (e.g. identifies as a person of color, Black, Hispanic, Asian, etc.), *identifying* all documents that memorialize *and or* memorialized in whole or in part the information requested in this interrogatory *and or* demographic make-up of the department(s).

INTERROGATORY NO. 20:

Please *describe in detail* each and every action *and or communication,* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories), taken *and or* made *regarding* a current *and or* former employee(s), agent(s) *and or* representative(s) of *Defendant's (*including but not limited to those by *and or* about Plaintiff, Defendant Chase *and or* Karen Morganto's) age *and or* physical *and or* mental health by any of *Defendant's* current *and or* former employee(s), representative(s) *and or* agent(s) (including but not limited to Plaintiff, Defendant Chase *and or* Karen Morganto), including but not limited for each such action *and or communication identifying* all person(s) involved in the *communication and or* action, *describing in detail* the action *and or communication* and *Defendant's*, Plaintiff's, Defendant Chase's, *and or* Karen Morganto's response to the action(s) *and or communication(s),* if any, including but not limited to for each such *communication,* action *and or* response *describing in detail* who communicated *and or* did what to whom, when, where and how, and *identifying* all documents that memorialize *and or* memorialized in whole or in part the *communication(s),* action(s) *and or* response(s) thereto.

INTERROGATORY NO. 21:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which a current *and or* former employee(s), agent(s), *and or* representative(s) of any of the departments of radiology owned *and or* operated by *Defendant* was threatened with *and or* actually disciplined (*e.g.* threatened with *and or* actually received an oral *and or* written warning, reprimand, *and or* counseling, threatened with *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) for work performance related issues, including but not limited to absenteeism, tardiness, work/professional attitude, *and or* work quality, *identify*ing for each such instance all *persons* involved, including stating whether they have a disability of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories), each *person's* position/title with *Defendant*, the facility at which each *person* works(ed) and his/her dates of employment/work with *Defendant*, *describing in detail* the issue(s) for which the *person* was threatened with *and or* actually disciplined and the role each *person* involved played therein including but not limited to *identifying* who was threatened with *and or* actually disciplined by whom, *describing in detail* who *communicated* what to whom, when, where, and how about the threat of *and or* actual discipline, *describing in detail* what if anything the *persons* involved did in response to the threat of *and or* actual discipline *identifying* each person(s) and stating the date(s) of his/her responsive action, and *identifying* all *documents that* memorialize *and or* memorialized in whole or in part any information sought in this interrogatory.

INTERROGATORY NO. 22:

If *Defendant* contends that at any time between 2001-2003 inclusive Plaintiff was not a qualified individual with a disability (as defined in the ADA), for each such period of time please *describe in detail* all bases for *Defendant*'s contention that Plaintiff was not a qualified individual with a disability, including but not limited to *describing in detail* who *communicated* what to whom when where and how regarding Plaintiff's physical *and or* mental health *and or* whether or not Plaintiff was a qualified individual with a disability, and *identifying* all *documents that* memorialize *and or* memorialized in whole or in part any information sought in this interrogatory.

INTERROGATORY NO. 23:

For the years 1995 to present, inclusive, please *describe in detail Defendant's* hiring (either as an employee *and or* independent contractor) for positions/jobs in each of the departments of radiology owned or operated by *Defendant*, including but not limited to for each such position/job *describing in detail* the position for which *Defendant* hired a new employee(s) *and or* independent contractor(s), stating its location, *identifying* each applicant (reminder: as defined above) for the position, *describing in detail* his/her educational background *and or* certification(s) if any the person has *related to* the position for which the person applied, his/her work experience *related to* the position for which the person applied, *identifying* all persons involved in the decision whether or not to hire the person, if the person was hired as either an employee *and or* independent contractor *describing in detail* the reason(s) the person was hired *identifying* all persons involved in the decision and *describing in detail* each person's involvement including but not limited to who *communicated* what to whom when, where, and

how about the decision, state the position(s) the person hired *and or* contracted with held/holds with *Defendant* and the dates the person held each such position, their salary/hourly wage at which the *person* was hired *and or* contract with, and current salary/hourly wage of the *person,* if *Defendant* did not hired *and or* contract with the person, *describe in detail Defendant's* reason(s) for not hiring *and or* contracting with the person, *identifying* all persons involved in the decision and *describing in detail* each person's involvement including but not limited to who communicated what to whom when, where, and how about the decision, and *identifying* all *documents* that memorialize *and or* memorialized in whole or in part any information sought in this interrogatory.

### INTERROGATORY NO. 24:

For the period from 1995 to present, inclusive, please *describe in detail* each and every complaint *Defendant* received *and or* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) alleging discrimination, unfair treatment, harassment, *and or* retaliation based in whole or in part on disability/handicap, need for medical/sick leave, age, race, gender, sexual orientation, religion, ethnicity *and or* national origin, if any, including but not limited to for each such complaint *identify*ing against whom and by whom the complaint was made, *describing in detail* the substance of each claim *and or* allegation in the complaint including but not limited to who is alleged to have *communicated,* done *and or* not done what to whom, when, where, how and if known why, *identify*ing each person referred to in the complaint and *describing in detail* what the substance of each such complaint was *regarding* each person referenced therein, how *Defendant* became aware of the complaint, how each such complaint was resolved, *identifying* all persons *Defendant* knows or suspects has knowledge of the allegations of the complaint, and if such complaint resulted in a complaint being filed in court *and or* with an administrative agency, *identifying* the court *and or* administrative agency in which such action was filed, the docket number of any such action, the final disposition of the matter, if any, and *identifying* all documents that memorialize *and or* memorialized the complaint in whole or in part.

### INTERROGATORY NO. 25:

Please *describe in detail* each and every instance, if any, in which a current *and or* former employee, agent *and or* representative of *Defendant* who *Defendant* was aware (including but not limited to after investigation as required in these interrogatories) complained of *and or* raised concerns about workplace harassment, unfair treatment, discrimination *and or* retaliation of any kind was threatened with *and or* actually disciplined (*e.g.* threatened with *and or* actually received an oral *and or* written warning, reprimand, *and or* counseling, threatened with *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) for any reason, including but not limited to for each such instance *identifying* all *persons* involved in the decision to discipline the *person* and *describing in detail* each *person's* employment/work history with the *Defendant,* his/her role in the discipline including but not limited to *describing in detail* who *communicated* what to whom, when, where and how regarding the discipline, stating the date(s) of the discipline, and *identifying* all documents that memorialize *and or* memorialized in whole or in part the complaint(s) *and or* concern(s) *and or* the decision to discipline.

Respectfully submitted,
Ann Mitchell
By Her Attorney,

Alice Whitehill Wiseberg, Esq.
65A Atlantic Avenue
Boston, MA 02110
(617)723-0030
BBO No. 568027

Dated: July 2, 2005

## CERTIFICATE OF SERVICE

I, Alice Whitehill Wiseberg , hereby certify that I have served the foregoing Interrogatories on *Defendant* Hallmark Health by this day mailing first class, postage prepaid, a copy thereof to *Defendant*'s counsel of record: John Simon, Esq., Stoneman, Chandler & Miller LLP, 99 High Street, Boston, MA 02110.

July 2, 2005

Alice Whitehill Wiseberg.