EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-cv-12169-REK |
| | ) |
| HALLMARK HEALTH SYSTEM, INC./ | ) |
| LAWRENCE MEMORIAL HOSPITAL | ) |
| and JULIE CHASE SHAUGHNESSY, | ) |
| | ) |
| Defendants. | ) |

### RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT HALLMARK HEALTH SYSTEM, INC.

The Defendant, Hallmark Health System, Inc. ("Hallmark"), hereby responds to the

Plaintiffs' First Set of Interrogatories Directed to Defendant Hallmark Health System, Inc.

### GENERAL OBJECTIONS

Hallmark makes the following general objections. General objections are incorporated

by reference into Hallmark's response to each interrogatory, to the extent applicable, whether

or not specifically stated in any individual response.

1.    Hallmark objects to all instructions, definitions, and interrogatories to the

extent that they purport to require discovery of privileged information and/or non-discoverable

attorney work product.

2.    Hallmark objects to all instructions, definitions, and interrogatories to the

extent that they purport to require it to exceed its obligations under the Federal Rules of Civil

Procedure.

3.    Hallmark objects to all instructions, definitions, and requests that purport to

require it to disclose information that is confidential, proprietary, or a trade secret or that is

private and confidential and protected from disclosure pursuant to Mass. Gen. L. ch. 214 or
any other applicable state or federal law.

4.    Hallmark objects to all interrogatories, including subparts of basic
interrogatories which are not logical extensions of the basic interrogatory, which exceed the
twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

## RESPONSES

The following responses are a compilation of information obtained from Hallmark's
records as well as from various Hallmark employees. They are not based upon the personal
knowledge of any one individual. The verification at the end of these answers is included
solely for the purposes of compliance with Fed. R. Civ. P. 33 and does not purport to be an
·affirmation that the individual so signing has, or has based his answers on, personal knowledge
of all the information set forth herein.

Hallmark reserves the right to supplement its response to the Plaintiffs' first set of
interrogatories.

Subject to the foregoing, Hallmark responds as follows:

INTERROGATORY NO. 1:
Please *describe in detail* the process by which *Defendant* answered these interrogatories,
including but not limited to *identifying* the *person(s)* answering these interrogatories on behalf
of *Defendant Hallmark Health* and the official capacity in which each such *person* is acting
(e.g. vice president for HR, general counsel, etc.), *identifying* all *persons* with whom the
,*person(s)* answering these interrogatories *communicated* in the preparation of responses to
these interrogatories and state their position *and or* role with Defendant, *identifying* who was
present during each such *communication, describing in detail* who *communicated* what to
whom, when where and how, *identifying* and *describing in detail* the content of all notes,
memoranda, or other *documents* of any kind or nature which were reviewed in connection with
each such *communication,* and if, for any interrogatory herein, information obtained from any
other *person(s)* was utilized *and or* relied upon, please *identify* each such *person, describing in
detail* the specific information provided by *said person,* and the specific interrogatory to which
such information pertains.

RESPONSE NO. 1: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information protected by the work product doctrine and/or attorney-client privilege. Without

waiving these or its general objections, and to the extent Hallmark can understand what is

being asked, Hallmark states that the following individuals provided information contained in

the interrogatory responses: Julie Chase Shaughnessy, c/o Hallmark Health System, Inc., 100

Hospital Road, Malden, MA 02148 (781) 979-3000; Karen M. Morganto, Imaging Clinical

Coordinator, Hallmark Health System, Inc., 100 Hospital Road, Malden, MA  02148 (781)

979-3000; Johnna L. Wasdyke, Director, Human Resources, Hallmark Health System, Inc.,

100 Hospital Road, Malden, MA  02148 (781) 979-3000;  Mary Adams, Former Manager,

Human Resources, 5 Glen Road, Unit 110, Stoneham, MA  02180; William A. Doak, Jr.,

Former Director, Imaging/Cardiology, 5 Gunstock Drive, Kingston, NH  03846; Hugh

Collier, M.D., Pilgrim Medical Associates, P.C., 170 Governors Avenue, Medford, MA

02155 (781) 396-1002; and Charles R. Whipple, Esq., General Counsel, Hallmark Health

System, Inc., 585 Lebanon Street, Melrose, MA 02176 (781) 979-3050.

### INTERROGATORY NO. 2:

For each and every allegation in Plaintiff's complaint which *Defendant* denied in whole or in
part in its Answer to Plaintiffs Complaint, please *describe in detail* each and every
ground/basis for denying all or part of the allegation including but not to *describing in detail*
what *Defendant* contends occurred if not what Plaintiff alleged including but not limited to
*describing in detail* what Defendant contends was *communicated,* done *and or* not done to
whom, by whom, when, where, and how, *identifying* all *person(s) Defendant* believes *and or*
suspects have knowledge of some or all of the bases for *Defendant's* denial, *describing in
detail* what knowledge *Defendant* believes *and or* suspects each person so *identified* has, and
*identifying* all *documents* that memorialize *and or* memorialized in whole or in part any *and or*
all of the ground(s)/basis for *Defendant's* denial *and or* how the *persons identified* herein
gained knowledge *and or* information *regarding* some or all of the grounds/bases for
*Defendant's* denial.

RESPONSE NO. 2:  Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it contains discrete subparts which exceed the twenty-five

interrogatories to which each side is limited under Local Rule 26.1(C). Hallmark finally

objects to this interrogatory because it seeks information regarding Hallmark's "Answer to

Plaintiff's Complaint" despite the fact that the Plaintiff subsequently filed an *Amended*

Complaint (in response to which Hallmark filed a different Answer), which is the operative

pleading in this matter. Without waiving these or its general objections, and presuming that

this interrogatory seeks information regarding Hallmark's Answer to the Plaintiff's Amended

Complaint, Hallmark states as follows:

Amended Complaint ¶ 1: Hallmark denies the allegations of Amended Complaint ¶ 1

because they are introductory and/or state conclusions of law and, therefore, need not be

admitted. Further responding, Hallmark denies the allegations of ¶ 1 because the Plaintiff is

not entitled to damages and/or equitable relief for age discrimination, disability discrimination,

Family and Medical Leave Act ("FMLA") violations, infliction of emotional distress and/or

other unlawful conduct as alleged in ¶ 1.

