UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANN MITCHELL, )
)
Plaintiff, )
)
v. ) Civil Action No. 04-cv-12169-REK
)
HALLMARK HEALTH SYSTEM, INC./ )
LAWRENCE MEMORIAL HOSPITAL )
and JULIE CHASE SHAUGHNESSY, )
)
Defendants. )

## RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO JULIE CHASE SHAUGHNESSY

The Defendant, Julies Chase Shaughnessy ("Ms. Shaugnessy"), hereby responds to the Plaintiffs' First Set of Interrogatories Directed to Julie Chase Shaugnessy.

### GENERAL OBJECTIONS

Ms. Shaughnessy makes the following general objections. General objections are incorporated by reference into Ms. Shaughnessy's response to each interrogatory, to the extent applicable, whether or not specifically stated in any individual response.

1. Ms. Shaughnessy objects to all instructions, definitions, and interrogatories to the extent that they purport to require discovery of privileged information and/or non-discoverable attorney work product.

2. Ms. Shaughnessy objects to all instructions, definitions, and interrogatories to the extent that they purport to require her to exceed her obligations under the Federal Rules of Civil Procedure.

3. Ms. Shaughnessy objects to all instructions, definitions, and requests that purport to require her to disclose information that is confidential, proprietary, or a trade secret or that is private and confidential and protected from disclosure pursuant to Mass. Gen. L. ch. 214 or any other applicable state or federal law.

4. Ms. Shaughnessy objects to all interrogatories, including subparts of basic interrogatories which are not logical extensions of the basic interrogatory, which exceed the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

## RESPONSES

The following responses are a compilation of information obtained from Hallmark's and Ms. Shaughnessy's records as well as from various Hallmark employees. They are not based upon the personal knowledge of any one individual. The verification at the end of these answers is included solely for the purposes of compliance with Fed. R. Civ. P. 33 and does not purport to be an affirmation that the individual so signing has, or has based her answers on, personal knowledge of all the information set forth herein.

Ms. Shaughnessy reserves the right to supplement her response to the Plaintiffs' first set of interrogatories.

Subject to the foregoing, Ms. Shaughnessy responds as follows:

INTERROGATORY NO. 1:
Please *describe in detail* the process by which *you* answered these interrogatories, including but not limited to *identifying* the *person(s)* answering these interrogatories on *your* behalf and the official capacity in which each such *person* is acting (e.g. Attorney XYZ, counsel for myself and Hallmark Health; self), *identifying* all *persons* with whom you *and or* the *person(s)* answering these interrogatories *communicated* in the preparation of responses to these interrogatories and state their position *and or* role with Defendant, if any, *identifying* who was present during each such *communication*, *describing in detail* who *communicated* what to whom, when where and how, *identifying* and *describing in detail* the content of all notes, memoranda, or other *documents* of any kind or nature which were reviewed in connection with each such *communication*, and if, for any interrogatory herein, *you and or* the person answering these

- 2 -

interrogatories relies upon and or utilizes information obtained from any other *person(s)*, please *identifying* each such *person, describing in detail* the specific information provided by said *person*, and the specific interrogatory to which such information pertains.

RESPONSE NO. 1: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 2:
Please *describe in detail* each and every instance of which *you* are aware (including but not limited to after investigation as required in these interrogatories) in which *Defendant Hallmark Health's* current *and or* former employees, agents *and or* representatives (including but not limited to *you and or* Karen Morganto) threatened *and or* actually disciplined Plaintiff *(e.g.* threatened *and or* actually gave Plaintiff an oral *and or* written warning, reprimand, *and or* counseling, threatened *and or* actually transferred Plaintiff where such transfer was not a promotion, threatened *and or* actually suspended Plaintiff, threatened *and or* actually terminated *and or* forced Plaintiffs resignation including but not limited to involuntary resignation, involuntary lay off, firing) for job performance reasons, including but not limited to for in whole or in part work quality *and or* attendance issues, for each instance *identifying* all *person(s)* who had any role in *and or* witnessed the actual *and or* threatened discipline, *describing in detail* each such persons involvement (e.g. John Doe spoke to Plaintiff about, John Doe discussed xyz with Jane Doe), the date(s) on which the person was involved, the date(s) the actual *and or* threatened discipline occurred and *identify* all *persons* who were present, *describing in detail* who *communicated* what to whom, when, where and how (e.g. in person, telephone, email, etc.), and if such actual *and or* threatened discipline was memorialized in whole or in part in a *document(s)* please *identify* the *document(s)* and *describe in detail* its/their content(s).

