UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANN MITCHELL,                       )
                                    )
          Plaintiff,                )
                                    )
     v.                             ) Civil Action No. 04-cv-12169-REK
                                    )
HALLMARK HEALTH SYSTEM, INC./       )
LAWRENCE MEMORIAL HOSPITAL          )
and JULIE CHASE SHAUGHNESSY,        )
                                    )
          Defendants.               )
_____ )

**OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

The Defendants, Hallmark Health System, Inc. and Julie Chase Shaughnessy, hereby oppose the Plaintiff's Motion to Compel Defendants' Production of Documents ("Motion"). The Motion should be denied because it fails to even acknowledge the one and only compelling reason why the Defendants have not yet responded to the Plaintiff's requests for production – because the Plaintiff continues to refuse to respond to written discovery the Defendants served on her *before* the Plaintiff served her requests for production on the Defendants. In support of this opposition, the Defendants state as follows:

1)   On or about July 6, 2005, the Defendants served on the Plaintiff their First Set of Interrogatories and First Request for Production of Documents. On or about July 8, 2005, the Plaintiff served on each Defendant a separate request for production of documents.[1]

2)   The Plaintiff's Motion misleadingly claims only that the Defendants have refused

---

[1] On or about July 2, 2005, the Plaintiff served interrogatories on both Defendants, which the Defendants, in accordance with the order in which they were served, have responded to. The Defendants' responses prompted the Plaintiff to file a Motion for Leave to Propound More Than Twenty-Five Interrogatories, which the Defendants

to respond to the Plaintiff's requests for production of documents for over five months and should be ordered to do so. However, in making this "argument," the Plaintiff conveniently forgets to mention two critically important facts:

    a)    That the parties had agreed to suspend their outstanding written discovery for an extended period for purposes of pursuing settlement; and

    b)    That the Defendants' position has always been (and continues to be) that they will respond to the Plaintiff's document requests after they receive from the Plaintiff her responses to their interrogatories and request for production, <u>which were served on her first</u>.[2/]

For these reasons, the Plaintiff's Motion to Compel Defendants' Production of Documents should be denied and the Defendants required to respond to the Plaintiffs' request for production only after receipt of the Plaintiff's responses to their outstanding interrogatories and request for production.

        HALLMARK HEALTH SYSTEM, INC./
        LAWRENCE MEMORIAL HOSPITAL and
        JULIE CHASE SHAUGHNESSY

        By their attorneys,

        <u>s/John M. Simon</u>
        Macon P. Magee (BBO #550602)
        John M. Simon (BBO# 645557)
        Stoneman, Chandler & Miller, LLP
        99 High Street
        Boston, MA  02110
        (617) 542-6789

Dated: December 12, 2005

---

oppose in a separate document filed herewith.
   [2/]In stating that they will respond the Plaintiff's request for production in turn, the Defendants are in no way waiving or limiting their ability to object to those requests, many of which are comically overbroad, protected from disclosure by state and federal law, and wholly irrelevant to the Plaintiff's claims.