UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANN MITCHELL,<br><br>   Plaintiff,<br><br>v.<br><br>HALLMARK HEALTH SYSTEM, INC./<br>LAWRENCE MEMORIAL HOSPITAL<br>and JULIE CHASE SHAUGHNESSY,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-cv-12169-REK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION TO PLAINTIFF'S MOTION TO
## COMPEL FURTHER PRODUCTION OF DOCUMENTS

The Defendant, Hallmark Health System, Inc. ("Hallmark"), hereby opposes the Plaintiff's Motion to Compel Additional Production of Documents ("Motion"),[1] the Plaintiff's second motion seeking a blanket order compelling Hallmark to produce all documents requested (in addition to the thousands of documents Hallmark has already produced) in her fantastically overbroad request. The myriad reasons for denying the Plaintiff's Motion include:[2] 1) the Motion wholly ignores the Court's denial of her first motion to compel and its pronouncement at hearing that her requests (the exact same requests at issue here) were egregiously overbroad and would be unduly burdensome and expensive for Hallmark to have to respond to; 2) the Motion fails to account for the fact (or even mention) that Hallmark has produced thousands of pages of

---

[1] Although the Plaintiff served the instant Motion on Hallmark on or about February 21, 2006, she apparently did not file it with the Court until March 7, 2006.

[2] In discussing its main defenses to the Plaintiff's argument in this Opposition, Hallmark will spare the Court what would necessarily be an extremely lengthy, point-by-point response to the Plaintiff's 19-page Memorandum.

documents in this matter, and has more than met its obligations under the Federal Rules of Civil Procedure; 3) the Motion attempts to raise an argument in favor of production – that Hallmark has somehow waived its objections and/or inappropriately objected to the requests – not made in the Plaintiff's original motion to compel and which therefore is itself waived; and 4) given the Plaintiff's own unresponsiveness and delay in answering Hallmark's written discovery requests, her accusations of Hallmarks' obstinance are at best disingenuous.

In further support of this Opposition, Hallmark states as follows:

1.      On or about November 28, 2005, the Plaintiff filed her first motion to compel production of documents in this matter. At the December 14, 2005 hearing, the Court denied this motion, stating in an extended colloquy with Plaintiff's counsel that her requests were egregiously overbroad and would be unduly burdensome and expensive for Hallmark to have to respond to. The Plaintiff's Motion, which fails to address (or even acknowledge) the Court's plain pronouncement in this regard, should be denied for this reason alone.

2.      Despite the Court's denial of the Plaintiff's original motion to compel, Hallmark – in light of the Court's admonition that the parties' cooperate in discovery and in the hopes of precluding further litigation on this issue – has produced to the Plaintiff thousands of pages of documents. Documents produced include every single document Hallmark has relating to the Plaintiff, the personnel files <u>and</u> supervisory files of over 100 arguably similarly-situated current and former Hallmark employees in the radiology department of Lawrence Memorial Hospital, the personnel files <u>and</u> supervisory files of the Plaintiff's supervisors, as well as voluminous human resource guidebooks, employee handbooks and other Hallmark publications. Despite this voluminous and comprehensive production, and despite the fact that at the time she served her Motion the Plaintiff herself still had not produced her admittedly discoverable and relevant

medical records in this matter, the Plaintiff nevertheless continues to insist that she has a right to all of the documents originally requested in the ever-deepening fishing expedition that this case has become. In short, Hallmark has produced all documents of any potential relevance to the Plaintiff's claims (and then some) and has therefore fully complied with its obligations under the Federal Rules of Civil Procedure. For this reason, the Plaintiff's Motion should be denied.

3. The Plaintiff's Motion is nothing more than an attempt to end-run the Court's previous declaration that her requests are hugely overbroad. In this regard, the Motion raises a new, technical argument in favor of production – that is, that Hallmark has somehow waived its objections and/or inappropriately objected to her requests and therefore must produce all of the documents sought therein. That this argument continues to ignore the basic fact – as already determined by this Court – that her requests are incredibly overbroad, requires that the Motion be denied. Indeed, that the Plaintiff failed to raise this argument in her original motion to compel requires a finding that this argument was itself long ago waived. See, e.g., Premiere Credit of N. Am., LLC v. AAT Fabrication, Inc., 2005 U.S. Dist. LEXIS 8401, at *2 n.1 (D. Ind. 2005) ("The Court will not consider new and independent arguments or theories of relief that were not raised in the original motion") (citing Hentosh v. Herman M. Finch Univ. of Health Sci./The Chi. Med. Sch., 167 F.3d 1170, 1173 (7th Cir. 1999)). As such, the Plaintiff's newly raised argument about Hallmark's objections should be rejected and the Motion denied.

4. Finally, in light of the Plaintiff's own delay and obstinance throughout discovery, her allegations about Hallmark are disingenuous at best. For example, although the Plaintiff take great pains to point out that it took Hallmark many months from receipt of her requests to respond and provide her access to documents, she conveniently fails to mention that – even while she was preparing and serving the instant Motion – the Plaintiff herself had refused to produce to

Hallmark her admittedly discoverable and relevant medical records. Thus, the Plaintiff herself failed to produce admittedly relevant documents over eight months after receipt of Hallmark's requests.[3]

Indeed, the Plaintiff's argument continues to ignore the one and only reason behind Hallmark's original objection to her first motion to compel – found compelling by this Court at hearing – that the Plaintiff, despite receipt of Hallmark's written discovery requests prior to Hallmark's receipt of her requests, had failed herself to produce any discovery whatsoever to Hallmark. Thus, any alleged "delay" on Hallmark's part in responding to the Plaintiff's requests is attributable solely to the Plaintiff herself, who steadfastly refused to produce any discovery whatsoever to Hallmark prior to January 2006. Tellingly, once the Plaintiff (partially) complied with her obligations to respond to document requests and interrogatories in the order in which they were served, Hallmark responded to the Plaintiff's requests and produced documents within a matter of days thereafter.[4]

In short, as she has shown throughout this case, the Plaintiff wants it both ways – she wants every Hallmark document she has requested, whether discoverable or not, produced to her immediately, all the while refusing to produce on any reasonable timetable what she acknowledges to be relevant, discoverable information. Under these circumstances, the Plaintiff's attempts to sully Hallmark for its alleged delay in the discovery process are altogether

---

[3] Despite this inordinate delay, Hallmark, in light of the circumstances of this case and of the Court's admonition that the parties attempt to work together to complete discovery, refrained from filing a motion to compel on this issue.

[4] Hallmark also vehemently denies the Plaintiff's bald claim that she did not agree to extensions of time with respect to Hallmark's service of written discovery. In fact, the parties specifically agreed to significant extension periods for the explicit purpose of exploring settlement and, thereafter, allowing the parties additional time in which to respond. Indeed, based on these agreements, the parties jointly moved to extend the discovery in August, 2005 and again in November 2005 for these express purposes.

disingenuous and should be rejected out of hand.

For all of these reasons, the Plaintiff's Motion to Compel Additional Production of Documents should be denied.

> HALLMARK HEALTH SYSTEM, INC./
> LAWRENCE MEMORIAL HOSPITAL
>
> By its attorneys,
>
> /s/John M. Simon
> Macon P. Magee (BBO #550602)
> John M. Simon (BBO# 645557)
> Stoneman, Chandler & Miller, LLP
> 99 High Street
> Boston, MA 02110
> (617) 542-6789

Dated: March 13, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on March 13, 2006.

> /s/John M. Simon
> John M. Simon