UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANN MITCHELL,         *
            Plaintiff    *
                    *
v.                  *   CIVIL ACTION NO. 04-CV-12169-REK
                    *
HALLMARK HEALTH SYSTEMS/   *
LAWRENCE MEMORIAL HOSPITAL  *
JULIE CHASE SHAUGHNESSY   *
            Defendants   *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26, 34 and 37 and Local Rule 7.1, 26.1, 26.2, 37.1, Plaintiff Ann Mitchell ("Plaintiff") has moved this Honorable Court to issue an order compelling Defendant Hallmark Health to produce additional documents requested in Plaintiff's First Request for Production of Documents.

### I. DEFENDANT HALLMARK HEALTH DID NOT SERVE TIMELY OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS. THEREFORE, DEFENDANT HAS WAIVED ITS OBJECTIONS.

Pursuant to Fed. R. Civ. P. 34(a) Plaintiff served her First Request for Production of Documents on each Defendant on July 8, 2005. Fed. R. Civ. P. 34(a). Defendant Hallmark Health did not serve its untimely and incomplete responses and objections until January 19, 2006. Plaintiff did not agree, orally or in writing, to extend the time for responding to Plaintiff's requests for documents until January 19, 2006. Therefore, Defendant waived its right to object to Plaintiff's documents requests. *See* Fed. R. Civ. P. 34(b); *Krewson v. Quincy* 120 FRD 6, 7, 10 FR Serv 3d 1171 (D. Mass. 1988) (Defendant's objections to production of documents was waived where defendant failed to file timely objections), *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.), *cert. denied*, 506 U.S. 948, 113 S.Ct. 454, 121 L.Ed.2d 325 (1992) (failure to object to documents requests within the time required constitutes

a waiver of any objection.); *Guex v. Allmerica Financial Life Insurance And Annuity Co.*, 146 F.3d 40, 41 (CA1 1998).

> Regardless of how outrageous or how embarrassing the [requests] may be, the defendants have long since lost their opportunity to object to the [requests]. If they feel that the [requests] are unfair they have no one to blame but themselves for being required to answer them now. If discovery rules are to have "any effect or meaning, the failure to serve such objections within the time prescribed * * * should be considered a waiver of such objections." [1]

*Davis v Romney* 53 F.R.D. 247, 248 (D.C. Pa. 1971), *quoting Bohlin v. Brass Rail, Inc.*, 20 F.R.D. 224 (S.D.N.Y. 1957).

Similarly, in *Cephas v. Busch,* the Court held that where defendant's counsel failed to comply with the time limit for filing objections, the Court had no alternative but to grant plaintiff's motions to compel, notwithstanding that the Court found that much of the information sought was totally irrelevant and that interrogatories in many respects were "harassing and vexatious." *Cephas v. Busch,* 47 FRD 371, 372, 13 FR Serv 2d 930 (E.D. Pa. 1969).

Plaintiff's patience in waiting for responses for over 6 ½ months "cannot be considered as a stay or an extension of the time for filing objections." *Davis v Romney* 53 F.R.D. 247, 248 (D.C. Pa. 1971), *citing Sturdevant v. Sears, Roebuck and Co.,* 32 F.R.D. 426 (W.D. Mo. 1963).

---

[1] Although Fed. R. Civ. P. 34 does not have language with respect to specificity and waiver of objections, Rule 33 does, and "no reason exists to distinguish between interrogatories and requests for production as to these matters." Additionally, the Advisory Committee Notes to Rule 34 state that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." *Fed. R. Civ. P. 34* Advisory Committee's Notes (1970 Amend.). As a result, the Court should not distinguish between interrogatories and requests for production when considering the effects of non-specific or untimely objections. *See Pulsecard Inc v. Discover Card Services,* 168 FRD 295,   (D. Kan. 1996).

