UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANN MITCHELL, \*
    Plaintiff \*
     \*
v. \* CIVIL ACTION NO. 04-CV-12169-REK
     \*
HALLMARK HEALTH SYSTEMS/ \*
LAWRENCE MEMORIAL HOSPITAL \*
JULIE CHASE SHAUGHNESSY \*
    Defendants \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COUNSEL'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

I, Alice Whitehill Wiseberg, hereby swear and aver that the following is true and correct to the best of my knowledge and belief:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts.

2. I represent Plaintiff in the instant matter.

3. On or about July 8, 2005 I served Requests for Production of Documents on both Defendants.

4. Defendant did not serve its responses to Plaintiff's requests on Plaintiff until January 19, 2006, more than 6 ½ months after Plaintiff served her requests on Defendant and despite numerous representations by Defendants' counsel, none of which were fulfilled, that he would respond to Plaintiff's documents requests by various dates.

5. Counsel for Plaintiff and Defendant had no agreement, oral or written, to extend the time for filing responses and or objections until January 19, 2006.

6. Plaintiff's counsel believes that the documents requested exist, either because she has seen some of the documents requested for some similarly situated employees (e.g. time cards), and or because they are the type of document kept in the normal course of Defendant's business.

7. Plaintiff maintains that Defendant has waived its objections.

8. Plaintiff believes that the allowance of this motion is consistent with the purpose of the discovery rules and that in the interests of justice that Plaintiff's motion should be allowed.

Signed under the pains and penalties of perjury this the 18th day of February 2006.

/s/ Alice Whitehill Wiseberg

Alice Whitehill Wiseberg