UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR 15 P 1:56

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*****************************************
ANN MITCHELL,                           *
            Plaintiff                   *
                                        *
v.                                      *   CIVIL ACTION NO. 04-CV-12169-REK
                                        *
HALLMARK HEALTH SYSTEMS/                *
LAWRENCE MEMORIAL HOSPITAL              *
JULIE CHASE SHAUGHNESSY                 *
            Defendants                  *
*****************************************
```

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1(A)(2) AND 26.1

I hereby certify, pursuant to Local Rule 7.1(A)(2) and Local Rule 26.1, that on March 15, 2006 I conferred via telephone with Defendant's counsel, John Simon, and we discussed this discovery dispute for approximately four minutes in a reasonable and good faith effort to resolve and or narrow the issues addressed in this motion. Unfortunately, despite counsels' best efforts, a mutually agreeable resolution to the dispute could not be reached.

_____
Alice Whitehill Wiseberg

### RULE 7.1    MOTION PRACTICE

(a) **Control of Motion Practice.**

(1) *Plan for the Disposition of Motions.* At the earliest practicable time, the judicial officer shall establish a framework for the disposition of motions, which, at the discretion of the judicial officer, may include specific deadlines or general time guidelines for filing motions. This framework may be amended from time to time by the judicial officer as required by the progress of the case.

(2) *Motion Practice.* No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

(3) *Unresolved Motions.* The court shall rule on motions as soon as practicable, having in mind the reporting requirements set forth in the Civil Justice Reform Act.

(b) **Submission of Motion and Opposition to Motion.**

(1) *Submission of Motion.* A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

(2) *Submission of Opposition to a Motion.* A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion, unless another period is fixed by rule or statute, or by order of the court, and in the same (rather than a separate), document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted. Affidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition. The fourteen day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails.

(3) *Additional Papers.* All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court.

(4) *Length of Memoranda.* Memoranda supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double-spaced.

(c) **Service.** All papers filed pursuant to section (b) shall be served unless the moving party indicates in writing on the face of the motion that ex parte consideration is requested. Motions filed "ex parte" and related papers need not be served until the motion has been ruled upon or the court orders that service be made.

(d) **Request for Hearing.** Any party making or opposing a motion who believes that oral argument may assist the court and wishes to be heard shall include a request for oral argument in a separate paragraph of the motion or opposition. The request should be set off with a centered caption, "REQUEST FOR ORAL ARGUMENT."

**(e) Hearing.** If the court concludes that there should be a hearing on a motion, the motion will be set down for hearing at such time as the court determines.

**(f) Decision of Motion Without Hearing.** Motions that are not set down for hearing as provided in subsection (e) will be decided on the papers submitted after an opposition to the motion has been filed, or, if no opposition is filed, after the time for filing an opposition has elapsed.

*Effective September 1, 1990; amended effective October 1, 1992.*

158 of 161 DOCUMENTS

MASSACHUSETTS COURT RULES

\* THIS DOCUMENT REFLECTS ALL CHANGES RECEIVED AS OF DECEMBER 31, 2004 \*

LOCAL RULES
U.S. DISTRICT COURT DISTRICT OF MASSACHUSETTS

D. Mass. LR 37.1 (2004)

Rule 37.1 Discovery Disputes

(a) Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences maybe conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

(b) If (I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (a), (II) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (III) if disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with. The memorandum shall state with particularity the following:

   (1) If a discovery conference was not held, the reasons why it was not;

   (2) If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;

   (3) The nature of the case and the facts relevant to the discovery matters to be decided;

   (4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and

   (5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

   **(c) The opposing party may respond to the memorandum within fourteen (14) calendar days after service thereof. The response, if any, shall conform to the requirements of subdivision (b)(5) of this Rule.**