Amended Complaint ¶ 4: Hallmark denies the allegations of Complaint ¶ 4 because

they are not true as written. Although Defendant Julie Chase Shaughnessy does reside in

Derry, New Hampshire, she is no longer employed by Hallmark as alleged in ¶ 4. Rather, Ms.

Shaughnessy ceased being employed by Hallmark on or about February 7, 2005.

Amended Complaint ¶ 6. Hallmark denies some of the allegations of Amended

Complaint ¶ 6 because they are not true as written. Although the Plaintiff was a full-time

employee at various times during her employment with Hallmark, she was not a "permanent

full-time employee" at all times after 1971, as implied by the allegations of ¶ 6. Further

responding, no Hallmark employee, whether full-time or part-time, is considered to be

"permanent," as alleged in ¶ 6.

Amended Complaint ¶ 7. Hallmark denies the allegations of Amended Complaint ¶ 7

because they are not true as written and because they contain conclusions of law. Although

- 4 -

Hallmark allowed the Plaintiff leave under the FMLA at various times due to her serious
health condition(s), the Plaintiff never requested nor received any "reasonable
accommodation," which is a completely separate and distinct legal standard under the
disability discrimination laws. The Plaintiff was never a "qualified person with a disability"
under the disability discrimination laws and/or never informed Hallmark that she was a
·qualified person with a disability. Therefore, the Plaintiff neither sought nor was entitled to
any "reasonable accommodation" as alleged in ¶ 7.

Amended Complaint ¶ 8. Hallmark denies the allegations of Amended Complaint ¶ 8
because those allegations describe the contents of written documents, which speak for
themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 9. Hallmark denies the allegations of Amended Complaint ¶ 9
because those allegations describe the contents of written documents, which speak for
themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 10. Hallmark denies the allegations of Amended Complaint ¶
10 because those allegations describe the contents of written documents, which speak for
themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 11. Hallmark denies the allegations of Amended Complaint ¶
11 because those allegations describe the contents of written documents, which speak for
themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 12. Hallmark denies the allegations of Amended Complaint ¶
12 because those allegations describe the contents of written documents, which speak for
themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 13. Hallmark denies the allegations of Amended Complaint ¶
13 because they are not true as written. Prior to September 2001, the Plaintiff's attendance
record was not "excellent" as alleged in ¶ 13. Rather, at various times throughout her

employment with Hallmark, the Plaintiff's supervisors have identified her poor attendance as an ongoing issue.

Amended Complaint ¶ 14. Hallmark denies the allegations of Amended Complaint ¶ 14 because they are not true as written. The Plaintiff was not "eligible for the Personal Leave Program, granted to employees with outstanding attendance records" as alleged in ¶ 14. Hallmark does not offer any "Personal Leave Program" to employees with outstanding attendance records. Rather, pursuant to Hallmark policy, a full or part-time employee is eligible for a leave of absence for personal reasons. An employee requesting a leave for personal reasons will have their requests evaluated on an individual basis and Hallmark Health may grant or deny the request at its sole discretion. If a leave of this type is granted, Hallmark Health shall determine on an individual basis the length of the leave. The maximum amount of time which will be granted for leave a leave is 90 calendar days less any leave time taken for the same or related purpose.

Amended Complaint ¶ 15. Hallmark denies the allegations of Amended Complaint ¶ 15 because they are not true as written. Although the Plaintiff did take Hallmark-approved FMLA leave at various times between September 2001 and June 2003, the Plaintiff was absent from work on numerous other occasions during that time period that neither qualified as FMLA leave nor were approved by Hallmark. Hallmark therefore denies the implication of the allegations of ¶ 15, that is, that all time the Plaintiff was absent from work between September 2001 and June 2003 was approved "medical leave" necessitated by "serious health conditions."

Amended Complaint ¶ 16. Hallmark denies the allegations of Amended Complaint ¶ 16 because they are not true as written. Although the Plaintiff did provide Hallmark with some medical documentation of her need to take medical leaves of absence from work (which Hallmark invariably approved as FMLA leave), the Plaintiff was absent from work on

- 6 -

numerous occasions during the relevant time period for which she provided no medical documentation whatsoever. Hallmark therefore denies the implication of the allegations of ¶ 16, that is, that the Plaintiff always provided Hallmark with medical documentation substantiating that she was medically required to be absent from work.

Amended Complaint ¶ 17. Hallmark denies the allegations of Amended Complaint ¶ 17 because they are not true as written and because they contain conclusions of law. Hallmark took no "adverse employment actions" against the Plaintiff at any time for any reason. Further responding, "threatening [the Plaintiff] with suspension," "claiming falsely that her work quality was poor," and "accusing [the Plaintiff] of actions she did not do" are not adverse employment actions as alleged in ¶ 17.

Amended Complaint ¶ 18. Hallmark denies the allegations of Amended Complaint ¶ 18 because they are not true as written and contain conclusions of law. The Plaintiff did not "contact[] Human Resources regarding Defendants' discriminatory and retaliatory actions" as alleged in ¶ 18. Rather, the entirety of the Plaintiff's communications with Hallmark's Human Resources Department concerned her FMLA leave and whether such leave would be characterized as EIB or PTO.

Amended Complaint ¶ 19. Hallmark denies the allegations of Amended Complaint ¶ 19 because those allegations describe the contents of written documents, which speak for themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 20. Hallmark denies the allegations of Amended Complaint ¶ 21 because they are not true as written and because they contain conclusions of law. Hallmark took no "punitive and retaliatory action" against the Plaintiff at any time for any reason.