RESPONSE NO. 2: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 3:
For the years 1995-present, inclusive, please *describe in detail* each and every *communication* of which *you* are aware (including but not limited to after investigation as required in these interrogatories), including but not limited to *communications* involving *Defendant Hallmark Health's* current *and or* former employee(s), agent(s), *or* representative(s) including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto, *regarding* Plaintiffs job performance, including but not limited to *communications related to* the quality *and or* quantity of Plaintiffs work, Plaintiffs work/professional attitude, *and or* absenteeism including but not

limited to Plaintiff taking time off work due to what Plaintiff claimed were medical reasons, including but not limited for each such *communication* stating its date and time, *describing in detail* who *communication* what to whom when where and how (e.g. in person, over telephone or via electronic means), *identifying* each person involved in the *communication* and *describing in detail* their role in the *communication* (e.g. participant who spoke with Plaintiff, witness who observed Defendant Chase speak with Plaintiff), *identifying* all *persons Defendant* knows *and or* suspects have knowledge of the *communication* and stating *Defendant's* understanding of how s/he gained knowledge of the *communication* and *identifying* each and every *document* that memorializes *and or* memorialized the *communication(s)* in whole or in part.

RESPONSE NO. 3: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 4:
For the years 1995 to present, inclusive, please *describe in detail* each and every instance of which *you* are aware (including but not limited to after investigation as required in these interrogatories), in which a current *and or* former employee, agent, *and or* representative of *Defendant Hallmark Health,* (including but not limited to Plaintiff, *Defendant Chase and or* Karen Morganto), working in *and or* for any department of radiology owned or operated by *Defendant,* is alleged to *and or* actually did not perform his/her job in a professionally competent manner, including but not limited to each and every instance in which it was alleged *and or* that the current *and or* former employee, agent, *and or* representative did not perform his/her work in a technically competent manner, each and every instance in which it was alleged *and or* in which a current *and or* former employee, agent, *and or* representative of *Defendant Hallmark Health* was on premises owned *and or* operated by *Defendant Hallmark Health* under the influence of alcohol *and or* illegal drugs, each and every instance in which in which it was alleged *and or* that a current *and or* former employee, agent, *and or* representative did not maintain a professional attitude/work demeanor, each and every instance in which 'it was alleged *and or* that the current *and or* former employee, agent, *and or* representative violated any of *Defendant Hallmark Health's* rule(s), policy(ies), *and or* procedure(s), including but not limited to those *relating to* work quality *and or* taking time off including but not limited to sick/medical leave *and or* FMLA leave, and for each such instance *describing in detail* how, when and where the current *and or* former employee, agent, *and or* representative of *Defendant Hallmark Health* allegedly failed *and or* failed to perform his/her job in a professionally competent manner, how *you* became aware of the current *and or* former employee, agent, *and or* representative's alleged *and or* actual failure, *describing in detail* who *communicated* what to whom, when, where and how about the alleged *and or* actual failure, *identifying* all *persons you* know or suspect have knowledge of the current and *or* former employee, agent, *and or* representative's alleged *and or* actual failure to perform his/her job in a professionally competent manner, *describing in detail* each and every act of which *you* are aware (including but not limited to after investigation as required in these interrogatories), that was taken (including but not limited to by Plaintiff, *Defendant Chase and or* Karen Morganto), in response to the current *and or* former employee,