II. **EVEN ASSUMING *ARGUENDO* THAT DEFENDANT DID NOT WAIVE ITS UNTIMELY OBJECTIONS, WHICH IT DID, DEFENDANT WAIVED ITS GENERAL OBJECTIONS, AS IT FAILED TO STATE ITS OBJECTIONS WITH SPECIFICITY.**

In its untimely responses, Defendant made general objections purporting to be applicable to all requests, regardless of whether it actually raised the objection in response to the particular request for production. General objections do not fulfill Defendant's burden to explain its objections. *See Fonseca v. Regan,* 98 F.R.D. 694, (E.D.N.Y.1983) (the party resisting discovery must explain and support its objections); *Pulsecard Inc v. Discover Card Services,* 168 FRD 295, 301 (D. Kan. 1996). A bare assertion that the requested information is irrelevant, vague, unduly burdensome, overly broad, etc. does not meet the standard for a successful objection. *See Chubb v. Natl. Bank Wash.,* 103 FRD 52, 58 (D.D.C. 1984). When a party fails to make specific legitimate objection to a particular interrogatory or request for documents within the time allowed, the court may appropriately deem the objections waived. *Pulsecard Inc v. Discover Card Services,* 168 F.R.D. 295, 304 (D. Kan. 1996).

In addition, Defendant waived its objections regarding documents allegedly protected by attorney-client privilege and or work product doctrine by failing to state such objection in any particular request and by failing to list documents withheld as required under the rules. Fed. R. Civ. P. 26(b)(5); s*ee also Fonseca v. Regan,* 98 F.R.D. 694 (E.D.N.Y.1983); *Pulsecard Inc v. Discover Card Services,* 168 FRD 295, 301 (D. Kan. 1996); *Chubb v. Natl. Bank Wash.,* 103 FRD 52, 58 (D.D.C. 1984).

Similarly, Defendant waived its general objection to requests that allegedly exceed the scope of the Federal Rules by again failing to raise the objection within any particular request. *Id.*

Finally, Defendant waived its general objection to "instructions, definitions, and request to the extent that they purport to require Hallmark to produce documents that contain its confidential, proprietary or trade secret information or that contain private and confidential information protected from disclosure pursuant to any applicable state of federal law" by again failing to state specifically what documents it is withholding with regard to each request; on what grounds; and by producing documents that allegedly contain private and confidential information allegedly protected from disclosure pursuant to state or federal law. *See Id.* Furthermore, Plaintiff and Defendant entered into a Confidentiality Stipulation to protect from further disclosure privileged and or confidential information contained in produced documents. (Confidentiality Stipulation attached hereto and incorporated herein by reference). Finally, when an objection based on privilege and or confidentiality is based upon a statute, the statute must be identified specifically. Local Rule 34.1(E). Defendant did not do so in its general objections. Therefore, Defendant's general objections as to confidential, proprietary or trade secret information or that contain private and confidential information protected from disclosure pursuant to any applicable state of federal law is waived.

### III. EVEN ASSUMING *ARGUENDO* THAT DEFENDANT DID NOT WAIVE ITS UNTIMELY OBJECTIONS, WHICH IT DID, DEFENDANT WAIVED ITS CONCLUSORY OBJECTIONS BY FAILING TO EXPLAIN THE BASIS OF THE OBJECTIONS.

Throughout Defendant's untimely responses Defendant repeatedly objected to Plaintiff's requests, claiming that they were overbroad, vague, unduly burdensome, irrelevant, and an invasion of privacy pursuant to various federal and state statutes. However, Defendant failed to put forth any basis for its objections. Therefore, Defendant failed to meet its burden of showing why or how the discovery requested is overbroad, vague, unduly burdensome, irrelevant, and an invasion of privacy. *See Snowden v. Connaught Lab., 137 F.R.D. 325, 332 (D. Kan. 1991)*

("Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome."); *Pulsecard Inc v. Discover Card Services*, 168 FRD 295, 311 (D. Kan. 1996) ("Discover simply claims that 'creation of the list took many man-hours and was very burdensome.' It provides no affidavit or other evidence of undue burden. Bare assertions of undue burden do not suffice.").