Amended Complaint ¶ 21. Hallmark denies the allegations of Amended Complaint ¶ 21 because those allegations describe the contents of written documents, which speak for themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 22. Hallmark denies the allegations of Amended Complaint ¶ 22 because they are not true as written. Ms. Shaughnessy did not "change[] the return date on Ms. Mitchell's FMLA leave forms from June 2, 2003 to June 1, 2003" as alleged in ¶ 22. Rather, because the Radiology Department was short-staffed, Ms. Shaughnessy called the Plaintiff to ask whether she would be able to return to work on June 1, 2003. The Plaintiff refused and returned to work from her leave on June 2, 2003 as had always been scheduled.

Amended Complaint ¶ 23. Hallmark denies the allegations of Amended Complaint ¶ 23 because they are not true as written. The Plaintiff had not previously informed Ms. Shaughnessy "that her doctor had not authorized her to return to work until June 2, 2003," as alleged in ¶ 23. Rather, because the Radiology Department was short-staffed, Ms. Shaughnessy simply called the Plaintiff to ask whether she would be able to return to work on June 1, 2003, the day before she was scheduled to return to work from FMLA leave. The Plaintiff refused and returned to work on June 2, 2003, as scheduled. However, Ms. Shaughnessy had not previously known of some alleged requirement by the Plaintiff's doctor that she not return to work before June 2, 2003.

Amended Complaint ¶ 24. Hallmark denies the allegations of Amended Complaint ¶ 24 because those allegations describe the contents of written documents, which speak for themselves and are their own best evidence of their content and import.

Amended Complaint ¶ 25. Hallmark denies the allegations of Amended Complaint ¶ 25 because they are not true as written. Hallmark denies the implication of the allegations of ¶ 25 that Ms. Shaughnessy intentionally left "the Notice on a chair in the staff lounge where other employees found and read it."

Amended Complaint ¶ 26. Hallmark denies the allegations of Amended Complaint ¶ 26 because they are not true as written. Hallmark denies that the Plaintiff "was extremely humiliated and distraught" about the Notice allegedly begin left in the staff lounge and/or the

- 8 -

implication that Ms. Shaughnessy intentionally "left in the staff lounge where others could and

did read it" as alleged in ¶ 26.

Amended Complaint ¶ 27. Hallmark denies the allegations of Amended Complaint ¶

27 because they are not true as written and because they contain legal conclusions. Hallmark

did not "harass" the Plaintiff at any time for any reason. Further responding, sending "nearly

daily emails criticizing Ms. Mitchell's work and falsely accusing her of things she did not do"

is not "harassment" as alleged in ¶ 27.

## INTERROGATORY NO. 3:
Please *describe in detail* each and every ground/basis for each of *Defendant's* affirmative
defenses set out in its Answer to Plaintiffs Complaint, *identifying* all *persons Defendant*
believes *and or* suspects has knowledge *regarding* some or all of the grounds/bases for the
affirmative defense, *describing in detail* what knowledge *and or* information *Defendant*
·believes *and or* suspects each *person* so *identified* has and how *Defendant* believes *and or*
suspects the *person* gained such knowledge *and or* information, and *identifying* all *documents*
that memorialize *and or* memorialized in whole or in part any *and or* all of the ground(s)/bases
for *Defendant's* affirmative defenses *and or* how the *persons identified* herein gained
knowledge *and or* information *regarding* some or all of the grounds/bases for the affirmative
defense.

RESPONSE NO. 3: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and seeks information protected by the work product doctrine

and/or attorney-client privilege. Hallmark further objects to this interrogatory because it

exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

Hallmark finally objects to this interrogatory because it seeks information regarding

Hallmark's "Answer to Plaintiff's Complaint" despite the fact that the Plaintiff subsequently

filed an *Amended* Complaint (in response to which Hallmark filed a different Answer), which

is the operative pleading in this matter.

## INTERROGATORY NO. 4:

Please *identify* all *persons Defendant* knows *and or* suspects (including but not limited to after
investigation as required in these interrogatories) have information *and or* knowledge of
discoverable matters *regarding* this action (see Rule 26(e)|requiring that such answer be
supplemented) *describing in detail* what information *and or* knowledge *Defendant* knows *and
or* suspects the *person* has/may have and *Defendant's* understanding of how the person gained

the knowledge *and or* information, *identifying* all documents that memorialize *and or* memorialized in whole or in part the information *and or* knowledge *Defendant* knows *and or* suspects the person has/may have *and or Defendant's* understanding of how the person gained the knowledge *and or* information.

RESPONSE NO. 4: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 5:

For the years 1995-present, inclusive, please *describe in detail* each and every *communication* by *Defendant's* current *and or* former employee(s), agent(s), *and or* representative(s) of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories), including but not limited to *communications* by *and or* with Plaintiff *Defendant Chase, and or* Karen Morganto, regarding Plaintiffs work/job performance, including but not limited to *communications* regarding Plaintiffs work quality *and or* quantity, professional/work attitude, *and or* absenteeism including but not limited to Plaintiff taking time off work due to what Plaintiff claimed were medical reasons, including but not limited to for each such *communication describing in detail* who *communicated* what to whom, when, where, and how (e.g. in person, over telephone or via electronic means), *identifying* each person involved in the *communication* and *describing in detail* their role in the *communication* .*(e.g.* participant who spoke with Plaintiff, witness who observed Defendant Chase speak with Plaintiff), *identifying all persons Defendant* knows *and or* suspects have knowledge of the *communication* and stating *Defendant's* understanding of how s/he gained knowledge of the *communication* and *identifying* each and every *document* that memorializes *and or* memorialized the *communication(s)* in whole or in part.