- 4 -

agent, *and or* representative's alleged *and or* actual failure to perform his/her job in a professionally competent manner, including but not limited to *describing in detail* who *communicated* what to whom, when, where and how about the current *and or* former employee, agent, *and or* representative's alleged *and or* actual failure to perform his/her job in a professionally competent manner, *identifying* each and every *document* of which *you* are aware (including but not limited to after investigation as required in these interrogatories) that memorializes *and or* memorialized in whole or in part the current *and or* former employee, agent, *and or* representative's alleged *and or* actual failure, including but not limited to each and every *document* that contains in whole or in part the rule(s), policy(ies) *and or* procedure(s) allegedly violated and *describing in detail* the substance of the rule(s), policy(ies) *and or* procedure(s).

<u>RESPONSE NO. 4</u>: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

<u>INTERROGATORY NO. 5</u>
Please *describe in detail* all *communications* of which you are aware (including but not limited to after investigation as required in these interrogatories), *regarding* Plaintiffs age *and or* physical *and or* mental health, including but not limited to regarding Plaintiffs illnesses, injuries, medical appointments, Plaintiffs taking of medical/sick leave, FMLA leave, *describing in detail* each such *communication* including but not limited to stating its date, its location(s); *describing in detail* who *communicated* what to whom, when, where and how, *identifying* all *persons* involved in the *communication* and describing their involvement (e.g. participant, witness, etc.); and *identifying* all *documents* of which *you* are aware (including but not limited to after investigation as required in these interrogatories) which memorialize *and or* memorialized in whole or in part the *communication(s)*.

<u>RESPONSE NO. 5</u>: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

<u>INTERROGATORY NO. 6</u>:
For the years 1995 until Plaintiffs employment with *Defendant Hallmark Health* ended, inclusive, please *describe in detail your* knowledge *and or* understanding of each and every

instance in which Plaintiff was absent from work for what Plaintiff claimed were medical reasons, (e.g. illness, injury, medical appointments, taking *and or* requesting leave pursuant to the FMLA), including but not limited to for each such absence giving the date(s) of the absence, stating how many hours Plaintiff was absent on each date, stating whether the absence was classified as FMLA leave and *describing in detail your* involvement in the decision whether or not to classify the absence as FMLA leave, *describing in detail* each and every *communication* in which *you* were involved regarding the absence including but not limited to *describing in detail* who *communicated* what to whom when where and how, *identifying* all those involved in the decision whether or not to classify the absence as FMLA leave and *describing in detail* each person's involvement in the decision including but not limited to *describing in detail* who *communicated* what to whom, when, where and how about the decision, *describing in detail your* involvement in the decision as to how much of the absence Plaintiff was to be paid for if any and *describing in detail your* reasons for recommending *and or* deciding that Plaintiff should *and or* should not be paid for some or all of the absence including but not limited to *describing in detail* who *communicated* what to whom when were and how about the decision to pay or not to pay Plaintiff for the absence,, and *identifying* all *documents* of which *you* are aware (including but not limited to after investigation as required in these interrogatories), that memorialize *and or* memorialized in whole or in part the information requested in this interrogatory.

RESPONSE NO. 6: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 7:
For the years 2000 to present, inclusive, please *describe in detail* each and every instance in which you believe Plaintiff violated *and or* did not follow one or more of *Defendant Hallmark Health's and or your* own rule(s), policy(ies), guideline(s), *and or* procedure(s), including but not limited to those *regarding* absenteeism including but not limited to absences due to illness, injury, medical appointments, etc., the taking of sick *and or* medical leave including but not limited to FMLA leave including but not limited to rule(s), policy(ies), guideline(s) *and or* procedure(s) *regarding* documentation *and or* notice *Defendant Hallmark Health* requires for absence(s) due to illness *and or* injury, including but not limited to FMLA leave, including but not limited to for each such instance *describing in detail your* understanding of how, when and where Plaintiff allegedly violated *and or* did not follow one or more of *Defendant Hallmark Health's and or your* own rule(s), policy(ies), guideline(s), *and or* procedure(s), how *you* became aware of Plaintiffs alleged violation *and or* failure to follow one or more of *Defendant Hallmark Health's and or your* own rule(s), policy(ies), guideline(s), *and or* procedure(s), *describing in detail* the rule(s), policy(ies), guideline(s), *and or* procedure(s) Plaintiff allegedly violated, stating whether the rule, policy, guideline, *and or* procedure was *Defendant Hallmark Health's and or your* own, *describing in detail* who *communicated* what to whom, when, where and how about Plaintiffs alleged violation, *identifying* all *persons you* know or suspect have knowledge