In addition, Defendant's objections based on relevance are without merit. "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). When the discovery sought appears relevant,

> the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under *Fed. R. Civ. P. 26(b)(1)* or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Pulsecard Inc v. Discover Card Services*, 168 FRD 295, 309 (D. Kan. 1996), *quoting Aramburu v. Boeing Co.*, No. 93-4064- *SAC, 1994 WL 810246*, at *1 (D. Kan. Sept. 22, 1994).

"A request for discovery . . . should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.*, 137 F.R.D. 336, 341 (D. Kan. 1991).

Similarly, "'[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *Chubb v. Natl. Bank Wash.* 103 F.R.D. 52, 58 (D. D.C. 1984), *quoting In re Folding Carton Antitrust Litigation*, 83 F.R.D. 251, 254 (N.D.Ill.1978). . In *Roesberg v. Johns-Manville Corp.*, the court concluded that where a discovery request is not "wholly unreasonable or irrelevant," a

request for information should be considered relevant. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980). Plaintiff's requests are relevant and seek to obtain admissible evidence or evidence reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

IV. **DEFENDANT'S REPEATED ASSERTION THAT IT HAS OR AGREES TO "PRODUCE DOCUMENTS IN ITS POSSESSION RESPONSIVE TO THIS REQUEST" IS INSUFFICIENT. UNDER THE RULES, DEFENDANT MUST PRODUCE ALL DOCUMENTS IN ITS POSSESSION, CUSTODY AND CONTROL RESPONSIVE TO PLAINTIFF'S REQUESTS.**

Throughout Defendant's untimely response Defendant states that it "agrees to produce documents in its possession responsive to this request." Defendant's response is insufficient. Defendant must produce *all* documents responsive to Plaintiff's requests in its *possession, custody and control*.[2] Fed. R. Civ. P. 34(a); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20, 34 FR Serv. 2d 106 (D. D.C. 1981) (Party fails to provide adequate response to request for document production where it states that it will produce such documents as are within its personal control. Rule 34 requires a party to produce documents which are in its possession, custody or control, or which it has a legal right to control). If Defendant has done so already, it should serve a supplemental response affirmatively stating that it has produced all the requested documents in its possession, custody and control. *See Pulsecard Inc v. Discover Card Services*, 168 FRD 295,

---

[2] In addition, "control" under Fed. R. Civ. P. 34 is to be broadly construed so that party may be obligated to produce documents requested even though party may not actually possess documents; as long as party has legal right or ability to obtain the documents from another source, that party is deemed to have control. *Haseotes v. Abacab International Computers, Inc.*, 120 FRD 12, 14 (D. Mass. 1988) (A party has "control" over documents if the party has legal right to obtain documents); *Poole v. Textron, Inc.*, 192 FRD 494, 46 FR Serv 3d 572 (D. Md. 2000); *Pulsecard Inc v. Discover Card Services*, 168 FRD 295, 307 (D. Kan. 1996) (parties may retain the requisite control or custody of documents outside their actual possession).

307 (D. Kan. 1996) ("SPS shall produce all responsive documents in its possession, custody, or control. If it has already done so, then it shall affirmatively state so in a supplemental response.")

Finally, Defendant has failed to produce many documents requested that are normally kept in Defendant's business. For example, Defendant has failed to produce nearly all time records/sheets (Time and Attendance Vouchers) for Plaintiff and others working in Defendant's department of radiology, thereby preventing Plaintiff from comparing other workers' absences with Plaintiff's and Defendant's response thereto. Defendant also has failed to produce nearly all payroll records and records related to how Defendant classified time off for others working in Defendant's departments of radiology, thereby preventing Plaintiff from comparing Defendant's treatment of Plaintiff with others regarding pay for time out of work. Records that are normally kept in the business of a party are presumed to exist, absent sworn denial. *Norman v. Young,* 422 F2d 470, 473, CCH Fed Secur L Rep P 92633, 13 FR Serv 2d 1004 (10th Cir. 1970); *see also McDowell Associates, Inc. v. Pennsylvania Railroad,* 20 FRD 219, 221 (DC NY 1957) (production of certain documents in custody and control of defendant railroad was not subject to objection that plaintiff had not shown such documents to be in existence where plaintiff showed they were ordinarily maintained by railroads).