RESPONSE NO. 5: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 6:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in ·which *Defendant* contends *and or* in which it was alleged that a current *and or* former employee, agent, *and or* representative of *Defendant,* working in *and or* for any department of radiology owned or operated by *Defendant,* including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto, did not perform his/her job in a professionally competent manner, including but not limited to each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative did not perform his/her work in a technically competent manner, each and every instance in which

- 10 -

*Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative did not maintain a professional attitude/work demeanor, each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative was on the premises of any department of radiology owned or operated by *Defendant* under the influence of alcohol *and or* illegal drugs, and each and every instance in which *Defendant* contends *and or* it was alleged that a current *and or* former employee, agent, *and or* representative violated any of *Defendant's* rules, policies, *and or* procedures, including but not limited to those relating to work quality *and or* taking time off, including but not limited to sick, medical, *and or* FMLA leave, *describing in detail* how, when and where the current *and or* former employee, agent, *and or* representative failed *and or* allegedly failed to perform his/her job in a professionally competent manner, how and when *Defendant* became aware of the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure *describing in detail* who *communicated* what to whom, when, where and how, *identifying* all *persons Defendant* knows or suspects has knowledge of the current *and or* former employee, agent, *and or* representative's actual *and or* .alleged failure to perform his/her job in a professionally competent manner, *describing in detail* how each person identified learned of the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, *describing in detail* each and every act *Defendant* took in response to the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, including but not limited to *describing in detail* who *communicated* what to whom, when, where and how about the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure to perform his/her job in a professionally competent manner, *identifying* each and every *document* in which *Defendant* memorialized in whole or in part the current *and or* former employee, agent, *and or* representative's actual *and or* alleged failure, and for each and every instance in which *Defendant* contends that the current or former employee, agent, *and or* representative's actual *and or* alleged failure involves the current *and or* former employee, agent, *and or* representative actually *and or* allegedly violating any of *Defendant's* rule(s), policy(ies) *and or* procedure(s) in effect at the time of the alleged violation, *describe in detail* the substance of the rule(s), policy(ies) *and or* procedure(s) the current or former employee, 'agent, *and or* representative actually *and or* allegedly violated, the date(s) of its implementation and end, if any, *identify* all *documents* which contain the rule(s), policy(ies) *and or* procedure(s) or a summary thereof and *describing in detail* how each such rule(s), policy(ies) *and or* procedure(s) was communicated to Plaintiff specifically and *Defendant's* employees, agents, representatives in general.

RESPONSE NO. 6: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written and seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hallmark

further objects to this interrogatory because it exceeds the twenty-five interrogatories to which

each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 7:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which a current *and or* former employee, agent, *and or* representative of *Defendant,* including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto, was absent from work more than 3 days *or* more than 24 hours in any six month period (excluding absences due to vacation, military service, *and or* jury duty), including but not limited to for each *identifying* 'the current *and or* former employee, agent, *and or* representative of *Defendant,* stating the date(s) of the absences, the number of hours per day the person was absent, *describing in detail* the reason given for the absence (e.g. illness, injury, medical appointments, personal time, etc.), how *Defendant* categorized the absence (e.g. sick leave, FMLA leave, personal leave or some other classification), whether *Defendant* paid the person in whole or in part for the in part for how much of the absence *Defendant* paid the person, and *describing in detail* each and every instance in which the person was threatened with *and or* actually disciplined *(e.g.* threatened with *and or* actually received an oral *and or* written warning, reprimand, *and or* counseling, threatened with *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation) for any reason including but not limited-to work performance *and or* attendance issues, and if any information sought in this interrogatory is *and or* was memorialized in whole or in part in a *document(s), identify* the *document(s).*

RESPONSE NO. 7: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

INTERROGATORY NO. 8:

For each year 1995 to present, inclusive, please *describe in detail* each and every current *and or* former employee, agent *and or* representative who works(ed) in *and or* for a department of radiology owned or operated by *Defendant,* including but not limited to for each department of radiology, stating its name and location, *identifying* each and every current *and or* former 'employee, agent *and or* representative who works(ed) in that department of radiology, *describing in detail* his/her position/job with *Defendant,* his/her employment/work history with *Defendant,* his/her educational and professional background *and or* training, work related certifications the person holds, the total yearly value of their compensation paid by *Defendant,* listing separately their regular wages, overtime wages, vacation pay, paid time off, all fringe benefits, and for each state *Defendant's* pro-rata yearly cost attributable to the person, the number of days and hours (e.g. 3 days, 6 hrs) absent from work (other than for vacation, military leave, or jury duty) and *describing in detail* the reason given for each such absence(s), *identifying* the person's supervisor(s) *and or* manager(s) while working in a department of radiology owned or operated by *Defendant.*

RESPONSE NO.8: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

### INTERROGATORY NO. 9:

Please *describe in detail* all *communications* of which *Defendant* is aware (including but not
limited to after investigation as required in these interrogatories) any of *Defendant's*
employees, agents, *and or* representatives, including but not limited to Plaintiff, *Defendant
Chase and or* Karen Morganto, had regarding Plaintiffs age *and or* physical *and or* mental
health, including but not limited to regarding Plaintiffs illnesses, injuries, medical
appointments, Plaintiffs taking of medical/sick leave, FMLA leave, *describing in detail* each
such *communication* including but not limited to stating its date, its location(s); *describing in
detail* who *communicated* what to whom, when, where and how (e.g. telephone, in person,
email, etc.), *identifying* all persons involved in the *communication* and describing their
involvement (e.g. participant, witness, etc.); and *identifying* all *documents* of which *Defendant*
is aware (including but not limited to after investigation as required in these interrogatories)
which memorialize *and or* memorialized in whole or in part the *communication(s).*

RESPONSE NO. 9: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written and seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hallmark

further objects to this interrogatory because it exceeds the twenty-five interrogatories to which

each side is limited under Local Rule 26.1(C).