Plaintiffs alleged violation, *describing in detail* each and every act of which *you* are aware (including but not limited to after investigation as required in these interrogatories), that was taken, including but not limited to by Plaintiff, *Defendant Chase and or* Karen Morganto, in response to Plaintiffs alleged violation, *describing in detail* who *communicated* what to whom, when, where and how *regarding* Plaintiffs alleged violation, *identifying* each and every document of which *you* are aware (including but not limited to after investigation as required in these interrogatories), that memorializes *and or* memorialized in whole or in part Plaintiffs alleged violation *and or* the rule(s), policy(ies) *and or* procedure(s) Plaintiff allegedly violated.

RESPONSE NO. 7: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 8:
Please *describe in detail* each and every action, including but not limited to *communication(s),* of which *you* are aware (including but not limited to after investigation as required in these interrogatories), taken *and or* made *regarding* Plaintiffs absence(s), including but not limited to Plaintiffs, Karen Morganto's *and or your* own *actions/communication(s) regarding* Plaintiffs absence(s), including but not limited to those *regarding* whether or not an absence(s) *was* legitimate, whether or not a particular absence *and or* absences were excessive, whether or not Plaintiff would be paid for a particular absence *and or* absences, whether or not a particular absence *and or* absences was to be paid out of sick time, personal time, extended illness bank, or some other category naming and *describing in detail* the category, and for each such *action/ communication describing in detail* who took what action with whom, when where and how, including but not limited to who *communicated* what to whom, when, where and how, and *identifying* each and every document of which you are aware (including but not limited to after investigation as required in these interrogatories), that memorializes *and or* memorialized in whole or in part the *action/communication.*

RESPONSE NO. 8: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 9:
Please *describe in detail your* employment/work history (including but not limited to all

jobs/positions *you* have held as an employee, independent contractor, *and or* in some other capacity *(e.g. volunteer))* including but not limited to for each position/job *identifying* the employer, entity *and or* individual (e.g. owner/proprietor) for whom you worked, stating *your* position *and or* job title, *your* dates in the position *and or* holding the job title, *your* work location, *describing in detail your* job responsibilities in each such job/position, stating *your* status (i.e. employee, independent contractor, or some other capacity naming that capacity) while in the position/job, *identifying your* supervisor *and or* manager, *describing in detail* each and every complaint, warning, reprimand, counseling, suspension *and or* other disciplinary action including but not limited to termination or involuntary resignation *you* received *and or* with which you were threatened (whether verbally *and or* in writing) including but not limited to stating the date received *and or* threatened, *identifying* all those involved in the threat of *and or* actual disciplinary action and *describing in detail* each person's involvement, and if *you* are no longer working for employer/entity/individual *describe in detail* the circumstances under which you left including but not limited to if you left voluntarily stating whether *your* voluntary separation was initiated by *you* or by the employer/entity/individual for whom *you* worked, if *your* separation was involuntarily state whether *you* were terminated, laid off, forced to resign, or involuntarily separated in some other manner *describing in detail* how the involuntary separation occurred including but not limited to *describing in detail who communicated* what to whom when where and how *regarding* the involuntary separation, and *identify* each and every *document* that memorializes *and or* memorialized in whole or in part *your* work history as requested herein.