V. **WITHOUT WAIVING THE FOREGOING, DEFENDANT'S UNTIMELY RESPONSES TO THE FOLLOWING REQUESTS ARE INSUFFICIENT AND THE DOCUMENTS REQUESTED SHOULD BE PRODUCED FORTHWITH.**

Contrary to its assertion in its untimely response to Requests #1, 3, 6, 44, and 45, Defendant has not produced all documents in its possession custody or control, including but not limited to those related to Plaintiff's absences, *e. g.* Time and Attendance Vouchers showing dates/hours Plaintiff was absent/took time off from work, documents showing whether Defendant classified the specific absence/time off as unscheduled or scheduled paid time off

(PTO-U or PTO-S), documents related to whether and or how much Defendant paid Plaintiff for the absence/time off, and whether it paid Plaintiff from paid time off (PTO) or extended illness bank (EIB). In counsels' discovery conference and at other times Defendant's counsel stated that it would produce additional documents in its possession, custody and or control responsive to these requests. To date, Defendant has not produced those documents despite repeated representations that it would. Furthermore, Defendant's response states that it is subject to its general objections. For the reasons cited above, if Defendant is withholding documents based upon its general objections, it should have so stated. If it is not, it should have so stated. Therefore, Defendant's responses to these requests are inadequate and the documents requested should be produced without objection forthwith.

With regard to Request #4, Plaintiff's seeks documents related to Defendant's employee(s), agent(s), and or representative(s) requesting and or taking leave pursuant to the FMLA and Defendant's policies and procedures related thereto. In Defendant's untimely response, Defendant objected to Plaintiff's request claiming that it is overbroad, vague, unduly burdensome, irrelevant, and an invasion of privacy pursuant to various federal and state statutes. For the reasons stated above, Defendant's conclusory objections are not adequate. Furthermore, the central issue in this case is whether or not Defendant discriminated and or retaliated against Plaintiff based on her requesting, taking and or trying to enforce her rights pursuant to the FMLA. Certainly, the issue of whether or not Defendant had a pattern and or practice of such conduct is relevant. Therefore, this request is not overbroad, vague, unduly burdensome, or irrelevant. Additionally, Defendant has produced some but not all of the records related to its employees taking FMLA leave, and the parties have entered into a confidentiality agreement to protect the privacy interests of those whose records were produced. (See Confidentiality

Agreement attached hereto as Exhibit B). Defendant has waived its objections, including those based upon confidentiality and or privacy rights and the documents requested should be produced without objection forthwith.

In its untimely responses to Requests # 5, 11, 14, 15, 18, 22, 33, 37, 38, 39, 40, 41, 42, 43, and 44, subject to Defendant's general objections, which are inadequate for the reasons cited above, Defendant agreed to produce all documents in its *possession,* not in its possession, custody or control as the rule requires. In counsels' discovery conference Defendant stated that it has produced all documents in its possession, custody and control for many of these requests. However, Defendant has failed to amend its answer accordingly or state that in writing. For those that Defendant has agreed to produce but has not yet produced, Defendant has not given Plaintiff a date certain on which the documents will be produced. Thus Defendant's responses are inadequate and the documents requested should be produced without objection forthwith.

In its untimely responses to Request # 7, 13, 25, 29, 30, 31, 32, 34, 35, 36, 48, 50, and 51, Defendant states that it has produced all documents in its *possession. Defendant has not stated that it has produced all documents* in its possession, custody or control as the rule requires and Plaintiff's counsel has requested. For the reasons cited above, Defendant's responses are inadequate and the documents requested should be produced without objection forthwith.