### INTERROGATORY NO. 10:

For the years 1995 until Plaintiffs employment with *Defendant* ended, inclusive, please
*describe in detail* each instance in which Plaintiff was absent from work for what Plaintiff
claimed were medical reasons (e.g. illness, injury, medical appointments, taking *and or*
requesting leave pursuant to the FMLA), including but not limited to for each such absence
giving the date(s) of the absence, stating how many hours Plaintiff was absent on each date,
stating whether *Defendant* classified the leave as FMLA leave and *describing in detail* how the
decision whether or not to classify the leave as FMLA leave was made including but not
limited to *identifying* all those involved in the decision and *describing in detail* each person's
involvement in the decision including but not limited to *describing in detail* who
*communicated* what to whom, when, where and how about the decision, stating for each day
Plaintiff was absent how many hours of the absence *Defendant* paid *and or* did not pay

Plaintiff for and *describing in detail* the reasons why *Defendant* paid *and or* did not pay Plaintiff for some or all of the absence, *identifying* all those involved in the decision whether or not to pay Plaintiff for some or all of the absence *and describing in detail* what role each person played in making the decision including but not limited to *describing in detail* who *communicated* what to whom when were and how about the decision to pay or not to pay ·Plaintiff for the absence, and *identifying* all *documents* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) that memorialize *and or* memorialized in whole or in part the information requested in this interrogatory.

RESPONSE NO. 10: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

### INTERROGATORY NO. 11:
For the years 2000 to present, inclusive, please *describe in detail* each and every one of *Defendant's* rule(s), policy(ies), guideline(s), *and or* procedure(s) that are *relevant to* any of the issues *and or* claims raised in Plaintiffs complaint, including but not limited to Plaintiffs ·claims *regarding* harassment, discrimination, retaliation, *and or* unfair treatment including but not limited to *Defendant's* rule(s), policy(ies), guideline(s) *and or* procedure(s) *relevant to Defendant's* investigation of complaints of harassment, discrimination, unfair treatment, *and or* retaliation, *Defendant's* rule(s), policy(ies), guideline(s), *and or* procedure(s) that are *relevant to* absenteeism including but not limited to taking sick *and or* medical leave including but not limited to FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how many absences (for other than vacation, military service, *and or* jury duty) *Defendant* considers to be acceptable and how much excessive in a six and 12 month period, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* what documentation *and or* notice *Defendant* requires for absence(s) due to illness *and or* injury, including but not limited to FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how *Defendant* determines whether or not to designate leave as FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how the *Defendant* determines whether or not a person will be paid for some or all of his/her absence(s) including but not limited to FMLA leave, rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* how the *Defendant* determines when .the absence is paid and if so whether it is paid for out of regular sick leave time, personal time, extended illness bank, or some other payment category *(describing in detail* said category), rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* when an employee *and or* agent of *Defendant* may accrue *and or* utilize his/her extended leave bank, and for each such rule(s), policy(ies), guideline(s) *and or* procedure(s) *describing in detail* how it is *communicated* to *Defendant's* employees *and or* agents in general and Plaintiff in particular, *identifying* each and every *document* which memorializes *and or* memorialized in whole or in part any *and or* all of the rule(s), policy(ies) *and or* procedure(s) referred to in *Defendant's* answer to this interrogatory.

RESPONSE NO. 11: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

INTERROGATORY NO. 12:
Please *describe in detail* Defendant Chase's employment/work history with *Defendant* (i.e.
work with or for *Defendant* as an employee, independent contractor, *and or* in some other
capacity) including but not limited to for each position *and* or job title Defendant Chase held
stating the position *and or* job title and *describing in detail* her job responsibilities attendant
thereto, stating the dates she held the position *and* or job title and her status (i.e. employee,
independent contractor, *and or* in some other capacity *describing in detail* that capacity)
during that time, *identifying* her supervisor *and or* manager in each position *and or* job title,
*describing in detail* each and every warning, reprimand, counseling, suspension, termination
*and or* other disciplinary action she received *and or* with which she was threatened including
but not limited to stating the date it was given *and or* threatened, *identifying* all those involved
in the actual *and or* threatened warning, reprimand, counseling, suspension, termination *and or*
other disciplinary action and *describing in detail* each person's involvement therein, and if
Defendant Chase is no longer working for *Defendant* as an employee, stating the date on
which her employment with *Defendant* ended and if she left the *Defendant's* employment
voluntarily, stating whether her voluntary separation was initiated by *Defendant Chase* or by
*Defendant* and *describing in detail* who *communicated* what to whom when where and how
about *Defendant Chase's* voluntary separation from Defendant's employment, or if Defendant
Chase's separation from *Defendant's* employment was involuntarily state whether she was
terminated, laid off, forced to resign, or involuntarily separated in some other manner
*describing in detail* how the involuntary separation occurred including but not limited to
*describing in detail who communicated* what to whom when where and how about *Defendant
Chase's* involuntary separation from *Defendant, identifying* all persons involved in making the
decision to end *Defendant Chase's* employment and *describing in detail* each *persons'*
·involvement including but not limited to who *communicated* what to whom, when, where, and
how, and if *Defendant Chase* is no longer working with *Defendant* as an independent
contractor or in some other capacity other than as an employee, stating the date on which her
work as an independent contractor or in some other capacity with *Defendant* ended and if she
her work with *Defendant* as an independent contractor or in some other capacity ended
voluntarily, stating whether her voluntary separation was initiated by *Defendant Chase* or by
*Defendant* and *describing in detail* who *communicated* what to whom when where and how
about *Defendant Chase's* voluntary separation from *Defendant,* or *if Defendant Chase's*
separation from *Defendant was* involuntarily *describe in detail* how the involuntary separation
occurred including but not limited to *describing in detail who communicated* what to whom
when where and how about *Defendant Chase's* involuntary separation from *Defendant,*
*identifying* all persons involved in making the decision to end *Defendant Chase* work
relationship with *Defendant* and *describing in detail* each persons involvement including but
not limited to who *communicated* what to whom, when, where, and how, and *identifying* each
and every *document* that memorializes *and or* memorialized in whole or in part *Defendant
Chase's* separation from *Defendant's* employment *and or* work with *Defendant.*