RESPONSE NO. 9: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 10:
Please *describe in detail your* educational background from high school until present including but not limited to *identifying* each and every educational institution/program *you* have attended, and for each stating your dates of attendance (e.g. June 1997-August 1997, Sept 1995-June 1999), major area of study, degree *and or* certificate *and* certification attained and date of attainment, grade point average, honors *and or* awards received and date received, suspension *and or* probation received *describing in detail* the reasons therefore, and *identifying* each and every document that memorializes *and or* memorialized in whole or in part *your* educational background.

RESPONSE NO. 10: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither

- 8 -

relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 11:
Please *describe in detail* each and every complaint *and or* concern of which *you* are aware (including but not limited to after investigation as required in these interrogatories), *regarding Defendant Hallmark Health's* (including but not limited to its current *and or* former employee(s), agent(s) *and or* representative(s) including but not limited to *Defendant Chase and or* Karen Morganto's) treatment of its current *and or* former employee(s), agent(s) *and or* representative(s) (including but not limited to Plaintiff) including but not limited to for each *identifying* all *persons* referenced in the complaint *and or* concern, *describing in detail* the substance of the complaint *and or* concern and how *you* became aware of the complaint *and or* concern including but not limited to *identifying* and *describing in detail* who *communicated* what to whom, when, where, and how *regarding* the complaint *and or* concern, *identifying* all those whom *you* know or suspect have knowledge *regarding* the complaint *and or* concern *describing in detail your* understanding of what each person knew/knows of the complaint *and or* concern and how each *person* gained such knowledge, what, if anything, *Defendant Hallmark Health* (including but not limited to its current *and or* former employee(s), agent(s) *and or* representative(s) including but not limited to *Defendant Chase and or* Karen Morganto) did in response to said complaint *and or* concern including but not limited to *identifying* and *describing in detail* who *communicated* what to whom, when, where, and how and *identifying* all those whom *you* are aware have knowledge of *Defendant Hallmark Health's* (including but not limited to *Defendant Chase and or* Karen Morganto) response *describing in detail your* understanding of what each person knew/knows of *Defendant Hallmark Health's* response and how each person gained knowledge of *Defendant Hallmark Health's* response, and *identifying* each and every *document* that memorializes in whole or in part said complaint(s) *and or* concern(s) *and or Defendant's* response thereto.

RESPONSE NO. 11: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 12:
Please *identify* all witnesses whom *you* intend to *and or* may call at the trial of this action (see

Rule 26(e) requiring that such answer be supplemented), including but not limited to *expert witnesses,* including but not limited to for each *describing in detail* the anticipated substance of each potential witnesses~ testimony, *your* understanding of the ways the potential witness gained knowledge of the facts *and or* circumstances underlying the anticipated testimony, *describing in detail* the potential witnesses' educational background, work/professional history, published writings and the date(s) thereof, certifications *and or* licenses held, *identifying* all *persons* with whom the potential witnesses has met *and or* may meet in preparation for the trial in this matter, *identifying* all cases in which the potential witness has testified *and or* rendered assistance including but not limited to *identifying* the court *and or* administrative agency, the docket number of the action, the substance of the complaint *and or* claims, for which party the potential witness testified *and or* rendered assistance, and if any of the potential witnesses identified herein are *expert witnesses* for each such *expert witness describing in detail* the subject matter on which the expert is expected to testify, the substance of all facts and opinions to which the expert is expected to testify and the grounds/bases for each fact *and or* opinion, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

   RESPONSE NO. 12: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 13:
Please *identify* all *persons* whom *you* are aware *and or* suspect (including but not limited to after investigation as required in these interrogatories) have knowledge of any occurrence, event, fact, incident *and or* circumstance *relating to* any *and or* all of the allegations in Plaintiffs complaint in this matter against *you and or Defendant Hallmark Health describing in detail* what knowledge *you* know *and or* suspect the *person* has regarding what occurrence, event, fact, incident, *and or* circumstance including but not limited to *describing in detail* who *communicated* what to whom, when, where, and how *regarding* the occurrence, event, fact, incident *and or* circumstance, what *your* understanding is as to how the *person* gained such knowledge including but not limited to *describing in detail* who *communicated* what to whom, when, where, and how, and *identifying* each and every *document* that memorializes *and or* memorialized in whole or in part the information requested in this interrogatory.