In its untimely response to Request # 8, which seeks documents related to the job performance of others working in a department of radiology operated by Defendant, Defendant again objected claiming that the request is overbroad, vague, burdensome, irrelevant, and contravenes G.L. c. 214, § 1B. As a central issue in this disparate treatment case is whether or not Defendant Hallmark Health treated other similarly situated employees differently than it did Plaintiff, and the request is limited to workers in Defendant's departments of radiology (i.e. to

similarly situated individuals), this request is not overbroad, vague, unduly burdensome, or irrelevant. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights. Furthermore, Defendant has produced the personnel files of some of its employees in its radiology departments (including some of whom were not supervised by Defendant Chase). Thus Defendant's objections have no merit, have been waived, and or are moot and the documents requested should be produced without objection forthwith.

In its untimely response to Requests # 9, and 10, which seek documents related to other similarly situated employees' violation of Defendant's attendance policy and Defendant's response thereto, Defendant again objected to Plaintiff's requests claiming that they are overbroad, vague, unduly burdensome, irrelevant, and seek information made confidential by state and federal statutes. Again Defendant made no showing as to why the requests are overbroad, vague, irrelevant. For the reasons cited above, Defendant's objections are inadequate.

Additionally, the parties have entered into a confidentiality agreement to protect privacy rights. Defendant has produced documents ostensibly protected by these statutes (e.g. FMLA/leave of absence forms, doctor's certifications, employee's time sheets, payroll records, etc.) regarding various non-party employees. Thus, Defendant has waived its confidentiality objections. In addition, as a central issue in this disparate treatment case is whether or not Defendant Hallmark Health treated other similarly situated employees differently than it did Plaintiff, this request is not overbroad, vague, unduly burdensome, or irrelevant. Defendant's objections have no merit, have been waived, and or are moot and the documents requested should be produced without objection forthwith.

In its response to Request # 12, which seeks documents evidencing the qualifications and compensation of other similarly situated employees working in Defendant's departments of radiology, Defendant again objected to Plaintiff's request claiming that it is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L. 214, § 1B. Again Defendant made no showing as to why the requests are overbroad, vague, irrelevant and or an invasion of privacy. For the reasons cited above, Defendant's objections are inadequate. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced personnel files containing many documents ostensibly protected by G.L. c. 214, § 1B (e.g. FMLA/leave of absence forms, doctor's certifications, employee's time sheets, payroll records, resumes, etc.) for certain non-party employees. Thus, Defendant has waived its confidentiality objections. In addition, a central issue in this age and disability disparate treatment case is whether or not Defendant Hallmark Health treated other similarly situated employees differently than it did Plaintiff. To make that assessment adequately, Plaintiff must evaluate the qualifications and pay of other employees. As such, her request is not overbroad, vague, unduly burdensome, or irrelevant. Thus Defendant's objections have no merit, have been waived, and or are moot and the documents requested should be produced without objection forthwith.

In its untimely response to Requests # 16 and 46, which seek documents related to Defendant Chase's work history and job performance with Defendant, Defendant again objected to Plaintiff's requests claiming that they are overbroad, vague, unduly burdensome, irrelevant, and seek information made confidential pursuant to G.L. 214, § 1B. Again, Defendant's objections have no merit for numerous reasons. As with Defendant's other responses, Defendant made no showing as to why these requests are overbroad, vague, unduly burdensome, irrelevant,

and an invasion of privacy. For the reasons cited above, simply so-asserting is not sufficient. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced some but not all of Defendant Chase's personnel record, including FMLA/leave documentation and a very limited number of disciplinary documents. Therefore Defendant's objections as to confidentiality have been waived.