- 15 -

RESPONSE NO. 12: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, seeks information

protected by the work product doctrine and/or attorney-client privilege, and seeks information

that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

INTERROGATORY NO. 13:
Please *describe in detail* each and every complaint *and or* concern of Plaintiffs received by
*Defendant and or* of which *Defendant* is aware (including but not limited to after investigation
as required in these interrogatories) regarding *Defendant's,* including but not limited to any of
*Defendant's* current *and or* former employees, agents *and or* representatives, including but not
limited to *Defendant Chase and or* Karen Morganto's, treatment of Plaintiff including but not
limited to *describing in detail* the substance of each such complaint(s) *and or* concern(s) and
how *Defendant* became aware of Plaintiffs complaint(s) *and or* concern(s) including but not
limited to *identifying* and *describing in detail* who *communicated* what to whom, when, where,
and how about said complaint(s) *and or* concern(s), *identifying* all persons referenced in the
complaint(s) *and or* concern(s) and *describing in detail* what the reference to each person was,
*identifying* all those whom *Defendant* is aware *and or* suspects have knowledge of Plaintiffs
complaint(s) *and or* concern(s) (including but not limited to after investigation as required in
these interrogatories) and *describing in detail Defendant's* understanding of what each such
person knew/knows of Plaintiffs complaint(s) *and or* concern(s) and how each person gained
such knowledge, what, if anything, *Defendant* did in response to said complaint(s) *and or*
concern(s) including but not limited to for each such complaint *and or* concern *identifying* and
*describing in detail* who *communicated* what to whom, when, where, and how *regarding
Defendant's* response and *identifying* all those whom *Defendant* is aware (including but not
limited to after investigation as required in these interrogatories) has knowledge of
*Defendant's* response *describing in detail Defendant's* understanding of what each person
knew/knows of *Defendant's* response and how each person gained knowledge of *Defendant's*
response, and *identifying* each and every *document* that memorializes *and or* memorialized in
whole or in part said complaint(s) *and or* concern(s) *and or Defendant's* response(s) thereto.

RESPONSE NO. 13: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written and seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hallmark

further objects to this interrogatory because it exceeds the twenty-five interrogatories to which

each side is limited under Local Rule 26.1(C).

## INTERROGATORY NO. 14:

Please *describe in detail* each and every complaint *and or* concern received by *Defendant and or* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) *regarding* Defendant Chase *and or* Karen Morganto, including but not limited to complaints *and or* concerns *regarding* unfair *and or* discriminatory treatment, harassment, *and or* retaliation, *regarding* Defendant Chase, Karen Morganto *and or* any other employee *and or* agent of *Defendant* being under the influence of alcohol *and or* illegal drugs while on premises owned *and or* operated by *Defendant,* including but not limited to for each complaint *and or* concern *describing in detail* the substance of the complaint *and or* concern including but not limited to *describing in detail* who is alleged to have *communicated,* done *and or* not done what to whom, when, where, and how, *identifying* all persons referenced in the complaint *and or* concern and *describing in detail* what the reference to each person was, stating the date on which *Defendant* received *and or* became aware of the complaint *and or* concern, *describing in detail* how *Defendant* became aware of the complaint *and or* concern including but not limited to who *communicated* what to whom when where and how, what if anything *Defendant* did in response to the complaint *and or* concern including but not limited to *describing in detail* the investigation if any *Defendant* conducted and disciplinary action if any *Defendant* took, *identifying* by whom and *describing in detail* how the substance of the complaint *and or* concern was *communicated* to *Defendant* Chase *and or* Ms. Morganto, *describing in detail Defendant Chase~ and or* Ms. Morganto's response to the complaint *and or* concern, the resolution of the complaint *and or* concern, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the complaint(s) *and or* concern(s) *and or Defendant's* response(s) thereto.

RESPONSE NO. 14: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

## INTERROGATORY NO. 15:

If *Defendant* contends that at any time between 1995 and the date of Plaintiffs employment with *Defendant* ended, inclusive, Plaintiff did not perform satisfactorily any of the essential function(s) of her job, for each such instance please *describe in detail* the nature of the essential function(s), the facts *and or* information upon which *Defendant* bases its contention that Plaintiff did not perform it satisfactorily, what reasonable accommodation if any would have enabled Plaintiff to perform that the essential job function, including but not limited to allowing Plaintiff time off without negative job repercussions, *describe in detail* the efforts *Defendant* made to attempt to accommodate Plaintiffs need for time off *and or* other reasonable accommodation, the costs involved in the accommodation, who *communicated* what to whom, when, where and how about Plaintiffs alleged failure to perform the essential function of her job in a satisfactory manner *and or* need for reasonable accommodation,

including but not limited to her need for time off, including but not limited to *Defendant's communications* to Plaintiff regarding *Defendants'* efforts or refusal to accommodate Plaintiffs need for time off, the burden on *Defendant* of reasonably accommodating Plaintiff to enable her to be able to perform the essential function(s) of her job, the percentage of time the essential function requires, *identifying* other employees *and or* agents of Defendant who could have performed the essential function for the period of time *Defendant* contends Plaintiff was not able to do so, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

RESPONSE NO. 15: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 16:
Please *identify* all witnesses whom *Defendant* intends to *and or* may call at the trial of this action including but not limited to *expert witnesses* (see Rule 26(e) requiring that such answer be supplemented) including but not limited to for each potential witnesses *describing in detail* the anticipated substance of his/her testimony, *Defendant's* understanding of the ways the potential witness gained knowledge of the facts *and or* circumstances underlying the anticipated testimony, *describing in detail* the potential witnesses' educational background, work/professional history, published writings and the date(s) thereof, certifications *and or* licenses held, *identifying* all *persons* with whom the potential witnesses has met *and or* may meet in preparation for the trial in this matter, *identifying* all cases in which the potential witness has testified *and or* rendered assistance including but not limited to *identifying* the court *and or* administrative agency, the docket number of the action, the substance of the complaint *and or* claims, for which party the potential witness testified *and or* rendered assistance, and if any of the potential witnesses identified herein are *expert witnesses* for each such *expert witness describing in detail* the subject matter on which the expert is expected to testify, the substance of all facts and opinions to which the expert is expected to testify and the grounds/bases for each fact *and or* opinion, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