   RESPONSE NO. 13: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 14:

Please *describe in detail* each and every instance in which *you* threatened *and or* actually disciplined *(e.g.* threatened *and or* actually gave an oral *and or* written warning, reprimand, *and or* counseling, threatened *and or* actually transferred where such transfer was not a promotion *and or* not at the initiation of the person transferred, threat of or actual suspension, threat of or actual termination/forced resignation including but not limited to involuntary resignation, involuntary lay off, firing) a current *and or* former employee, agent or representative of *Defendant* (including but not limited to Plaintiff *and or* Karen Morganto) for absenteeism, failure to follow *Defendant's and or your* policy(ies), procedure(s) *and or* rule(s), failure to maintain a professional work attitude, failure to perform work in a professionally competent manner, *and or* for any other reason for which Plaintiff was threatened *and or* disciplined of which you are aware (including but not limited to after investigation as required in these interrogatories), including but not limited to for each instance *identifying* all persons involved including but not limited to stating whether or not they have a disability known to *you* (as defined in the ADA), *describing in detail* each *person's* role in the threat of *and or* actual discipline (e.g. gave information to John Doe re Y's actions..., participated in decision to warn X about discussed decision to counsel and then terminate Y with Jane Doe) including but not limited to *describing in detail* who *communicated* what to whom, when, where and how *regarding* the threat of *and or* actual discipline, and *identifying* all *documents* in which the threat of *and or* actual discipline is or was memorialized in whole *and or* in part.

RESPONSE NO. 14: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 15:
Please *describe in detail* each and every action *and or communication,* of which *you* are aware (including but not limited to after investigation as required in these interrogatories) taken *and or* made *regarding* a current *and or* former employee(s), agent(s) *and or* representative(s) of *Defendant Hallmark Health's* (including but not limited to by *and or* about Plaintiff, *Defendant Chase and or* Karen Morganto) age *and or* physical *and or* mental health, including but not limited for each such action *and or communication identifying* all person(s) involved in the *communication and or* action, *describing in detail* the *communication and or* action and *Defendant Hallmark Health's,* Plaintiffs, *Defendant Chase and or* Karen Morganto's response to the action(s) or *communication(s)* if any, including but not limited to for each such *communication,* action *and or* response *describing in detail* who *communicated and or* did what to whom, when, where and how, and *identifying* all documents that memorialize in whole or in part the *communication(s),* action(s) *and or* responses thereto.

RESPONSE NO. 15: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 16:
Please *describe in detail* each and every complaint *and or* praise about Plaintiff of which *you* are aware (including but not limited to after investigation as required in these interrogatories), if any, including but not limited to for each such complaint *and or* praise *identifying* all *persons* referenced therein, stating the date on which *you* became aware of the complaint *and or* praise, *describing in detail* how *you* became aware of the complaint *and or* praise, the substance of the complaint *and or* praise including but not limited to who is alleged to have *communicated and or* done *and or* not done what to whom, what if anything *you* did in response to the complaint *and or* praise, what if anything Plaintiff did in response to the complaint *and or* praise, the resolution of the complaint if any, and *identifying* all *documents* memorializing in whole or in part the complaint *and or* praise.