In addition, while Defendant claims that it has produced Defendant Chase's human resources file, unlike the human resources files of other employees, there were *very few* documents related to any progressive discipline related to Defendant Chase, even though she had been suspended and apparently terminated for failure to perform her management duties adequately. In the other personnel files reviewed, there were numerous emails and documents between the supervisor and or manager and or human resources personnel regarding discipline and performance issues. Defendant Chase's file was sorely lacking in this regard. Also, unlike the others, Defendant did not provide Plaintiff with Defendant Chase's supervisor's file, whereas Defendant provided supervisor's files for other employees that contained many documents related to performance.

Certainly, the documents requested are relevant in that Defendant Chase's work history and job performance and Defendant Hallmark Health's opinion and knowledge thereof, especially in light of Defendant's disciplining her for failure to perform her management responsibilities adequately, are central to this case. For the reasons discussed above, these documents are presumed to exist, and if they do not, Defendant must have so stated affirmatively under oath. Therefore, Defendant's objections have no merit, have been waived, and or are moot and the documents requested should be produced without objection forthwith.

In its untimely response to Requests # 17 and 47, which seek documents related to Karen Morganto's, Plaintiff's other supervisor's, work history and job performance with Defendant,

Defendant again objected to Plaintiff's requests claiming that they are overbroad, vague, unduly burdensome, irrelevant, and seek information made confidential pursuant to G.L. 214, § 1B. Again, Defendant's objections have no merit for numerous reasons. As with Defendant's other responses, Defendant made no showing as to why these requests are overbroad, vague, unduly burdensome, irrelevant, and an invasion of privacy. For the reasons cited above, those assertions without more are insufficient. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced some but not all of Ms. Morganto's personnel record, including FMLA/leave documentation, evaluations and other private information that allegedly would be covered by the statute. Therefore Defendant's objections as to confidentiality have been waived. While Defendant has informed Plaintiff orally that it has provided all responsive documents in its possession, custody and control, it has refused to put that assertion in writing. *Pulsecard Inc v. Discover Card Services,* 168 FRD 295, 307 (D. Kan. 1996) ("SPS shall produce all responsive documents in its possession, custody, or control. If it has already done so, then it shall affirmatively state so in a supplemental response.")

In Request # 19, Plaintiff seeks documents related to complaint(s) and or concern(s) of which Defendant is aware regarding Defendant Chase and or Karen Morganto, including those related to discrimination, unfair treatment, harassment and or drug and or alcohol use while on the premises, and Defendant's response to such complaints/concerns. Once again Defendant objected to Plaintiff's request claiming that it is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L. c. 214, § 1B. Again Defendant made no showing as to why or how. For the reasons cited above, Defendant's untimely objections are inadequate. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced, at least in part, the personnel

files of certain employees. Additionally, the information sought is relevant to the issue of Defendant's knowledge of such complaints and or concerns and Defendant's response to such complaints. Therefore Defendant's objections have been waived and or lack merit and and the documents requested should be produced without objection forthwith.

In Request # 20, Plaintiff seeks documents related to complaint(s) *and or* concern(s) of which Defendant is aware including internal complaint(s) *and or* concern(s) *and or* complaint(s) filed in court *and or* with an administrative agency, alleging workplace discrimination, unfair treatment, harassment, retaliation, *and or* (other) unlawful conduct (delineated in the request) by Defendant's employees and Defendant's response thereto. In Defendant's untimely objection Defendant again claimed that Plaintiff's request is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to FMLA, HIPPA, G.L. c. 111, § 70E, G.L. c. 214, § 1B, and G.L. c. 151B. Again Defendant made no showing as to why the request is overbroad, vague, irrelevant, and or contravenes one of the statutes listed as is required. For the reasons cited above, simply asserting same is not sufficient. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced, at least in part, the personnel records of Defendant Chase, Karen Morganto, and other employees containing information protected allegedly by the FMLA, HIPPA, G.L. c. 111, § 70E, and G.L. c. 214, § 1B. Moreover, G.L. c. 151B does not make the fact of a complaint being filed and or the charges contained therein confidential, and Defendant cites no section of the statute that supports its claim. Finally, the material requested is relevant or reasonably calculated to lead to the discovery of admissible evidence in that it may help to establish a pattern or practice of Defendant allowing and or ignoring unlawful conduct and or prior knowledge of unlawful conduct of the type for which Defendant subjected Plaintiff.