RESPONSE NO. 16: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written and seeks information protected by the

work product doctrine and/or attorney-client privilege. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 17:

Please *identify* all *persons* whom *Defendant* is aware *and or* suspects (including but not limited to after investigation as required in these interrogatories) have knowledge of any occurrence, event, fact, incident *and or* circumstance *relating to* any *and or* all of the allegations in Plaintiffs complaint against Defendant in this matter *describing in detail* what knowledge *Defendant* knows *and or* suspects the person has regarding what occurrence, event, fact, incident, *and or* circumstance including but not limited to *describing in detail* who *communicated* what to whom, when, where, and how *regarding* the occurrence, event, fact, incident *and or* circumstance, what *Defendant's* understanding is as to how the person gained such knowledge including but not limited to *describing in detail* who *communicated* what to whom, when, where, and how, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

RESPONSE NO. 17: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 18:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which *Defendant* threatened *and or* actually disciplined *(e.g.* threatened *and or* actually gave an oral *and or* written warning, reprimand, *and or* counseling, threatened *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) a current *and or* former employee, agent or representative of *Defendant* (including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto) for absenteeism, failure to follow *Defendant's* policy(ies), procedure(s) *and or* rule(s), failure to maintain a professional work attitude, failure to perform work in a professionally competent manner, *and or* for any other reason for which Plaintiff was threatened *and or* disciplined, including but not limited to for each instance *identifying* all persons involved including but not limited to stating whether or not they have a disability known to *Defendant* (as defined in the ADA), *describing in detail* each *person's* role in the threat of *and or* actual discipline (e.g. gave information to John Doe re Y's actions..., participated in decision to warn X about ...., discussed decision to counsel and then terminate Y with Jane Doe) including but not limited to *describing in detail* who *communicated* what to whom, when, where and how *regarding* the threat of *and or* actual discipline, and *identifying* all *documents* in which the threat of *and or* actual discipline is or was memorialized in whole *and or* in part.

RESPONSE NO. 18: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

INTERROGATORY NO. 19:
Please *describe in detail* the demographic makeup of each department of each facility owned
and or operated by *Defendant* (e.g. Dept. of Radiology Lawrence Memorial Hospital, ICU
Widden Hospital, etc.) as of January 1 of each year between 1995 and present, inclusive,
including but not limited to stating separately for each department its name and location, the
total number of employees and independent contractors working in the department, the
number of female employees and the number of female independent contractors working in
the department, the number of employees *and* the number of independent contractors age 40 or
over working in the department, the number of female employees and the number of female
independent contractors working in the department age 40 or over, the number of employees
and the number of independent contractors with disabilities of which *Defendant* is aware
(including but not limited to after investigation as required in these interrogatories) working in
the department, the number of non-Hispanic Caucasian (i.e. white, non-Hispanic) employees
and the number of non-Hispanic Caucasian independent contractors working in the
department, the number of employees and the number of independent contractors in
management/supervisory positions in each department, the number of employees and the
number of independent contractors in management/supervisory positions in each department
age 40 or over, the number of employees and the number of independent contractors in
management/supervisory positions in each department who are female, the number of
employees and the number of independent contractors in management/supervisory positions in
each department who are female and 40 or over, the number of employees and the number of
independent contractors in management/supervisory positions in each department who have a
disability of which *Defendant* is aware (including but not limited to after investigation as
required in these interrogatories), and the number of employees and the number of
independent contractors in management/supervisory positions in each department who identify
as other than non-Hispanic Caucasian (e.g. identifies as a person of color, Black, Hispanic,
Asian, etc.), *identifying* all documents that memorialize *and or* memorialized in whole or in
part the information requested in this interrogatory *and or* demographic make-up of the
department(s).

RESPONSE NO. 19: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

INTERROGATORY NO. 20:

Please *describe in detail* each and every action *and or communication,* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories), taken *and or* made *regarding* a current *and or* former employee(s), agent(s) *and or* representative(s) of *Defendant's* (including but not limited to those by *and or* about Plaintiff, Defendant Chase *and or* Karen Morganto's) age *and or* physical *and or* mental health by any of *Defendant's* current *and or* former employee(s), representative(s) *and or* agent(s) (including but not limited to Plaintiff, Defendant Chase *and or* Karen Morganto), including but not limited for each such action *and or communication identifying* all person(s) involved in the *communication and or* action, *describing in detail* the action *and or communication* and *Defendant's,* Plaintiffs, Defendant Chase's, *and or* Karen Morganto's response to the action(s) *and or communication(s),* if any, including but not limited to for each such *communication,* action *and or* response *describing in detail* who communicated *and or* did what to whom, when, where and how, and *identifying* all documents that memorialize *and or* memorialized in whole or in part the *communication(s),* action(s) *and or* response(s) thereto.

RESPONSE NO. 20: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome and unintelligible as written. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

INTERROGATORY NO. 21:

For the years 1995 to present, inclusive, please *describe in detail* each and every instance in which a current *and or* former employee(s), agent(s), *and or* representative(s) of any of the departments of radiology owned *and or* operated by *Defendant* was threatened with *and or* actually disciplined *(e.g.* threatened with *and or* actually received an oral *and or* written warning, reprimand, *and or* counseling, threatened with *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) for work performance related issues, including but not limited to absenteeism, tardiness, work/professional attitude, *and or* work quality, *identifying* for each such instance all *persons* involved, including stating whether they have a disability of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories), each *person's* position/title with *Defendant,* the facility at which each *person* works(ed) and his/her dates of employment/work with *Defendant, describing in detail* the issue(s) for which the *person* was threatened with *and or* actually disciplined and the role each *person* involved played therein including but not limited to *identifying* who was threatened with *and or* actually disciplined by whom, *describing in detail* who *communicated* what to whom, when, where, and how about the threat of *and or* actual discipline, *describing in detail* what if anything the *persons* involved did in response to the threat of *and or* actual discipline *identifying* each person(s) and stating the date(s) of his/her responsive action, and *identifying* all *documents that* memorialize *and or* memorialized in whole or in part any information sought in this interrogatory.