RESPONSE NO. 16: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 17:
Please *describe in detail* each and every complaint of which *you* are aware (including but not limited to after investigation as required in these interrogatories), if any, *regarding your and or* Karen Morganto's work performance, work attitude, actions *and or* behavior on the job (including but not limited to while employed *and or* working for *Defendant Hallmark Health)*, if any, including but not limited to for each such complaint *identifying* all persons referenced in the complaint, stating the date on which *you* became aware of the complaint, *describing in detail* the substance of the complaint including but not limited to *describing in detail* who is alleged to have *communicated,* done *and or* not done what to whom, when, where, and how, how you became aware of the complaint including but not limited to who *communicated* what to whom when where and how, what if anything *you, Karen Morganto and or Defendant Hallmark Health* did in response to the complaint including but not limited to who *communicated* what to whom when where and how, how and *identifying* by whom the substance of the complaint was

- 12 -

*communicated* to *you and or* Ms. Morganto, the resolution of the complaint, and *identifying* all *documents* that memorialize *and or* memorialized in whole or in part the complaint *and or your, Karen Morganto and or Defendant Hallmark Health's* response thereto.

<u>RESPONSE NO. 17</u>: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome, unintelligible as written, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential pursuant to M.G.L. c. 214, § 1B. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

<u>INTERROGATORY NO. 18</u>:
For each and every allegation in Plaintiffs complaint that *you* denied in whole or in part in your Answer to Plaintiffs Complaint, please *describe in detail* each and every ground/basis for denying all or part of the allegation including but not to *describing in detail* what *you* contend occurred if not what Plaintiff alleged including but not limited to *describing in detail* what *you* contend was *communicated,* done *and or* not done to whom, by whom, when, where, and how, *identifying* all *persons you* believe *and or* suspect have knowledge of some or all of the bases for *your* denial, *describing in detail* what knowledge *you* believe *and or* suspect each person so *identified* has, and *identifying* all *documents* that memorialize *and or* memorialized in whole or in part any *and or* all of the ground(s)/basis *for your* denial *and or* how *the persons identified* herein gained knowledge *and or* information *regarding* some or all of the grounds/bases for *Defendant's* denial.

<u>RESPONSE NO. 18</u>: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

<u>INTERROGATORY NO. 19</u>:
Please *describe in detail* each and every ground/basis for each of *your* affirmative defenses set out in *your* Answer to Plaintiffs Complaint, *identifying* all *persons you* believe *and or* suspect have knowledge *regarding* some or all of the grounds/bases for the affirmative defense, *describing in detail* what knowledge *and or* information you believe *and or* suspect each *person* so *identified* has and how *you* believe *and or* suspect the *person* gained such knowledge *and or* information, and *identifying* all *documents* that memorialize *and or* memorialized in whole or in part any *and or* all of the ground(s)/bases for *your* affirmative defenses *and or* how the *persons identified* herein gained knowledge *and or* information *regarding* some or all of the grounds/bases for the affirmative defense.

RESPONSE NO. 19: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

INTERROGATORY NO. 20:
Please *identify* all *persons you* know *and or* suspect (including but not limited to after investigation as required in these interrogatories) have information *and or* knowledge of discoverable matters relative to this action (see Rule 26(e) requiring that such answer be supplemented) *describing in detail* what information *and or* knowledge *you* know *and or* suspect the person has/may have and *your* understanding of how the *person* gained the knowledge *and or* information, *identifying* all documents that memorialize *and or* memorialized in whole or in part the information *and or* knowledge *you* know *and or* suspect the *person* has/may have *and or your* understanding of how the person gained the knowledge *and or* information.

RESPONSE NO. 20: Ms. Shaughnessy objects to this interrogatory because it is overbroad, vague, unduly burdensome and unintelligible as written. Ms. Shaughnessy further objects to this interrogatory because it exceeds the twenty-five interrogatories to which each side is limited under Local Rule 26.1(C).

As to Objections:

/s/ John M. Simon
Kay H. Hodge (BBO# 236560)
John M. Simon (BBO# 645557)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02110
(617) 542-6789

Certificate of Service
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by overnight delivery on 11/3/05.

/s/ John M. Simon

Dated: November 3, 2005