In Request # 21, Plaintiff seeks documents related to threatened and or actual discipline of employees whom Defendant is aware had complaint(s) and or concern(s) regarding workplace discrimination, unfair treatment, harassment, retaliation, and or (other) unlawful conduct. In Defendant's untimely objection Defendant again claims that Plaintiff's request is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L. 214, § 1B. Again Defendant made no showing as to why. Simply asserting it is not sufficient. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced, at least in part, the personnel records of Defendant Chase, Karen Morganto, and some other employees containing information allegedly protected by G.L. c. 214, § 1B. Finally, the material requested is relevant and reasonably calculated to lead to the discovery of admissible evidence in that it may help Plaintiff establish pattern or practice of retaliation and or show prior knowledge of unlawful conduct. Therefore, Defendant's objections have been waived and or lack merit and the documents requested should be produced without objection forthwith.

In Request # 23, Plaintiff seeks documents related to the educational, professional and or litigation background of potential witnesses. In Defendant's untimely objection Defendant again claimed that Plaintiff's request is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L. 214, § 1B. Again Defendant made no showing as to why the request is overbroad, vague, and or irrelevant as is required. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced the personnel files including resumes and or other material of some of its employees who likely will be witnesses, e.g. Karen Morganto. Therefore, Defendant has waived its objection based on confidentiality. Finally, the material requested is relevant and reasonably

calculated to lead to the discovery of admissible evidence in that it will help Plaintiff learn about Defendant's actual and or potential witnesses.

In Request # 24, Plaintiff seeks documents related to instance(s) in which Defendant threatened and or actually disciplined other employees for reasons for which Plaintiff was threatened and or actually disciplined. In Defendant's untimely response Defendant again objected to Plaintiff's request claiming that it is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L. 214, § 1B. Again Defendant failed to make the required showing as to why.   Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced, at least in part, the personnel records of Defendant Chase, Karen Morganto, and other employees containing information protected allegedly by G.L. c. 214, § 1B, including but not limited to documents related to the discipline. Finally, the material requested regarding how Defendant treated other employees who were threatened and or actually disciplined for the reasons for which Plaintiff was threatened and or disciplined, is relevant and reasonably calculated to lead to discovery of admissible evidence in this disparate treatment case. Therefore Defendant's objections have been waived and or lack merit and the documents requested should be produced without objection forthwith.

In Request # 26, Plaintiff seeks *documents related to Defendant's* hiring for positions/jobs in its departments of radiology. In Defendant's untimely response Defendant again objected to Plaintiff's request claiming that it is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L. 214, § 1B. Again Defendant made no showing as to why the request is overbroad, vague, and irrelevant as is required. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has

produced, at least in part, the personnel records of some employees recently hired containing information allegedly protected by G.L. c. 214, § 1B. Finally, the material requested is relevant and reasonably calculated to lead to the discovery of admissible evidence in that Defendant's hiring practices for its departments of radiology may bolster Plaintiff's age and disability discrimination claims. Therefore Defendant's objections have been waived and or lack merit and and the documents requested should be produced without objection forthwith.

In Requests # 27 and 28, Plaintiff seeks documents related to Plaintiff's Massachusetts Civil Rights Act and Equal Rights Act claims. In Defendant's untimely response, Defendant again claimed that Plaintiff's requests are overbroad, vague, unduly burdensome, unintelligible as written, irrelevant, and sought information made confidential pursuant to G.L. c. 214, § 1B. Again Defendant made no showing as to why. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights. Finally, the material requested is relevant or reasonably calculated to lead to the discovery of admissible evidence in that it may establish a pattern or practice of Defendant violating the Massachusetts Civil Rights Act and or Equal Rights Act. It may also show Defendant's prior knowledge of unlawful conduct of the type Defendant subjected Plaintiff.