RESPONSE NO. 21: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

## INTERROGATORY NO. 22:

If *Defendant* contends that at any time between 2001-2003 inclusive Plaintiff was not a
qualified individual with a disability (as defined in the ADA), for each such period of time
please *describe in detail* all bases for *Defendant's* contention that Plaintiff was not a qualified
individual with a disability, including but not limited to *describing in detail* who
*communicated* what to whom when where and how regarding Plaintiffs physical *and or* mental
health *and or* whether or not Plaintiff was a qualified individual with a disability, and
*identifying* all *documents that* memorialize *and or* memorialized in whole or in part any
information sought in this interrogatory.

RESPONSE NO. 22: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written and seeks information protected by the

work product doctrine and/or attorney-client privilege. Hallmark further objects to this

interrogatory because it calls for a legal conclusion. Hallmark finally objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 23:

For the years 1995 to present, inclusive, please *describe in detail Defendant's* hiring (either as
an employee *and or* independent contractor) for positions/jobs in each of the departments of
radiology owned or operated by *Defendant,* including but not limited to for each such
position/job *describing in detail* the position for which *Defendant* hired a new employee(s)
*and or* independent contractor(s), stating its location, *identifying* each applicant (reminder: as
defined above) for the position, *describing in detail* his/her educational background *and or*
certification(s) if any the person has *related to* the position for which the person applied,
his/her work experience *related to* the position for which the person applied, *identifying* all
persons involved in the decision whether or not to hire the person, if the person was hired as
either an employee *and or* independent contractor *describing in detail* the reason(s) the person
was hired *identifying* all persons involved in the decision and *describing in detail* each
person's involvement including but not limited to who *communicated* what to whom when,
where, and how about the decision, state the position(s) the person hired *and or* contracted
with held/holds with *Defendant* and the dates the person held each such position, their

salary/hourly wage at which the *person* was hired *and or* contract with, and current salary/hourly wage of the *person,* if *Defendant* did not hired *and or* contract with the person, *describe in detail Defendant's* reason(s) for not hiring *and or* contracting with the person, *identifying* all persons involved in the decision and *describing in detail* each person's involvement including but not limited to who communicated what to whom when, where, and how about the decision, and *identifying* all *documents* that memorialize *and or* memorialized in whole or in part any information sought in this interrogatory.

RESPONSE NO. 23: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, and seeks

information that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to

this interrogatory because it exceeds the twenty-five interrogatories to which each side is

limited under Local Rule 26.1(C).

## INTERROGATORY NO. 24:
For the period from 1995 to present, inclusive, please *describe in detail* each and every complaint *Defendant* received *and or* of which *Defendant* is aware (including but not limited to after investigation as required in these interrogatories) alleging discrimination, unfair treatment, harassment, *and or* retaliation based in whole or in part on disability/handicap, need for medical/sick leave, age, race, gender, sexual orientation, religion, ethnicity *and or* national origin, if any, including but not limited to for each such complaint *identifying* against whom and by whom the complaint was made, *describing in detail* the substance of each claim *and or* allegation in the complaint including but not limited to who is alleged to have *communicated,* done *and or* not done what to whom, when, where, how and if known why, *identifying* each person referred to in the complaint and *describing in detail* what the substance of each such complaint was *regarding* each person referenced therein, how *Defendant* became aware of the complaint, how each such complaint was resolved, *identifying* all persons *Defendant* knows or suspects has knowledge of the allegations of the complaint, and if such complaint resulted in a complaint being filed in court *and or* with an administrative agency, *identifying* the court *and or* administrative agency in which such action was filed, the docket number of any such action, the final disposition of the matter, if any, and *identifying* all documents that memorialize *and or* memorialized the complaint in whole or in part.

RESPONSE NO. 24: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, seeks information

protected by the work product doctrine and/or attorney-client privilege, and seeks information

that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

## INTERROGATORY NO. 25:

Please *describe in detail* each and every instance, if any, in which a current *and or* former employee, agent *and or* representative *of Defendant* who *Defendant* was aware (including but not limited to after investigation as required in these interrogatories) complained of *and or* raised concerns about workplace harassment, unfair treatment, discrimination *and or* retaliation of any kind was threatened with *and or* actually disciplined *(e.g.* threatened with *and or* actually received an oral *and or* written warning, reprimand, *and or* counseling, threatened with *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) for any reason, including but not limited to for each such instance *identifying* all *persons* involved in the decision to discipline the *person* and *describing in detail* each *person's* employment/work history with the *Defendant,* his/her role in the discipline including but not limited to *describing in detail* who *communicated* what to whom, when, where and how regarding the discipline, stating the date(s) of the discipline, and *identifying* all documents that memorialize *and or* memorialized in whole or in part the complaint(s) *and or* concern(s) *and or* or the decision to discipline.

RESPONSE NO. 25: Hallmark objects to this interrogatory because it is overbroad,

vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence, seeks information

protected by the work product doctrine and/or attorney-client privilege, and seeks information

that is confidential pursuant to M.G.L. c. 214, § 1B. Hallmark further objects to this

interrogatory because it exceeds the twenty-five interrogatories to which each side is limited

under Local Rule 26.1(C).

EXECUTED UNDER THE PAINS AND PENALTIES OF PERJURY THIS $30^{\underline{rd}}$ DAY OF NOVEMBER, 2005.

Charles R. Whipple, Esq.
General Counsel
Hallmark Health System, Inc.

As to Objections:

Kay H. Hodge (BBO# 236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Dated: November 3, 2005

**Certificate of Service**
I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by ~~overnight delivery~~ ~~mail (by hand)~~ on _11-3-05_ .