In Request # 46, Plaintiff seeks documents related to threatened and or actual discipline for any reason of Defendant's current and *or* former employee(s), agent(s) and or representative(s) whom Defendant is aware had complaint(s) and or concern(s) regarding workplace discrimination, unfair treatment, harassment, retaliation, and or (other) unlawful conduct by Defendant's current and or former employee(s), agent(s) and or representative(s).

In Defendant's untimely objection Defendant claimed that Plaintiff's request is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to G.L.

214, § 1B. Again Defendant made no showing as to why the request is overbroad, vague, irrelevant as required. Simply asserting it is not sufficient. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced, at least in part, the personnel records of Defendant Chase, Karen Morganto, and other employees containing information protected allegedly by G.L. c. 214, § 1B. Finally, the material requested is relevant and reasonably calculated to lead the discovery of admissible evidence in that it may establish a pattern or practice and or prior knowledge of unlawful conduct of the type to which Defendant subjected Plaintiff. Therefore Defendant's objections have been waived and or lack merit and the documents requested should be produced without objection forthwith.

In Request # 49, Plaintiff seeks documents related to complaints filed by Defendant's employee(s) in court and or with an administrative agency alleging any and or all of the statutory and or common law claims contained in Plaintiff's Superior Court, Federal Court, MCAD/EEOC, and or Massachusetts' Attorney General complaints against Defendant. In Defendant's untimely response, Defendant claimed that Plaintiff's request is overbroad, vague, unduly burdensome, irrelevant, and seeks information made confidential pursuant to FMLA, HIPPA, ADA, G.L. c. 111, § 70E, G.L. c. 214, § 1B, and G.L. c. 151B. Again Defendant made no showing as to why. Additionally, the parties have entered into a confidentiality agreement to protect privacy rights and Defendant has produced many documents protected by these statutes. Additionally, by filing complaints in a court or with an administrative agency, and or by producing documents to an adverse party, the parties waive their confidentiality, privilege and privacy interests as allegedly protected by the aforementioned statutes. Furthermore, G.L. c. 151B does not make the fact of a complaint being filed and or the charges therein confidential, and Defendant cites no section of the statute that supports its claim. Finally, the material

requested is relevant or reasonably calculated to lead to the discovery of admissible evidence in that it may help to establish a pattern or practice of Defendant allowing and or ignoring unlawful conduct and or its prior knowledge of unlawful conduct of the type Defendant subjected Plaintiff.

Pursuant to Local Rule 7.1(A)(2) and Local Rule 26.1, on February 17, 2006, January 17, 2006, January 30, 2006, and at various times previously, Plaintiff's counsel met with Defendant's counsel, John Simon, Esq. and or Macon Magee, Esq., for the purpose of discussing these and other discovery disputes for more than 2 ½ hours in a reasonable and good faith effort to resolve and or narrow the issues addressed in this motion. Unfortunately, despite counsels' best efforts, a mutually agreeable resolution to the dispute could not be reached.

Wherefore, in the interests of justice and in the spirit of the rules of discovery, Plaintiff respectfully requests that this Honorable Court order Defendant to produce without objection the documents requested to Plaintiff immediately and to grant Plaintiff such other relief as the Court deems just and appropriate, including but not limited to awarding Plaintiff her attorney's fees and costs of bringing this motion.

February 17, 2006

Respectfully submitted,
ANN MITCHELL
By Her Attorney,

/s/ Alice Whitehill Wiseberg

---

Alice Whitehill Wiseberg
65A Atlantic Avenue, 3rd Floor
Boston, MA 02110
(617) 304-3848
BBO# 568027